eCourts Civil Case Jacket                                                                                    10/15/21, 12:21 PM

Judiciary eCourts System - Civil Part

- Home
- Help
- Logout

CASE JACKET
User:BARUCH GOTTESMAN

Docket Number:  BER L 003841 - 21

Back                                                                        Create Summary Report

Case Caption: Gruenbaum Tamar Vs Ackerman Shanalee

| | | |
|---|---|---|
| Court: Civil Part | Venue: Bergen | Case Initiation Date: 06/14/2021 |
| Case Type: Contract/Commercial Transaction | Case Status: Active | Jury Demand: 12 Jurors |
| Case Track: 2 | Judge: Robert C Wilson | Team: 2 |
| # of Discovery Days: 300 | Age of Case: 00 YR 04 MO | Consolidated Case: Y |
| Original Discovery End Date: | Current Discovery End Date: | # of DED Extensions: 0 |
| Original Arbitration Date: | Current Arbitration Date: | # of Arb Adjournments: 0 |
| Original Trial Date: | Current Trial Date: | # of Trial Date Adjournments: 0 |
| Disposition Date: | Case Disposition: Open | Statewide Lien: |

| Plaintiffs (2) | Defendants (2) | Case Proceedings (2) | ACMS Documents (15) | Fees (15) |

Tamar Gruenbaum Dds,Llc      AKA

Tamar Gruenbaum

**Case Actions**

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 06/14/2021 | | Complaint with Jury Demand for BER-L-003841-21 submitted by GARBER, BENJAMIN ALEX, BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM, TAMAR GRUENBAUM DDS, LLC against SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT | LCV20211437651 | 06/15/2021 |
| 06/15/2021 | | **CLERK NOTICE**: re: Complaint [LCV20211437651] -The data entered in eCourts (data) does not match the information contained in the document(s). In order to correct data, a motion must be made pursuant to R. 1:5-6. | LCV20211439038 | 06/15/2021 |
| 06/15/2021 | | **CLERK NOTICE**: re: Complaint [LCV20211437651] -Please be advised that ACMS has been updated to reflect DTC as indicated on the complaint. | LCV20211439040 | 06/15/2021 |
| 06/16/2021 | | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20211447464 | 06/16/2021 |
| 07/09/2021 | | AFFIDAVIT OF SERVICE submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against SHANALEE ACKERMAN | LCV20211625225 | 07/09/2021 |
| 07/09/2021 | | AFFIDAVIT OF SERVICE submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against ACKERMAN PRACTICE MANAGEMENT | LCV20211625242 | 07/09/2021 |
| 07/30/2021 | | REQUEST FOR DEFAULT submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT | LCV20211777976 | 07/30/2021 |
| 08/04/2021 | | AFFIDAVIT OF DILIGENT INQUIRY submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM against SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT | LCV20211818732 | 08/04/2021 |
| 08/17/2021 | | Default has been entered against the following party/parties: SHANALEE ACKERMAN | LCV20211909965 | 08/17/2021 |
| 08/17/2021 | | Default has been entered against the following party/parties: ACKERMAN PRACTICE MA | LCV20211909966 | 08/17/2021 |

eCourts Civil Case Jacket                                                                                     10/15/21, 12:21 PM

| | | | |
|---|---|---|---|
| | | NAGEMENT | |
| 08/18/2021 | | MOTION ENTERING DEFAULT JUDGMENT submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT *LINKED FILING* | LCV20211916798 08/18/2021 |
| 08/19/2021 | | The motion filed on 08/18/2021 will be decided on 09/10/2021. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION ENTERING DEFAULT JUDGMENT [LCV20211916798] | LCV20211922589 08/19/2021 |
| 09/01/2021 | | OPPOSITION TO MOTION submitted by GOTTESMAN, BARUCH, S of BARUCH S. GOTTESMAN, ESQ. on behalf of SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT against TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM *LINKED FILING* | LCV20212032675 09/01/2021 |
| 09/01/2021 | | OPPOSITION TO MOTION submitted by GOTTESMAN, BARUCH, S of BARUCH S. GOTTESMAN, ESQ. on behalf of SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT against TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM *LINKED FILING* | LCV20212032679 09/01/2021 |
| 09/02/2021 | | MOTION TO CONSOLIDATE CASES submitted by GOTTESMAN, BARUCH, S of BARUCH S. GOTTESMAN, ESQ. on behalf of SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT against TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM *LINKED FILING* | LCV20212039606 09/02/2021 |
| 09/03/2021 | | The motion filed on 09/02/2021 will be decided on 09/24/2021. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO CONSOLIDATE CASES [LCV20212039606] | LCV20212047670 09/03/2021 |
| 09/07/2021 | | REPLY BRIEF submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT *LINKED FILING* | LCV20212068200 09/07/2021 |
| 09/10/2021 | | Order To Enter Judgment - GRANTED by Judge WILSON, ROBERT, C | LCV20212099230 09/10/2021 |
| 09/10/2021 | | ORDER ENTERING DEFAULT JUDGMENT-Denied by Judge WILSON, ROBERT, C re: MOTION ENTERING DEFAULT JUDGMENT [LCV20211916798] | LCV20212152305 09/16/2021 |
| 09/16/2021 | | OPPOSITION TO MOTION submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT *LINKED FILING* | LCV20212149907 09/16/2021 |
| 10/07/2021 | | AFFIDAVIT OF SERVICE submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM against SHANALEE ACKERMAN | LCV20212344172 10/07/2021 |
| 10/07/2021 | | AFFIDAVIT OF SERVICE submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against ACKERMAN PRACTICE MANAGEMENT | LCV20212344440 10/07/2021 |

Showing 1 to 22 of 22 entries

- Screen ID : ECCV3000
- © Copyright NJ Judiciary 2016

BUILD: CivilCaseJacket_2021.1.0.3.2

## SUMMONS

Attorney(s) __Benjamin A. Garber, Esq. / ID#011382009__

Office Address __Braverman Kaskey Garber PC__

Town, State, Zip Code __One Liberty Place, 56th Floor__

__Philadelphia, PA 19103__

Telephone Number __215-575-3800__

Attorney(s) for Plaintiff __Tamar Gruenbaum et al__

__Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC__

__d/b/a Ridgewood Valley Pediatric Dentistry,__

Plaintiff(s)

vs.

__Shanalee Ackerman and__

__Ackerman Practice Management, LLC__

Defendant(s)

## Superior Court of New Jersey

__Bergen__ County

__Law__ Division

Docket No: _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

__/s/ Michelle M. Smith__

Clerk of the Superior Court

DATED: __June 14, 2021__

Name of Defendant to Be Served: __Shanalee Ackerman__

Address of Defendant to Be Served: __1775 York Ave., #32A, New York, NY 10128__

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** 385 S Maple Ave, #107 Glen Rock, NJ 07452 *Plaintiffs*, v. **SHANALEE ACKERMAN** 1775 York Avenue, #32A New York, NY 10128; and **ACKERMAN PRACTICE MANAGEMENT, LLC,** 13867 Jeremiah Road Jacksonville, FL 32224, *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** Docket No. _____ **COMPLAINT AND JURY DEMAND DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATIONS UNDER RULES 1:38-7(b) and 4:5-1** |

Plaintiffs Tamar Gruenbaum, DDS ("Dr. Gruenbaum") and Tamar

Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry (the "Practice"),

by and through their undersigned counsel, brings this Complaint against

defendants Shanalee Ackerman ("Ackerman") and Ackerman Practice Management,

LLC ("APM"), as follows:

## PRELIMINARY STATEMENT

1.    Dr. Gruenbaum is the owner of a local pediatric dental practice.  This action arises from defendants' fraud, breaches of contract, and other unlawful conduct perpetrated against plaintiffs in connection with a services contract (the "Agreement"), pursuant to which, *inter alia*, defendants agreed to provide management and consulting related services to plaintiffs.

2.    Specifically, pursuant to the Agreement and otherwise, defendants were required to provide expert guidance on a variety of issues including, without limitation, Practice finances and marketing, team structure, clinical protocols, business decisions and protocols, insurance billing and practices, and case acceptance systems.

3.    As alleged herein, Ackerman first procured the Agreement through fraud by misrepresenting her and APM's credentials and expertise to Dr. Gruenbaum, and then failed to provide the services required under the Agreement and breached their common law obligations owed to plaintiffs.

4.    Defendants' acts and omissions, as alleged herein, have, and continue to cause substantial financial harm to plaintiffs and give rise to the claims asserted herein for breach of contract, breach of fiduciary duty, fraud, conversion, and unjust enrichment, among others.

## PARTIES

5.      Dr. Gruenbaum is an adult individual with a business address of 385 S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

6.      Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry is a New Jersey limited liability company with an address of 385 S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

7.      Ackerman is an adult individual with an address at 1775 York Avenue, #32A, New York, New York 10128.

8.      Upon information and belief, Ackerman also has an address of 104 West Oak Highway, Westminster, Fl 29697.

9.      APM is a Florida corporation with a registered address of 13867 Jeremiah Road, Jacksonville, FL 32224.

10.     At all times material hereto, Ackerman has been a shareholder, officer, director, principal, and agent of APM.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to N.J. Const. Art. VI § III.

12.     This Court has personal jurisdiction over all of the parties, as each party resides in, conducts business in or has its principal place of business in New Jersey, and the actions described herein occurred in New Jersey.

13.     Venue is appropriate in this Court pursuant to NJ Court Rules 4:3-1(a)(5) and 4:3-2(a).

3

## FACTS

### Background

14.     Dr. Gruenbaum grew up in Teaneck, New Jersey and earned her D.D.S. from Columbia University College of Dental Medicine.

15.     Dr. Gruenbaum completed a general practice residency at Montefiore Medical Center in Bronx, New York.

16.     Dr. Gruenbaum did her post-graduate training in pediatric dentistry at Maimonides Medical Center in Brooklyn, New York, where she served as chief resident during her second year.

17.     Dr. Gruenbaum is a member of the AAPD and is board certified by the American Board of Pediatric Dentistry.

18.     Dr. Gruenbaum is the owner of the Practice, which provides comprehensive dental care to children from infancy through their teenage years.

19.     Dr. Tamar Gruenbaum, DDS, owns dental practice Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry.

20.     Ackerman holds herself out as an expert business consultant in the healthcare arena.

21.     Ackerman is believed to be the Founder and CEO of APM.

22.     In 2017, plaintiffs retained defendants to provide management and consulting related services.

23.     As part of plaintiffs' retention of defendants' services, the parties

4

entered into a services contract—i.e., the Agreement.[1]

## Defendants' Fraud and Unlawful Conduct

24.     Plaintiff retained defendants based upon Ackerman's representations touting her skills, acumen, credentials, qualifications, and abilities as an expert business consultant in the healthcare arena.

25.     Ackerman also misrepresented the credentials, qualifications, and abilities of APM.

26.     Ackerman represented that APM was a successful ongoing business when, in reality, it was not even registered as an active company with the State of New York during her engagement with the Practice.

27.     Ackerman misrepresented to Dr. Gruenbaum her successes improving dental practices like Dr. Gruenbaum's practice.

28.     The Agreement required defendants to provide services to plaintiffs in exchange for compensation.

29.     Among other things, pursuant to the Agreement, defendants were required to, *inter alia*, provide plaintiffs with expert guidance on a variety of issues, including finances and marketing, team structure, clinical protocols, business decisions and protocols, insurance billing and practices, and case acceptance systems.

---

[1] Despite diligent inquiry, plaintiffs are not presently in possession of an executed copy of the Agreement.  By letter dated May 13, 2021, plaintiffs made demand upon defendants for a copy of the same.  As of the filing of this Complaint, defendants have not responded to plaintiffs' letter or demand for the Agreement.

30.     Defendants, however, failed to provide the services required under the Agreement and to act in accordance with their common law obligations to plaintiffs.

31.     Ackerman exceeded the scope of her engagement by botching the Practice's insurance participation and insurance billing protocols.

32.     Ackerman indicated in insurance billing entries, and instructed others to also indicate, that the Practice was in-network with Delta Dental PPO.

33.     Ackerman retroactively modified numerous insurance billing entries dated between February 2018 and March 2018 to reflect Delta Dental PPO coverage.

34.     Ackerman knew, should have known, or recklessly ignored that the Practice's contract was with Delta Dental's Premier coverage only—not PPO.

35.     Ackerman also incorrectly entered Aetna insurance billing codes.

36.     Realizing her mistake and attempting to cover it up, Ackerman gained access to the Practice's billing software without authorization and deleted the entire archive.

37.     As a result of her insurance and billing related indiscretions, Ackerman caused the practice to incur substantial monetary losses.

38.     Ackerman was required to collaborate with Dr. Gruenbaum and guide her in decision-making pertaining to the Practice.  However, Ackerman failed to do so.

39.     Instead, Ackerman took actions that were beyond the scope of the Agreement and/or without Dr. Gruenbaum's authorization.

6

40.     Ackerman duped Dr. Gruenbaum into changing the Practice's third-party vendors to those of her recommendation claiming that the Practice would gain additional value by switching to her recommended vendors.

41.     Based on Ackerman's recommendations and false representations, Dr. Gruenbaum agreed to change vendors for accounting and tax services, technology services, and insurance negotiation services.

42.     Ackerman recommended these vendors despite having knowledge of their incompetence.

43.     Ackerman recommended these vendors for the purposes of her own financial benefit.

44.     One of the most egregious examples being Ackerman's recommendation of an accounting firm, Levine & Associates LLC, whose services were deficient and have resulted in IRS scrutiny and in connection with which plaintiffs have suffered financial losses, fees, costs, expenses, and penalties.

45.     Ackerman was required to engage in an appropriate level of interaction with Practice staff for training and team building purposes.  Ackerman entirely failed to interact with them appropriately.

46.     During onsite visits, Ackerman did not make herself available to Practice staff and instead did work for and took phone calls from other clients.

47.     Ackerman also harassed and abused staff, exposing the Practice to employment related claims.

7

48.     Ackerman exaggerated her position of authority in the Practice to third parties.  This included representing herself as "Practice Manager".

49.     Ackerman illicitly gained access to confidential information of the Practice.

50.     She established herself as a provider in the Practice's insurance billing system, obtained access to business and personal credit cards and bank accounts, and obtained keys to the office and to the security camera system.  Ackerman had no authority to undertake any such action.

51.     Ackerman failed to appropriately monitor billing and to timely collect outstanding balances.

52.     When Ackerman did set out to collect outstanding balances, her conduct was aggressive and off-putting, causing significant patient attrition.

53.     Ackerman caused Dr. Gruenbaum to sign up for the review system "BirdEye" which Dr. Gruenbaum paid for only to subsequently learn that the Practice had never actually been signed up by Ackerman and instead she had been paying for the service for one of Ackerman's other clients.

54.     Because of defendants' actions, the Practice's performance declined substantially, revenues decreased, overheard and other costs increased, and plaintiffs incurred unnecessary financial losses.

55.     Defendants failed to enhance the Practice's business and did nothing to help market the Practice.

56.     As a result of defendants' acts and omissions, plaintiffs have suffered emotional distress and substantial monetary harm, including lost profits, loss of goodwill, and out-of-pocket expenses, fees, and costs.

57.     Defendants have been unjustly enriched, having received not less than approximately $70,000 in connection with the Agreement.

<div align="center">

## COUNT I
## BREACH OF CONTRACT

</div>

58.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

59.     Plaintiffs and defendants are parties to a valid and enforceable contract, i.e., the Agreement.

60.     Plaintiffs have performed under the Agreement.

61.     By doing the things alleged herein, defendants have materially breached his Agreement.

62.     As a direct, proximate, and foreseeable result of defendants' breaches of contract, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

<div align="center">

## COUNT II
## BREACH OF GOOD FAITH AND FAIR DEALING

</div>

63.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

<div align="center">9</div>

64.     By doing the things alleged herein, defendants have breached the duty of good faith and fair dealing owed to plaintiffs.

65.     As a direct, proximate, and foreseeable result of defendants' breaches of good faith and fair dealing, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

<div align="center">

**COUNT III**
**BREACH OF FIDUCIARY DUTY**

</div>

66.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

67.     Under New Jersey law, a fiduciary relationship exists when one party is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.

68.     By virtue of the parties' relationship, defendants owed fiduciary duties to the plaintiffs.

69.     By doing the things alleged herein, defendants have breached their fiduciary duties of care and loyalty to plaintiffs.

70.     As a direct, proximate, and foreseeable result of defendants' breaches of fiduciary duty, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT IV
## CONVERSION

71.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

72.     By doing the things alleged herein, defendants converted the time, money, resources, and other assets of the plaintiffs without privilege or authorization and for their own improper purposes.

73.     As a direct, proximate, and foreseeable result of defendants' conversion, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT V
## UNJUST ENRICHMENT

74.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

75.     Defendants have and continue to benefit from their receipt of the benefits and other compensation paid to them by the plaintiffs.

76.     Defendants' retention of said benefits constitutes unjust enrichment.

77.     Accordingly, the Court should require defendants to return the benefits bestowed upon them by the plaintiffs to the plaintiffs.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT VI
## FRAUD/FRAUDULENT CONCEALMENT

78.    Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

79.    Defendants knowingly misrepresented the truth and/or concealed material facts to induce plaintiffs to act to their detriment.

80.    As alleged herein, defendants misrepresented to Dr. Gruenbaum that Ackerman was a qualified, experienced, competent, and diligent professional.

81.    Reasonably relying on these misrepresentations, plaintiffs retained defendants' services.

82.    Reasonably relying on these misrepresentations, plaintiffs retained entered into the Agreement.

83.    Additionally, defendants knowingly and intentionally concealed their misconduct from plaintiffs for purposes of preventing them from uncovering the truth of the same and continuing to reap the benefits that plaintiffs bestowed upon them.

84.    As a direct, proximate, and foreseeable result of defendants' fraud and fraudulent concealment, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT VII
## NEGLIGENCE

85.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

86.     Defendants owed plaintiffs a duty of care as an alleged healthcare consultant.

87.     By doing the things alleged herein, defendants breached their duty of care, acted negligently, and otherwise deviated from the acceptable professional standards attendant to an alleged healthcare consultant.

88.     As a direct, proximate, and foreseeable result of defendants' negligence, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(i)     compensatory and consequential damages in an amount to be determined at trial, against defendants, individually and/or jointly and severally as appropriate;

(ii)    punitive damages;

(iii)   reasonable attorney's fees and costs;

(iv)    pre- and post-judgment interest at the highest legal rate; and

(v)     for such other and further relief as the Court may deem equitable, just, and proper, including the award of costs and expenses incurred by plaintiffs in this action.

## JURY DEMAND

Plaintiffs demand trial by a jury of twelve on all of the triable issues of this Complaint, pursuant to NJ Court Rules 1:8-2(b) and 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to NJ Court Rule 4:25-4, plaintiffs hereby designate Benjamin A. Garber, Esq. as trial counsel in this matter.

## CERTIFICATIONS

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding and no other Court action or arbitration proceeding is contemplated. There is presently pending one other action, at Docket No. C-154-19, in which one or more of the parties to this action assert matters other than the matter in controversy herein.

Other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Respectfully submitted,

Dated: June 14, 2021 **BRAVERMAN KASKEY GARBER PC**

BY: */s/ Benjamin A. Garber*
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

## SUMMONS

Attorney(s)  Benjamin A. Garber, Esq. / ID#011382009

Office Address  Braverman Kaskey Garber PC

Town, State, Zip Code  One Liberty Place, 56th Floor

  Philadelphia, PA 19103

Telephone Number  215-575-3800

Attorney(s) for Plaintiff  Tamar Gruenbaum et al

 Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC

 d/b/a Ridgewood Valley Pediatric Dentistry,
            Plaintiff(s)

        vs.

 Shanalee Ackerman and

  Ackerman Practice Management, LLC
        Defendant(s)

### Superior Court of New Jersey

_____Bergen_____ County

_____Law_____ Division

Docket No: _____

### CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                    /s/ Michelle M. Smith
                    Clerk of the Superior Court

DATED:  June 14, 2021

Name of Defendant to Be Served:     Ackerman Practice Management LLC c/o Shanalee Ackerman

Address of Defendant to Be Served:   1775 York Ave., #32A, New York, NY 10128

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003841-21

**Case Caption:** GRUENBAUM TAMAR VS ACKERMAN SHANALEE

**Case Initiation Date:** 06/14/2021

**Attorney Name:** BENJAMIN ALEX GARBER

**Firm Name:** BRAVERMAN KASKEY PC

**Address:** 1650 MARKET STREET 56TH FL ONE LIBERTY PLACE

PHILADELPHIA PA 191037334

**Phone:** 2155753800

**Name of Party:** PLAINTIFF : Gruenbaum, Tamar

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** NJ eCourts Case Initiation Confirmation

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Tamar Gruenbaum?** NO

**Are sexual abuse claims alleged by: Tamar Gruenbaum DDS, LLC?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/14/2021                                                          /s/ BENJAMIN ALEX GARBER
Dated                                                                      Signed

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   JUNE 15, 2021
                        RE:     GRUENBAUM TAMAR  VS ACKERMAN SHANALEE
                        DOCKET: BER L -003841 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT C. WILSON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                              ATT: BENJAMIN A. GARBER
                              BRAVERMAN KASKEY PC
                              1650 MARKET STREET 56TH FL
                              ONE LIBERTY PLACE
                              PHILADELPHIA      PA 19103-7334


ECOURTS

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. BER-L-003841-21** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON SHANALEE ACKERMAN** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6089), return receipt requested, postage prepaid, to defendant Shanalee Ackerman ("Defendant") at her residence located at 1775 York Avenue, #32A, New York, New York 10128.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Defendant's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Domenic Marano*
Domenic J. Marano, Paralegal

Dated: July 9, 2021              **BRAVERMAN KASKEY GARBER PC**

BY:    */s/ Benjamin A. Garber*
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

# EXHIBIT   A



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

PITNEY BOWES

02  1P          $ 000.00⁰
0002755675    JUN 21  2021
MAILED FROM ZIP CODE 19103

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees   $

Sent To  *Shumekk Ackerman*

Street, Apt. No.;
or PO Box No.  *1775 York Ave, #32A*

City, State, ZIP+4  *New York, NY   10128*

PS Form 3800, August 2006                    See Reverse for Instructions

# EXHIBIT   B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*SHANALEE ACKERMAN*
*1775 YORK AVENUE*
*#32A*
*NEW YORK, NY 10128*

9590 9402 4799 8344 4720 74

2. Article Number *(Transfer from service label)*

7013 1710 0000 4816 6089

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

*S. ACKerman*   *6/2/21*

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                   *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** *Plaintiffs,* <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON ACKERMAN PRACTICE MANAGEMENT, LLC** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6096), return receipt requested, postage prepaid, to defendant Ackerman Practice Management, LLC ("Defendant") in care of Shanalee Ackerman at Ms. Ackerman's residence located at 1775 York Avenue, #32A, New York, New York 10128.[1]

---

[1] Ms. Ackerman is believed to be the Founder and CEO of Ackerman Practice Management, LLC.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Ms. Ackerman's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*Domenic Marano*
_____
Domenic J. Marano, Paralegal




Dated: July 9, 2021                    **BRAVERMAN KASKEY GARBER PC**

                                       BY:    */s/ Benjamin A. Garber*
                                       _____
                                       BENJAMIN A. GARBER, ESQUIRE
                                       One Liberty Place- 56th Floor
                                       1650 Market Street
                                       Philadelphia, Pennsylvania 19103
                                       Telephone: (215) 575-3800
                                       Facsimile: (215) 575-3801
                                       *Attorneys for Plaintiffs*

2

# EXHIBIT   A



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES

02 1P    $ 000.00⁰
0002755675    JUN 21 2021
MAILED FROM ZIP CODE 19103

| | |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Ackerman Practice Momt, LLC
Street, Apt No.;
or PO Box No.  Howard Ackerman, 1775 York Ave # 32A
City, State, ZIP+4
New York, NY  10128

PS Form 3800, August 2006    See Reverse for Instructions

7013 1710 0000 4816 6096

# EXHIBIT  B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ACKERMAN PRACTICE MANAGEMENT LLC
C/O SHANALEE ACKERMAN
1775 YORK AVE., #32A
NEW YORK, NY 10128

9590 9402 4799 8344 4720 67

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6096

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
S. Ackerman   6/24/21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs,* <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. BER-L-003841-21** <br><br> **REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC** |

TO:   CLERK OF SUPERIOR COURT OF NEW JERSEY
        Civil Division Case Management Office
        Bergen County Justice Center
        10 Main Street, Room 415
        Hackensack, NJ 07601

        Please enter a default upon defendants Shanalee Ackerman and Ackerman

Practice Management, LLC (collectively, the "defendants") for failure to plead or

otherwise defend as provided by the New Jersey Court Rules.  A Certification in

Support of Default is attached hereto.

                                        Respectfully submitted,

Dated: July 30, 2021                    **BRAVERMAN KASKEY GARBER PC**


                                        BY:  */s/ Benjamin A. Garber*
                                             BENJAMIN A. GARBER, ESQUIRE

One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,**<br>        *Plaintiffs,*<br><br>        v.<br><br>**SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,**<br>        *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY**<br><br>**Docket No. <u>BER-L-003841-21</u>**<br><br>**CERTIFICATION OF BENJAMIN A. GARBER, ESQUIRE IN SUPPORT OF DEFAULT AGAINST DEFENDANTS SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC** |

       BENJAMIN A. GARBER, of full age, being duly sworn hereby certifies as follows:

       1.     I am an attorney at law in the State of New Jersey and a member of the law firm of Braverman Kaskey Garber, P.C.

       2.     I am familiar with the facts and circumstances of the within action.

       3.     The Summons and Complaint in this action were served upon defendants Shanalee Ackerman and Ackerman Practice Management, LLC (collectively, the "defendants") on June 24, 2021, as appears from the Affidavits of Service by U.S. Certified Mail filed and docketed on July 9, 2021. True and correct

court-stamped copies of the Affidavits of Service upon the defendants are attached hereto as **Exhibit A**.

4.      The time within which the defendants may answer or otherwise move as to the Complaint has expired and has not been extended.  Defendants have not answered or otherwise moved as to the Complaint.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: July 30, 2021                          **BRAVERMAN KASKEY GARBER PC**

BY:   */s/ Benjamin A. Garber*
        BENJAMIN A. GARBER, ESQUIRE
        One Liberty Place- 56th Floor
        1650 Market Street
        Philadelphia, Pennsylvania 19103
        Telephone: (215) 575-3800
        Facsimile: (215) 575-3801
        *Attorneys for Plaintiffs*

EXHIBIT   A

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. BER-L-003841-21** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON SHANALEE ACKERMAN** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6089), return receipt requested, postage prepaid, to defendant Shanalee Ackerman ("Defendant") at her residence located at 1775 York Avenue, #32A, New York, New York 10128.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Defendant's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*Domenic Marano*
Domenic J. Marano, Paralegal




Dated: July 9, 2021                                **BRAVERMAN KASKEY GARBER PC**

                              BY:    */s/ Benjamin A. Garber*
                                    BENJAMIN A. GARBER, ESQUIRE
                                    One Liberty Place- 56th Floor
                                    1650 Market Street
                                    Philadelphia, Pennsylvania 19103
                                    Telephone: (215) 575-3800
                                    Facsimile: (215) 575-3801
                                    *Attorneys for Plaintiffs*

# EXHIBIT A



**U.S. Postal Service** ™
**CERTIFIED MAIL** ™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

PITNEY BOWES
02 1P          $ 000.00⁰
0002755675    JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee                                    Postmark
                                                 Here
Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees    $

Sent To  *Shanelle Ackerman*
Street, Apt. No.;  *1775 York Ave., #32A*
or PO Box No.
City, State, ZIP+4  *New York, NY    10128*

PS Form 3800, August 2006          See Reverse for Instructions

# EXHIBIT   B

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) S. ACKerman  C. Date of Delivery 6/24/21 |
| 1. Article Addressed to:<br>SHANALEE ACKERMAN<br>1775 YORK AVENUE<br>#32A<br>NEW YORK, NY 10128 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4799 8344 4720 74 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>ail<br>ail Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7013 1710 0000 4816 6089 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                   *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON ACKERMAN PRACTICE MANAGEMENT, LLC** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6096), return receipt requested, postage prepaid, to defendant Ackerman Practice Management, LLC ("Defendant") in care of Shanalee Ackerman at Ms. Ackerman's residence located at 1775 York Avenue, #32A, New York, New York 10128.[1]

---

[1] Ms. Ackerman is believed to be the Founder and CEO of Ackerman Practice Management, LLC.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Ms. Ackerman's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*Domenic Marano*
_____
Domenic J. Marano, Paralegal




Dated: July 9, 2021                         **BRAVERMAN KASKEY GARBER PC**

                                            BY:    _/s/ Benjamin A. Garber_____
                                                   BENJAMIN A. GARBER, ESQUIRE
                                                   One Liberty Place- 56th Floor
                                                   1650 Market Street
                                                   Philadelphia, Pennsylvania 19103
                                                   Telephone: (215) 575-3800
                                                   Facsimile: (215) 575-3801
                                                   *Attorneys for Plaintiffs*

EXHIBIT   A



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES
$ 000.00⁰
02 1P
0002755675    JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees   $

Sent To   _Ackerman Practice Mgmt, LLC_
Street, Apt No.;   _R/D Bernard Ackerman, 1775 York Ave #32A_
or PO Box No.
City, State, ZIP+4   _New York, NY   10128_

PS Form 3800, August 2006        See Reverse for Instructions

7013 1710 0000 4816 6096

# EXHIBIT  B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ackerman Practice Management LLC
c/o Shanalek Ackerman
1775 York Ave., #32A
New York, NY 10128

9590 9402 4799 8344 4720 67

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)
S. Ackerman

C. Date of Delivery
6/24/4

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7013 1710 0000 4816 6096

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                              *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs,* <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **CERTIFICATION OF NON-MILITARY SERVICE** |

BENJAMIN A. GARBER, of full age, being duly sworn hereby certifies as follows:

1.     I am an attorney at law in the State of New Jersey and a member of the law firm of Braverman Kaskey Garber, P.C.

2.     I am familiar with the facts and circumstances of the within action.

3.     To the best of my knowledge, information and belief, defendants Shanalee Ackerman and Ackerman Practice Management, LLC (collectively, the "defendants") are not in the military service of the United States.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: July 30, 2021                       **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
        BENJAMIN A. GARBER, ESQUIRE
        One Liberty Place- 56th Floor
        1650 Market Street
        Philadelphia, Pennsylvania 19103
        Telephone: (215) 575-3800
        Facsimile: (215) 575-3801
        *Attorneys for Plaintiffs*

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,**<br>            *Plaintiffs*,<br><br>                v.<br><br>**SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,**<br>            *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY**<br><br>Docket No. BER-L-003841-21<br><br>**PROOF OF MAILING** |

        I hereby certify that on the 30th day of July, 2021, a true and correct copy of the foregoing Request for Entry of Default was electronically filed with the Clerk of the Court, is available for viewing and downloading from the Court's electronic filing system (eCourts System-Civil Part), and will be served by U.S. Certified Mail and U.S. First-Class, postage prepaid upon the following:

Shanalee Ackerman
1775 York Avenue
#32A
New York, New York 10128

Ackerman Practice Management LLC
c/o Shanalee Ackerman
1775 York Avenue
#32A
New York, New York 10128

Respectfully submitted,

Dated: July 30, 2021       **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
      BENJAMIN A. GARBER, ESQUIRE
      One Liberty Place- 56th Floor
      1650 Market Street
      Philadelphia, Pennsylvania 19103
      Telephone: (215) 575-3800
      Facsimile: (215) 575-3801
      *Attorneys for Plaintiffs*

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                           *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,**<br>                    *Plaintiffs,*<br><br>                v.<br><br>**SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,**<br>                    *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY**<br><br>**Docket No. <u>BER-L-003841-21</u>**<br><br>**CERTIFICATION OF DILIGENT INQUIRY AS TO DEFENDANTS SHANALEE ACKERMAN AND ACKERMAN PRACTICE MANAGEMENT, LLC** |

BENJAMIN A. GARBER, of full age, upon his Certification, says:

1.      I am an attorney at law of the State of New Jersey, and a member of the law firm of Braverman Kaskey Garber P.C., attorneys for plaintiffs Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry (collectively "Plaintiffs") in the above captioned matter.  I have personal knowledge of the facts contained on this Certification.

2.      I make this Certification pursuant to R. 4:4-4(b)(1), as supplement to and in support of Plaintiffs' Request for Entry of Default filed on July 30, 2021, (ID#LCV20211779776).

3.      On June 16, 2021, I employed the services of Guaranteed Subpoena Service, Inc. ("Guaranteed") to personally hand deliver and serve the summons, track assignment notice, civil case information statement, and complaint (collectively "the papers") upon defendants Shanalee Ackerman and Ackerman Practice Management, LLC (collectively "Defendants") at their last known address at 1775 York Avenue, #32A, New York, New York 10128 (the "premises").  A true and correct copy of my firm's request to Guaranteed is attached hereto as **Exhibit A**.

4.      On June 17, 2021, Guaranteed attempted hand delivery service of the papers upon the Defendants and was unable to do so on account of the doorman to the apartment/condominium building refusing to allow Guaranteed to enter the premises, as well as not calling the Defendants to inform them of the service of the papers by Guaranteed.  True and correct copies of Guaranteed's Affidavits of Attempted Service upon the Defendants are attached hereto as **Exhibit B**.

5.      Subsequently, in accordance with R. 4:4-4(b)(1), Plaintiffs served the papers upon the Defendants by U.S. Certified Mail.  True and correct copies of Affidavits of Service by Certified Mail filed with the Court on July 9, 2021 are attached hereto as **Exhibit C**.

6.      Accordingly, Plaintiffs' request the Court to enter a default upon the Defendants as provided by the New Jersey Court Rules.

2

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: August 4, 2021       **BRAVERMAN KASKEY GARBER PC**

BY: */s/ Benjamin A. Garber*
      BENJAMIN A. GARBER, ESQUIRE
      One Liberty Place- 56th Floor
      1650 Market Street
      Philadelphia, Pennsylvania 19103
      Telephone: (215) 575-3800
      Facsimile: (215) 575-3801
      *Attorneys for Plaintiffs*

# EXHIBIT   A

| From: | Domenic Marano |
|---|---|
| To: | "Legal@Served.com" |
| Subject: | RE: 24 TO 48 HOUR RUSH |
| Date: | Wednesday, June 16, 2021 8:57:00 AM |
| Attachments: | Ackerman Complaint SERVICE COPY (Shanalee Ackerman) 061421.pdf |
| | Ackerman Complaint SERVICE COPY (Ackerman Practice Management LLC) 061421.pdf |
| Importance: | High |

June 16, 2021

**Tamar Gruenbaum et al. v. Shanalee Ackerman et al.**
**New Jersey Superior Court, Bergen County**
**Docket No. BER-L-003841-21**

ATTENTION: SANDY – OUT-OF-STATE SERVICE

As discussed, I am attaching 2 copies of a New Jersey Superior Court
Complaint to be served upon defendants 1) Shanalee Ackerman and 2)
Ackerman Practice Management, LLC.

The addresses for both defendants (shown on the summonses) is the same
for service -

1775 York Avenue
#32A
New York, New York 10128

Each attachment contains a summons per defendant, track assignment
notice, civil case information statement, and the complaint.

**We would like 24 to 48 hour service for each defendant.**

Please provide me with status updates as much as you can.

My contact information follows.

Thanks again.

Dom.

**Domenic Marano**
Paralegal
d 215.575.3805 / c 856.304.3746



One Liberty Place, 56th Floor
1650 Market Street

Philadelphia, PA 19103-7334
p 215.575.3800 / f 215.575.3801
**braverlaw.com**

# EXHIBIT   B

BRAVERMAN KASKEY, PC.-PA



# SUPERIOR COURT OF NJ
# COUNTY OF BERGEN

**AFFIDAVIT OF ATTEMPTED SERVICE**

*1269987*

Index no : **BER L 3841 21**
Office No: 20210616092544
N/A

| Plaintiff: | **TAMAR GRUENBAUM, ET AL** |
| Defendant: | **SHANALEE ACKERMAN, ET AL** |

STATE OF NEW YORK COUNTY OF NASSAU     ss.:
I (Wilson P Pastoriza) being duly sworn deposes and says I am over the age of 18 and reside in New York State

On **06/17/2021** at **3:27 PM**, I was unable to effect service of the **SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, PRAYER FOR RELIEF, CERTIFICATION** on **SHANALEE ACKERMAN** at **1775 YORK AVENUE #32A, NEW YORK, NY10128** for the reason(s) indicated below:

**AS PER DOORMAN NO ONE IS ALLOWED UP. REFUSED TO CALL OR CONFIRM RECIPIENT-M-W-GRAY-55-5'6-150**

Sworn to and subscribed before me on
06/23/2021



Martine Pierre
Notary Public, State of New York
No. 01PI6387004
Commissioned in Nassau County
Commission Expires 2/4/2023

X _____
Wilson P Pastoriza
License#: 1470737
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
SUITE 101
UNION,NJ 07083
908-687-0056
Clerk: Jazmin Patino

BRAVERMAN KASKEY, PC.-PA

# SUPERIOR COURT OF NJ
# COUNTY OF BERGEN

### AFFIDAVIT OF ATTEMPTED SERVICE



*1269986*

Index no : **BER L 3841 21**
Office No: 20210616091903
N/A

| Plaintiff: | **TAMAR GRUENBAUM, ET AL** |
| Defendant: | **SHANALEE ACKERMAN, ET AL** |

STATE OF NEW YORK COUNTY OF NASSAU        ss.:
I (Wilson P Pastoriza) being duly sworn deposes and says I am over the age of 18 and reside in New York State

On **06/17/2021** at **3:27 PM**, I was unable to effect service of the **SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, PRAYER FOR RELIEF, CERTIFICATION** on **ACKERMAN PRACTICE MANAGEMENT, C/O SHANALEE ACKERMAN** at **1775 YORK AVENUE #32A, NEW YORK, NY10128** for the reason(s) indicated below:

**AS PER DOORMAN NO ONE IS ALLOWED UP. REFUSED TO CALL OR CONFIRM RECIPIENT-M-W-GRAY-55-5'6-150**

Sworn to and subscribed before me on
06/23/2021



Martine Pierre
Notary Public, State of New York
No. 01PI6387004
Commissioned in Nassau County
Commission Expires 2/4/2023

X _____
Wilson P Pastoriza
License#: 1470737
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
SUITE 101
UNION,NJ 07083
908-687-0056
Clerk: Jazmin Patino

EXHIBIT   C

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                  *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs,* <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. BER-L-003841-21** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON SHANALEE ACKERMAN** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6089), return receipt requested, postage prepaid, to defendant Shanalee Ackerman ("Defendant") at her residence located at 1775 York Avenue, #32A, New York, New York 10128.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Defendant's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*Domenic Marano*
Domenic J. Marano, Paralegal


Dated: July 9, 2021                     **BRAVERMAN KASKEY GARBER PC**

                         BY:    */s/ Benjamin A. Garber*
                                BENJAMIN A. GARBER, ESQUIRE
                                One Liberty Place- 56th Floor
                                1650 Market Street
                                Philadelphia, Pennsylvania 19103
                                Telephone: (215) 575-3800
                                Facsimile: (215) 575-3801
                                *Attorneys for Plaintiffs*

2

# EXHIBIT A



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

PITNEY BOWES
$ 000.00⁰
02 1P
0002755675   JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees   $

Sent To  *Shanpell Ackerman*
Street, Apt. No.;
or PO Box No.  *1775 York Ave.,  32A*
City, State, ZIP+4  *New York, NY   10128*

7013 1710 0000 4816 6089

PS Form 3800, August 2006          See Reverse for Instructions

EXHIBIT   B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SHANALEE ACKERMAN
1775 YORK AVENUE
#32A
NEW YORK, NY 10128

9590 9402 4799 8344 4720 74

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6089

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
S. ACKerman   6/2/21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                  *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON ACKERMAN PRACTICE MANAGEMENT, LLC** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6096), return receipt requested, postage prepaid, to defendant Ackerman Practice Management, LLC ("Defendant") in care of Shanalee Ackerman at Ms. Ackerman's residence located at 1775 York Avenue, #32A, New York, New York 10128.[1]

---

[1] Ms. Ackerman is believed to be the Founder and CEO of Ackerman Practice Management, LLC.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Ms. Ackerman's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*Domenic Marano*
Domenic J. Marano, Paralegal


Dated: July 9, 2021                          **BRAVERMAN KASKEY GARBER PC**

BY:     */s/ Benjamin A. Garber*
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

2

# EXHIBIT  A



**U.S. Postal Service** ™
**CERTIFIED MAIL** ™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES

02 1P        **$ 000.00⁰**
0002755675        JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee

Return Receipt Fee
(Endorsement Required)

Postmark
Here

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees    $

7013 1710 0000 4816 6096

Sent To
Ackerman Practice Mgmt, LLC
Street, Apt No.;
or PO Box No. Rushabh Ackerman, 1775 York Ave #32A
City, State, ZIP+4
New York, NY 10128

PS Form 3800, August 2006        See Reverse for Instructions

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ackerman Practice Management
LLC
C/O Shanalee Ackerman
1775 York Ave., #32A
New York, NY 10128

9590 9402 4799 8344 4720 67

2. Article Number *(Transfer from service label)*

7013 1710 0000 4816 6096

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

S. Ackerman    6/24/21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, <br><br> *Plaintiffs*, <br><br> v. <br><br> SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC, <br><br> *Defendants*. | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY <br><br> Docket No. <u>BER-L-003841-21</u> <br><br> NOTICE OF MOTION FOR ENTRY OF DEFAULT JUDGMENT |

**TO:**   Shanalee Ackerman
        Ackerman Practice Management LLC
        c/o Shanalee Ackerman
        1775 York Avenue, #32A
        New York, New York 10128

   **PLEASE TAKE NOTICE** that the undersigned counsel for Plaintiffs, will

apply to the Superior Court of New Jersey, Bergen County, 10 Main St,

Hackensack, NJ 07601, New Jersey on September 10, 2021, at 9:00 a.m. or as soon

thereafter as counsel can be heard, for an Order entering default judgment

pursuant to R. 4:43-2(a) against defendants Shanalee Ackerman and Ackerman

Practice Management, LLC.

PLEASE TAKE FURTHER NOTICE, that in support of their Motion, plaintiffs shall rely upon the Certification of Amount Due and Non-Military Service of Tamar Gruenbaum, and Certification of Benjamin A. Garber, Esquire.  A proposed form of Order is submitted.

PLEASE TAKE FURTHER NOTICE that pursuant to R. 1: 6-2(d) the undersigned waives oral argument.

PLEASE TAKE FURTHER NOTICE that the relief requested may be granted unless opposition papers are timely filed and served upon counsel for plaintiffs no later than 8 days before the return date of the motion unless the court relaxes that time.

Respectfully submitted,

Dated: August 18, 2021

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
_Attorneys for Plaintiffs_

## CERTIFICATION OF SERVICE

I hereby certify that on the date below, the within Notice of Motion, Certification of Amount Due and Non-Military Service of Tamar Gruenbaum, Certification of Benjamin A. Garber, Esquire, and proposed form of Order were filed and served by U.S. Certified Mail and U.S. First-Class Mail, postage prepaid, upon the following defendants:

Shanalee Ackerman
1775 York Avenue, #32A
New York, New York 10128

Ackerman Practice Management LLC
c/o Shanalee Ackerman
1775 York Avenue, #32A
New York, New York 10128

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: August 18, 2021                    **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                   *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs*, | Docket No. BER-L-003841-21 |
| v. | |
| SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC, | FINAL JUDGMENT BY DEFAULT |
| *Defendants*. | |

THIS MATTER having been presented to the Court by Braverman Kaskey

Garber PC, attorneys for plaintiffs, Tamar Gruenbaum, DDS and Tamar

Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry, for entry of

Final Judgment by Default pursuant to R. 4:43-2 against defendants Shanalee

Ackerman and Ackerman Practice Management, LLC, (collectively, the

"defendants"); and defendants having been served with the Summons and

Complaint in this action; and defendants having failed to properly answer the

Complaint or otherwise move as to the Complaint; and default having been properly

entered against defendants on August 17, 2021; and defendants having been served

with a copy of the default entered against them; and the Court having considered the Certification of Amount Due and Non-Military Service of Tamar Gruenbaum and Certification of Counsel; and it further appearing that good cause has been shown for the entry of this Judgment,

It is on this _____ day of _____, 2021, ORDERED as follows:

1.      JUDGMENT by default as authorized by R. 4:43-2(b) is entered in favor of plaintiffs, Tamar Gruenbaum, DDS and Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry, and against defendants Shanalee Ackerman and Ackerman Practice Management, LLC, in the amount of $360,054.91, together with pre-judgment and post-judgment interest and costs of suit.

2.      A copy of this Judgment shall be served on defendants by regular mail within seven (7) days of receipt by plaintiffs' counsel in accordance with Rule 4:43-2(c).

BY THE COURT:

_____
                                                    J.

This motion was:

OPPOSED: _____

UNOPPOSED: _____

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** |
| *Plaintiffs*, | **Docket No. BER-L-003841-21** |
| v. | **CERTIFICATION OF BENJAMIN A. GARBER, ESQUIRE PER R. 4:43-2 FOR FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANTS SHANALEE ACKERMAN AND ACKERMAN PRACTICE MANAGEMENT, LLC** |
| SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC, | |
| *Defendants*. | |

I, Benjamin A. Garber, Esquire, counsel for plaintiffs, hereby certifies as follows:

1.       I am counsel to Plaintiffs Tamar Gruenbaum, DDS ("Dr. Gruenbaum") and Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry.

2.       Plaintiffs seek a Final Judgment by Default against defendants Shanalee Ackerman and Ackerman Practice Management, LLC, (collectively, the "defendants"), pursuant to R. 4:43-2.

3.       The Summons and Complaint in this action were served by U.S. Certified Mail, return receipt requested, postage prepaid upon defendants on June

21, 2021, and which were delivered on June 24, 2021, as appears from the Affidavits of Service from Domenic J. Marano, paralegal, filed and docketed on July 9, 2021.

4.     True and correct court-stamped copies of the Affidavits of Service upon the defendants are attached hereto as **Exhibit "1"**.[1]

5.     The time within which the defendants may answer or otherwise move as to the Complaint expired.

6.     Defendants failed to timely answer or otherwise move as to the Complaint.

7.     On July 30, 2021, plaintiffs filed a Request for Default, a true and correct court-stamped copy is attached hereto as **Exhibit "3"**.

8.     Defendants were served the Request for Default by regular mail and certified mail on July 30, 2021; the certified mail was delivered on August 2, 2021. True and correct copies of service documents are attached hereto as **Exhibit "4"**.

9.     Accordingly, on August 17, 2021, a default was entered against each of the defendants per R. 4:43-1.

10.     Rule 4:43-2 allows a court to enter final judgment by default upon motion by the party entitled to a judgment by default.  The final judgment shall not be different in kind, nor exceed the amount demanded in the pleading.  A judgment by default must be entered after a default, pursuant to Rule 4:43-1.

11.     "If, to enable the court to enter judgment . . . it is necessary to take an

---

[1] Service of the Summons and Complaint were made by U.S. Certified Mail upon the Defendants on account of Defendants' refusal of service by hand delivery on June 17, 2021.  *See* Plaintiffs' Certification of Diligent Inquiry, filed and docketed on August 4, 2021, a true and correct court-stamped copy of which is attached hereto as **Exhibit "2"**.

account or to determine the amount of damages or to establish the truth of any
allegation by evidence or to make an investigation of any other matter, the court, on
its own motion . . . may conduct such proof hearings . . . as it deems appropriate."  R
4:43-2(b).

12.     Plaintiffs' Complaint asserts the following causes of action:

- Count I – Breach of Contract
- Count II – Breach of Good Faith and Fair Dealing
- Count III – Breach of Fiduciary Duty
- Count IV – Conversion
- Count V – Unjust Enrichment
- Count VI – Fraud/Fraudulent Inducement
- Count VII – Negligence

13.     A copy of the Complaint is attached hereto as **Exhibit "5."**

14.     Per the Certification of Dr. Gruenbaum filed contemporaneously
herewith and incorporated herein by reference, plaintiffs have sustained losses as a
result of the conduct complained of in the Complaint and for which defendants are
liable, which include:

A.      Loss of insurance reimbursement for dental services provided to clients
        from Delta Dental PPO in the amount of $127,626 due to defendants'
        direction to staff that the dental practice was in-network with Delta
        Dental PPO when it was not and defendants' modification of insurance
        billing entries to reflect Delta Dental PPO coverage, when the entries
        were not covered.

3

B.      Loss of insurance reimbursement for dental services provided to clients
        from Aetna in the amount of $18,729 due to defendants' incorrect entry
        of billing codes.

C.      Loss of business revenue in 2018 and 2019 totaling $108,243 due to
        defendants' failures to monitor billing and to timely collect outstanding
        balances.

D.      Return of the payment to defendants of $67,000 paid under the
        Ackerman services contract that defendants breached as a result of
        their flawed consulting services.

E.      Professional fees paid to Five Lakes Insurance in the amount of $7,120
        due to defendants' faulty recommendation to engage them for
        insurance negotiation services that were not actually furnished or of no
        benefit, despite knowledge of their incompetence.

F.      Professional fees paid to Integrate Ideas in the amount of $7,188 due to
        defendants' faulty recommendation to engage them for marketing
        services that were not actually furnished or of no benefit, despite
        knowledge of their incompetence.

G.      Professional fees paid to Soft Fusion IT in the amount of $3,612.23 due
        to defendants' faulty recommendation to engage them for IT services
        that were not actually furnished or of no benefit, despite knowledge of
        their incompetence.

4

H.     Temporary agency fees paid in the amount of $18,036.68 for employees hired to fix the mistakes caused by defendants.

I.      Professional fees paid to O'Brien Creative Group in the amount of $2,500 for IT services necessary to repair the faulty website designed by defendants.

15.    The total of plaintiffs' losses, which are continuing in nature, as calculated for present purposes, is $360,054.91.

16.    Pursuant to Rule 4:42-11(a)(iii), the post-judgment annual rate of interest for judgments exceeding the monetary limit of the Special Civil Part at the time of entry for calendar year 2021 (commencing January 1, 2021) is 3.50%.

17.    Pursuant to R. 4:42-11(b), pre-judgment interest rates in tort actions after January 1, 1988, are the same as the post-judgment interest rates.

18.    "Barring unusual circumstances, an award of prejudgment interest for breach of contract cases should be made in accordance with New Jersey Court Rule 4:42-11." *Corestar Int'l PTE. Ltd v. LPB Communs., Inc.*, 2007 U.S. Dist. LEXIS 75324, *11, 2007 WL 2990896.

19.    Against the foregoing, plaintiffs request that the Court enter the proposed order submitted herewith entering final judgment by default in favor of plaintiffs and against the defendants, jointly and severally, in the principal amount of $360,054.91 plus pre and post judgment interest, and costs of suit.

Respectfully submitted,

Dated: August 18, 2021

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_

BENJAMIN A. GARBER, ESQUIRE
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

6

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, <br><br> *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN** and **ACKERMAN PRACTICE MANAGEMENT, LLC,** <br><br> *Defendants.* | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY <br><br> Docket No. <u>BER-L-003841-21</u> |

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on the date below, the within Notice of Motion,

Certification of Amount Due and Non-Military Service of Tamar Gruenbaum,

Certification of Benjamin A. Garber, Esquire, and proposed form of Order were filed

and served by U.S. Certified Mail and U.S. First-Class Mail, postage prepaid, upon

the following defendants:

Shanalee Ackerman
1775 York Avenue, #32A
New York, New York 10128

Ackerman Practice Management LLC
c/o Shanalee Ackerman
1775 York Avenue, #32A
New York, New York 10128


     I hereby certify that the foregoing statements made by me are true.  I am

aware that if any of the foregoing statements made by me are willfully false, I am

subject to punishment.


     Respectfully submitted,

Dated: August 18, 2021          **BRAVERMAN KASKEY GARBER PC**

     BY: * /s/ Benjamin A. Garber*
     BENJAMIN A. GARBER, ESQUIRE
     One Liberty Place- 56th Floor
     1650 Market Street
     Philadelphia, Pennsylvania 19103
     Telephone: (215) 575-3800
     Facsimile: (215) 575-3801
     *Attorneys for Plaintiffs*

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** |
| *Plaintiffs*, | Docket No. <u>BER-L-003841-21</u> |
| v. | **CERTIFICATION OF AMOUNT DUE AND NON-MILITARY SERVICE** |
| SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC, | |
| *Defendants.* | |

**TAMAR GRUENBAUM**, of full age, hereby certifies and says:

1.      I am a plaintiff in the above-captioned action and am the sole member of plaintiff Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry.  I have personal knowledge of the facts set forth herein and I am authorized to make this Certification in support of plaintiffs' application for entry of a default judgment against defendants Shanalee Ackerman and Ackerman Practice Management, LLC, (collectively, the "defendants"), in the amount of **$360,054.91**.

2.      I am the owner of a local pediatric dental practice, Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry.

3.       Defendants were engaged for purposes of providing management and consulting related services.

4.       Among other things, defendants agreed to provide expert guidance on a variety of issues including practice finances and marketing, team structure, clinical protocols, business decisions and protocols, insurance billing and practices, and case acceptance systems.

5.       However, defendants' services were utterly deficient, as set forth in the allegations of the Complaint incorporated herein by reference.

6.       Plaintiffs have sustained losses as a result of the conduct complained of in the Complaint and for which defendants are liable, which include:

A.       Loss of insurance reimbursement for dental services provided to clients from Delta Dental PPO in the amount of $127,626 due to defendants' direction to staff that the dental practice was in-network with Delta Dental PPO when it was not and defendants' modification of insurance billing entries to reflect Delta Dental PPO coverage, when the entries were not covered.

B.       Loss of insurance reimbursement for dental services provided to clients from Aetna in the amount of $18,729 due to defendants' incorrect entry of billing codes.

C.       Loss of business revenue in 2018 and 2019 totaling $108,243 due to defendants' failures to monitor billing and to timely collect outstanding balances.

2

D.     Return of the payment to defendants of $67,000 paid under the Ackerman services contract that defendants breached as a result of their flawed consulting services.

E.     Professional fees paid to Five Lakes Insurance in the amount of $7,120 due to defendants' faulty recommendation to engage them for insurance negotiation services that were not actually furnished or of no benefit, despite knowledge of their incompetence.

F.     Professional fees paid to Integrate Ideas in the amount of $7,188 due to defendants' faulty recommendation to engage them for marketing services that were not actually furnished or of no benefit, despite knowledge of their incompetence.

G.     Professional fees paid to Soft Fusion IT in the amount of $3,612.23 due to defendants' faulty recommendation to engage them for IT services that were not actually furnished or of no benefit, despite knowledge of their incompetence.

H.     Temporary agency fees paid in the amount of $18,036.68 for employees hired to fix the mistakes caused by defendants.

I.     Professional fees paid to O'Brien Creative Group in the amount of $2,500 for IT services necessary to repair the faulty website designed by defendants.

7.     The total of plaintiffs' losses, which are continuing in nature, as calculated for present purposes, is **$360,054.91**.

3

8.     This claim is not based directly or indirectly upon sale of a chattel wherein the chattel has been repossessed peaceably or by legal process.

9.     The Defendants named herein are not an infant or incompetent person.

10.     Defendant Shanalee Ackerman is not in the military service of the United States or its allies.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
TAMAR GRUENBAUM

# EXHIBIT   1

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs,* <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON SHANALEE ACKERMAN** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6089), return receipt requested, postage prepaid, to defendant Shanalee Ackerman ("Defendant") at her residence located at 1775 York Avenue, #32A, New York, New York 10128.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Defendant's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*Domenic Marano*
_____
Domenic J. Marano, Paralegal




Dated: July 9, 2021                                    **BRAVERMAN KASKEY GARBER PC**

BY:    */s/ Benjamin A. Garber*
_____
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

2

# EXHIBIT   A



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES

02 1P                    $ 000.00⁰
0002755675      JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee                                    Postmark
                                                 Here

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees    $

Sent To   SHANPUKK AMERMAN
Street, Apt. No.;
or PO Box No.  1775 YORK AVE,   #32A
City, State, ZIP+4   NEW YORK, NY    10128

PS Form 3800, August 2006                See Reverse for Instructions

7013 1710 0000 4816 6089

# EXHIBIT   B

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SHANALEE ACKERMAN
1775 YORK AVENUE
#32A
NEW YORK, NY 10128

9590 9402 4799 8344 4720 74

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6089

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

S. ACKerman    6/2/21

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                         *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs,* <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON ACKERMAN PRACTICE MANAGEMENT, LLC** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6096), return receipt requested, postage prepaid, to defendant Ackerman Practice Management, LLC ("Defendant") in care of Shanalee Ackerman at Ms. Ackerman's residence located at 1775 York Avenue, #32A, New York, New York 10128.[1]

---

[1] Ms. Ackerman is believed to be the Founder and CEO of Ackerman Practice Management, LLC.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Ms. Ackerman's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*Domenic Marano*
_____
Domenic J. Marano, Paralegal




Dated: July 9, 2021                   **BRAVERMAN KASKEY GARBER PC**

                                    BY:   */s/ Benjamin A. Garber*
                                            BENJAMIN A. GARBER, ESQUIRE
                                            One Liberty Place- 56th Floor
                                            1650 Market Street
                                            Philadelphia, Pennsylvania 19103
                                            Telephone: (215) 575-3800
                                            Facsimile: (215) 575-3801
                                            *Attorneys for Plaintiffs*

# EXHIBIT   A



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES

02 1P
0002755675    JUN 21 2021
MAILED FROM ZIP CODE 19103

$ 000.00⁰

Certified Fee

Postmark
Here

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees    $

Sent To    Ackerman Practice Mgmt, LLC
Street, Apt No.;
or PO Box No.    c/o Barbara Ackerman, 1775 York Ave #32A
City, State, ZIP+4    New York, NY  10128

PS Form 3800, August 2006    See Reverse for Instructions

7013 1710 0000 4816 6096

# EXHIBIT   B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ackerman Practice Management LLC
c/o Shanalee Ackerman
1775 York Ave., #32A
New York, NY 10128

9590 9402 4799 8344 4720 67

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6096

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

S. Ackerman    6/24/21

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

# EXHIBIT 2

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                   *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,<br><div align="right">*Plaintiffs,*</div><br><div align="center">v.</div><br>SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,<br><div align="right">*Defendants.*</div> | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY**<br><br>**Docket No. <u>BER-L-003841-21</u>**<br><br>**CERTIFICATION OF DILIGENT INQUIRY AS TO DEFENDANTS SHANALEE ACKERMAN AND ACKERMAN PRACTICE MANAGEMENT, LLC** |

BENJAMIN A. GARBER, of full age, upon his Certification, says:

1.     I am an attorney at law of the State of New Jersey, and a member of the law firm of Braverman Kaskey Garber P.C., attorneys for plaintiffs Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry (collectively "Plaintiffs") in the above captioned matter. I have personal knowledge of the facts contained on this Certification.

2.     I make this Certification pursuant to R. 4:4-4(b)(1), as supplement to and in support of Plaintiffs' Request for Entry of Default filed on July 30, 2021, (ID#LCV20211779776).

3.  On June 16, 2021, I employed the services of Guaranteed Subpoena Service, Inc. ("Guaranteed") to personally hand deliver and serve the summons, track assignment notice, civil case information statement, and complaint (collectively "the papers") upon defendants Shanalee Ackerman and Ackerman Practice Management, LLC (collectively "Defendants") at their last known address at 1775 York Avenue, #32A, New York, New York 10128 (the "premises"). A true and correct copy of my firm's request to Guaranteed is attached hereto as **Exhibit A**.

4.  On June 17, 2021, Guaranteed attempted hand delivery service of the papers upon the Defendants and was unable to do so on account of the doorman to the apartment/condominium building refusing to allow Guaranteed to enter the premises, as well as not calling the Defendants to inform them of the service of the papers by Guaranteed. True and correct copies of Guaranteed's Affidavits of Attempted Service upon the Defendants are attached hereto as **Exhibit B**.

5.  Subsequently, in accordance with R. 4:4-4(b)(1), Plaintiffs served the papers upon the Defendants by U.S. Certified Mail. True and correct copies of Affidavits of Service by Certified Mail filed with the Court on July 9, 2021 are attached hereto as **Exhibit C**.

6.  Accordingly, Plaintiffs' request the Court to enter a default upon the Defendants as provided by the New Jersey Court Rules.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: August 4, 2021                           **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

3

# EXHIBIT   A

| From: | Domenic Marano |
|---|---|
| To: | "Legal@Served.com" |
| Subject: | RE: 24 TO 48 HOUR RUSH |
| Date: | Wednesday, June 16, 2021 8:57:00 AM |
| Attachments: | Ackerman Complaint SERVICE COPY (Shanalee Ackerman) 061421.pdf |
| | Ackerman Complaint SERVICE COPY (Ackerman Practice Management LLC) 061421.pdf |
| Importance: | High |

June 16, 2021

**Tamar Gruenbaum et al. v. Shanalee Ackerman et al.**
**New Jersey Superior Court, Bergen County**
**Docket No. BER-L-003841-21**

ATTENTION: SANDY – OUT-OF-STATE SERVICE

As discussed, I am attaching 2 copies of a New Jersey Superior Court Complaint to be served upon defendants 1) Shanalee Ackerman and 2) Ackerman Practice Management, LLC.

The addresses for both defendants (shown on the summonses) is the same for service -

1775 York Avenue
#32A
New York, New York 10128

Each attachment contains a summons per defendant, track assignment notice, civil case information statement, and the complaint.

**We would like 24 to 48 hour service for each defendant.**

Please provide me with status updates as much as you can.

My contact information follows.

Thanks again.

Dom.

**Domenic Marano**
Paralegal
d 215.575.3805 / c 856.304.3746



One Liberty Place, 56th Floor
1650 Market Street

Philadelphia, PA 19103-7334
p 215.575.3800 / f 215.575.3801
**braverlaw.com**

# EXHIBIT B



BRAVERMAN KASKEY, PC.-PA

**SUPERIOR COURT OF NJ
COUNTY OF BERGEN**

**AFFIDAVIT OF ATTEMPTED SERVICE**

*1269987*

Index no : **BER L 3841 21**
Office No: 20210616092544
N/A

| Plaintiff: | **TAMAR GRUENBAUM, ET AL** |
| Defendant: | **SHANALEE ACKERMAN, ET AL** |

STATE OF NEW YORK COUNTY OF NASSAU          ss.:
I (Wilson P Pastoriza) being duly sworn deposes and says I am over the age of 18 and reside in New York State

On **06/17/2021** at **3:27 PM**, I was unable to effect service of the **SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, PRAYER FOR RELIEF, CERTIFICATION** on **SHANALEE ACKERMAN** at **1775 YORK AVENUE #32A, NEW YORK, NY10128** for the reason(s) indicated below:

**AS PER DOORMAN NO ONE IS ALLOWED UP. REFUSED TO CALL OR CONFIRM RECIPIENT-M-W-GRAY-55-5'6-150**

Sworn to and subscribed before me on
06/23/2021

Martine Pierre
Notary Public, State of New York
No. 01PI6387004
Commissioned in Nassau County
Commission Expires 2/4/2023

X 
Wilson P Pastoriza
License#: 1470737
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
SUITE 101
UNION,NJ 07083
908-687-0056
Clerk: Jazmin Patino



BRAVERMAN KASKEY, PC.-PA

## SUPERIOR COURT OF NJ
## COUNTY OF BERGEN

### AFFIDAVIT OF ATTEMPTED SERVICE

|||||||||||| *1269986*

Index no : **BER L 3841 21**
Office No: 20210616091903
N/A

| Plaintiff: | **TAMAR GRUENBAUM, ET AL** |
|---|---|
| Defendant: | **SHANALEE ACKERMAN, ET AL** |

STATE OF NEW YORK COUNTY OF NASSAU          ss.:
I (Wilson P Pastoriza) being duly sworn deposes and says I am over the age of 18 and reside in New York State

On **06/17/2021** at **3:27 PM**, I was unable to effect service of the **SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, PRAYER FOR RELIEF, CERTIFICATION** on **ACKERMAN PRACTICE MANAGEMENT, C/O SHANALEE ACKERMAN** at **1775 YORK AVENUE #32A, NEW YORK, NY10128** for the reason(s) indicated below:

**AS PER DOORMAN NO ONE IS ALLOWED UP. REFUSED TO CALL OR CONFIRM RECIPIENT-M-W-GRAY-55-5'6-150**

Sworn to and subscribed before me on
06/23/2021

Martine Pierre
Notary Public, State of New York
No. 01PI6387004
Commissioned in Nassau County
Commission Expires 2/4/2023

X  _____
Wilson P Pastoriza
License#: 1470737
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
SUITE 101
UNION,NJ 07083
908-687-0056
Clerk: Jazmin Patino

# EXHIBIT   C

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON SHANALEE ACKERMAN** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6089), return receipt requested, postage prepaid, to defendant Shanalee Ackerman ("Defendant") at her residence located at 1775 York Avenue, #32A, New York, New York 10128.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Defendant's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Domenic Marano*
Domenic J. Marano, Paralegal

Dated: July 9, 2021                    **BRAVERMAN KASKEY GARBER PC**

BY:    */s/ Benjamin A. Garber*
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

2

# EXHIBIT   A



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES

02 1P                    $ 000.00
0002755675       JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)                    Postmark
                                          Here

Total Postage & Fees    $

Sent To  SHONPUKK AWERMAN
Street, Apt. No.;  1775 York Ave. #32A
or PO Box No.
City, State, ZIP+4  NEW YORK, NY  10128

7013 1710 0000 4816 6089

PS Form 3800, August 2006          See Reverse for Instructions

# EXHIBIT   B

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. | A. Signature |
| ■ Print your name and address on the reverse so that we can return the card to you. | X ☐ Agent ☐ Addressee |
| ■ Attach this card to the back of the mailpiece, or on the front if space permits. | B. Received by (Printed Name)    C. Date of Delivery |
| | S. ACKerman 6/2/21 |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes |
| SHANALEE ACKERMAN | If YES, enter delivery address below: ☐ No |
| 1775 YORK AVENUE | |
| #32A | |
| NEW YORK, NY 10128 | |

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☐ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☐ Return Receipt for Merchandise |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |

9590 9402 4799 8344 4720 74

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6089

PS Form **3811**, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                              *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs,* <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON ACKERMAN PRACTICE MANAGEMENT, LLC** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6096), return receipt requested, postage prepaid, to defendant Ackerman Practice Management, LLC ("Defendant") in care of Shanalee Ackerman at Ms. Ackerman's residence located at 1775 York Avenue, #32A, New York, New York 10128.[1]

---

[1] Ms. Ackerman is believed to be the Founder and CEO of Ackerman Practice Management, LLC.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant. A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Ms. Ackerman's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Domenic Marano*
Domenic J. Marano, Paralegal

Dated: July 9, 2021                    **BRAVERMAN KASKEY GARBER PC**

                                       BY:    */s/ Benjamin A. Garber*
                                       BENJAMIN A. GARBER, ESQUIRE
                                       One Liberty Place- 56th Floor
                                       1650 Market Street
                                       Philadelphia, Pennsylvania 19103
                                       Telephone: (215) 575-3800
                                       Facsimile: (215) 575-3801
                                       *Attorneys for Plaintiffs*

2

# EXHIBIT   A



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES
02 1P $ 000.00⁰
0002755675    JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees    $

7013 1710 0000 4816 6096

Sent To  Ackerman Practice Mgmt. LLC
Street, Apt. No.;  c/o Richard Ackerman, 1775 York Ave. #32A
or PO Box No.
City, State, ZIP+4  New York, NY 10128

PS Form 3800, August 2006    See Reverse for Instructions

# EXHIBIT  B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ACKERMAN PRACTICE MANAGEMENT LLC
c/o SHANALEK ACKERMAN
1775 YORK AVE., #32A
NEW YORK, NY 10128

9590 9402 4799 8344 4720 67

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6096

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
S. Ackerman      6/24/2

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

# EXHIBIT 3

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,**<br>                *Plaintiffs,*<br><br>                      v.<br><br>**SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,**<br>                *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY**<br><br>**Docket No. BER-L-003841-21**<br><br>**REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC** |

TO:     CLERK OF SUPERIOR COURT OF NEW JERSEY
        Civil Division Case Management Office
        Bergen County Justice Center
        10 Main Street, Room 415
        Hackensack, NJ 07601

        Please enter a default upon defendants Shanalee Ackerman and Ackerman

Practice Management, LLC (collectively, the "defendants") for failure to plead or

otherwise defend as provided by the New Jersey Court Rules.  A Certification in

Support of Default is attached hereto.

                                        Respectfully submitted,

Dated: July 30, 2021                    **BRAVERMAN KASKEY GARBER PC**

                                BY:  */s/ Benjamin A. Garber*
                                        BENJAMIN A. GARBER, ESQUIRE

One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs,* <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **CERTIFICATION OF BENJAMIN A. GARBER, ESQUIRE IN SUPPORT OF DEFAULT AGAINST DEFENDANTS SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC** |

     BENJAMIN A. GARBER, of full age, being duly sworn hereby certifies as follows:

     1.    I am an attorney at law in the State of New Jersey and a member of the law firm of Braverman Kaskey Garber, P.C.

     2.    I am familiar with the facts and circumstances of the within action.

     3.    The Summons and Complaint in this action were served upon defendants Shanalee Ackerman and Ackerman Practice Management, LLC (collectively, the "defendants") on June 24, 2021, as appears from the Affidavits of Service by U.S. Certified Mail filed and docketed on July 9, 2021.  True and correct

court-stamped copies of the Affidavits of Service upon the defendants are attached hereto as **Exhibit A**.

4.      The time within which the defendants may answer or otherwise move as to the Complaint has expired and has not been extended.  Defendants have not answered or otherwise moved as to the Complaint.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: July 30, 2021                     **BRAVERMAN KASKEY GARBER PC**

BY:  _/s/ Benjamin A. Garber_
        BENJAMIN A. GARBER, ESQUIRE
        One Liberty Place- 56th Floor
        1650 Market Street
        Philadelphia, Pennsylvania 19103
        Telephone: (215) 575-3800
        Facsimile: (215) 575-3801
        _Attorneys for Plaintiffs_

2

# EXHIBIT  A

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON SHANALEE ACKERMAN** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6089), return receipt requested, postage prepaid, to defendant Shanalee Ackerman ("Defendant") at her residence located at 1775 York Avenue, #32A, New York, New York 10128.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Defendant's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Domenic Marano*

Domenic J. Marano, Paralegal

Dated: July 9, 2021                    **BRAVERMAN KASKEY GARBER PC**

BY:    */s/ Benjamin A. Garber*
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

# EXHIBIT   A



**U.S. Postal Service** ™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

PITNEY BOWES

02 1P                    $ 000.00⁰
0002755675      JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees   $

Sent To    _SHANDELL ACKERMAN_
Street, Apt. No.;
or PO Box No.   _1775 York Ave.  #32A_
City, State, ZIP+4   _NEW YORK, NY   10128_

PS Form 3800, August 2006                See Reverse for Instructions

7013 1710 0000 4816 6089

# EXHIBIT  B

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SHANALEE ACKERMAN
1775 YORK AVENUE
#32A
NEW YORK, NY 10128

9590 9402 4799 8344 4720 74

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6089

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

S. ACKerman    6/2/21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON ACKERMAN PRACTICE MANAGEMENT, LLC** |

I, Domenic J. Marano, a competent adult being duly sworn according to law,

depose and state that on June 21, 2021, I mailed a true and correct copy of

Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case

Information Statement, and Track Assignment Notice ("Complaint Documents")

filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710

0000 4816 6096), return receipt requested, postage prepaid, to defendant Ackerman

Practice Management, LLC ("Defendant") in care of Shanalee Ackerman at Ms.

Ackerman's residence located at 1775 York Avenue, #32A, New York, New York

10128.[1]

---

[1] Ms. Ackerman is believed to be the Founder and CEO of Ackerman Practice Management, LLC.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Ms. Ackerman's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.



*Domenic Marano*
Domenic J. Marano, Paralegal




Dated: July 9, 2021                      **BRAVERMAN KASKEY GARBER PC**

                                    BY:    */s/ Benjamin A. Garber*
                                           BENJAMIN A. GARBER, ESQUIRE
                                           One Liberty Place- 56th Floor
                                           1650 Market Street
                                           Philadelphia, Pennsylvania 19103
                                           Telephone: (215) 575-3800
                                           Facsimile: (215) 575-3801
                                           *Attorneys for Plaintiffs*

2

# EXHIBIT   A



**U.S. Postal Service**™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES
02 1P      $ 000.00⁰
0002755675      JUN 21 2021
MAILED FROM ZIP CODE 19103

| | |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Ackerman Practice Momt. LLC
Street, Apt No.; or PO Box No. Mordechai Ackerman, 1775 York Ave #32A
City, State, ZIP+4 New York, NY 10128

PS Form 3800, August 2006          See Reverse for Instructions

7013 1710 0000 4816 6096

# EXHIBIT   B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ACKERMAN PRACTICE MANAGEMENT LLC
C/O SHANALEE ACKERMAN
1775 YORK AVE., #32A
NEW YORK, NY 10128

|||||||||||||||||||||||||||||||||||||||
9590 9402 4799 8344 4720 67

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6096

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
S. Ackerman    6/24/

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,**<br>   *Plaintiffs,*<br><br>    v.<br><br>**SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,**<br>   *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY**<br><br>**Docket No. <u>BER-L-003841-21</u>**<br><br>**CERTIFICATION OF NON-MILITARY SERVICE** |

   BENJAMIN A. GARBER, of full age, being duly sworn hereby certifies as follows:

   1.  I am an attorney at law in the State of New Jersey and a member of the law firm of Braverman Kaskey Garber, P.C.

   2.  I am familiar with the facts and circumstances of the within action.

   3.  To the best of my knowledge, information and belief, defendants Shanalee Ackerman and Ackerman Practice Management, LLC (collectively, the "defendants") are not in the military service of the United States.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: July 30, 2021              **BRAVERMAN KASKEY GARBER PC**

BY:  */s/ Benjamin A. Garber*

BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

2

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> Docket No. BER-L-003841-21 <br><br> **PROOF OF MAILING** |

I hereby certify that on the 30th day of July, 2021, a true and correct copy of the foregoing Request for Entry of Default was electronically filed with the Clerk of the Court, is available for viewing and downloading from the Court's electronic filing system (eCourts System-Civil Part), and will be served by U.S. Certified Mail and U.S. First-Class, postage prepaid upon the following:

Shanalee Ackerman
1775 York Avenue
#32A
New York, New York 10128

Ackerman Practice Management LLC
c/o Shanalee Ackerman
1775 York Avenue
#32A
New York, New York 10128

Respectfully submitted,

Dated: July 30, 2021                    **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
     BENJAMIN A. GARBER, ESQUIRE
     One Liberty Place- 56th Floor
     1650 Market Street
     Philadelphia, Pennsylvania 19103
     Telephone: (215) 575-3800
     Facsimile: (215) 575-3801
     *Attorneys for Plaintiffs*

# EXHIBIT 4

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70182290000091964994

Remove ✕

Your item was delivered to an individual at the address at 4:38 pm on August 2, 2021 in NEW YORK, NY 10128.

## ✅ Delivered, Left with Individual

August 2, 2021 at 4:38 pm
NEW YORK, NY 10128

Get Updates ∨



_____

### Text & Email Updates

_____

### Tracking History

**August 2, 2021, 4:38 pm**
Delivered, Left with Individual
NEW YORK, NY 10128
Your item was delivered to an individual at the address at 4:38 pm on August 2, 2021 in NEW YORK, NY 10128.

**August 1, 2021, 2:07 am**
Departed USPS Regional Facility
NEW YORK NY DISTRIBUTION CENTER

# USPS Tracking®

**FAQs >**

## Track Another Package +

**Tracking Number:** 70182290000091965007

Remove ✕

Your item was delivered to an individual at the address at 4:40 pm on August 2, 2021 in NEW YORK, NY 10128.

## ✅ Delivered, Left with Individual

August 2, 2021 at 4:40 pm
NEW YORK, NY 10128

Get Updates ⌄



---

### Text & Email Updates

---

### Tracking History

**August 2, 2021, 4:40 pm**
Delivered, Left with Individual
NEW YORK, NY 10128
Your item was delivered to an individual at the address at 4:40 pm on August 2, 2021 in NEW YORK, NY 10128.

**August 1, 2021, 2:07 am**
Departed USPS Regional Facility
NEW YORK NY DISTRIBUTION CENTER

# EXHIBIT  5

## SUMMONS

Attorney(s) __Benjamin A. Garber, Esq. / ID#011382009__

Office Address __Braverman Kaskey Garber PC__

Town, State, Zip Code __One Liberty Place, 56th Floor__

__Philadelphia, PA 19103__

Telephone Number __215-575-3800__

Attorney(s) for Plaintiff __Tamar Gruenbaum et al__

__Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC__

__d/b/a Ridgewood Valley Pediatric Dentistry,__

Plaintiff(s)

vs.

__Shanalee Ackerman and__

__Ackerman Practice Management, LLC__

Defendant(s)

**Superior Court of
New Jersey**

__Bergen__ County

__Law__ Division

Docket No: _____

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_/s/ Michelle M. Smith_
Clerk of the Superior Court

DATED: __June 14, 2021__

Name of Defendant to Be Served: __Shanalee Ackerman__

Address of Defendant to Be Served: __1775 York Ave., #32A, New York, NY 10128__

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# SUMMONS

| | |
|---|---|
| Attorney(s) __Benjamin A. Garber, Esq. / ID#011382009__ | **Superior Court of New Jersey** |
| Office Address __Braverman Kaskey Garber PC__ | |
| Town, State, Zip Code __One Liberty Place, 56th Floor__ | |
| __Philadelphia, PA 19103__ | __Bergen__ County |
| Telephone Number __215-575-3800__ | __Law__ Division |
| Attorney(s) for Plaintiff __Tamar Gruenbaum et al__ | Docket No: _____ |

__Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC__
__d/b/a Ridgewood Valley Pediatric Dentistry,__
     Plaintiff(s)

    vs.

__Shanalee Ackerman and__
__Ackerman Practice Management, LLC__
     Defendant(s)

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                  __/s/ Michelle M. Smith__
                                    Clerk of the Superior Court

DATED: __June 14, 2021__

Name of Defendant to Be Served: __Ackerman Practice Management LLC c/o Shanalee Ackerman__

Address of Defendant to Be Served: __1775 York Ave., #32A, New York, NY 10128__

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003841-21

**Case Caption:** GRUENBAUM TAMAR  VS ACKERMAN SHANALEE

**Case Initiation Date:** 06/14/2021

**Attorney Name:** BENJAMIN ALEX GARBER

**Firm Name:** BRAVERMAN KASKEY PC

**Address:** 1650 MARKET STREET 56TH FL ONE LIBERTY PLACE

PHILADELPHIA PA 191037334

**Phone:** 2155753800

**Name of Party:** PLAINTIFF : Gruenbaum, Tamar

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** NJ eCourts Case Initiation Confirmation

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Tamar Gruenbaum? NO**

**Are sexual abuse claims alleged by: Tamar Gruenbaum DDS, LLC? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/14/2021
Dated

/s/ BENJAMIN ALEX GARBER
Signed

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** 385 S Maple Ave, #107 Glen Rock, NJ 07452 *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN** 1775 York Avenue, #32A New York, NY 10128; and <br><br> **ACKERMAN PRACTICE MANAGEMENT, LLC,** 13867 Jeremiah Road Jacksonville, FL 32224, *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> Docket No. _____ <br><br> **COMPLAINT AND JURY DEMAND DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATIONS UNDER RULES 1:38-7(b) and 4:5-1** |

Plaintiffs Tamar Gruenbaum, DDS ("Dr. Gruenbaum") and Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry (the "Practice"), by and through their undersigned counsel, brings this Complaint against defendants Shanalee Ackerman ("Ackerman") and Ackerman Practice Management, LLC ("APM"), as follows:

1

## PRELIMINARY STATEMENT

1.     Dr. Gruenbaum is the owner of a local pediatric dental practice.  This action arises from defendants' fraud, breaches of contract, and other unlawful conduct perpetrated against plaintiffs in connection with a services contract (the "Agreement"), pursuant to which, *inter alia*, defendants agreed to provide management and consulting related services to plaintiffs.

2.     Specifically, pursuant to the Agreement and otherwise, defendants were required to provide expert guidance on a variety of issues including, without limitation, Practice finances and marketing, team structure, clinical protocols, business decisions and protocols, insurance billing and practices, and case acceptance systems.

3.     As alleged herein, Ackerman first procured the Agreement through fraud by misrepresenting her and APM's credentials and expertise to Dr. Gruenbaum, and then failed to provide the services required under the Agreement and breached their common law obligations owed to plaintiffs.

4.     Defendants' acts and omissions, as alleged herein, have, and continue to cause substantial financial harm to plaintiffs and give rise to the claims asserted herein for breach of contract, breach of fiduciary duty, fraud, conversion, and unjust enrichment, among others.

## PARTIES

5.      Dr. Gruenbaum is an adult individual with a business address of 385 S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

6.      Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry is a New Jersey limited liability company with an address of 385 S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

7.      Ackerman is an adult individual with an address at 1775 York Avenue, #32A, New York, New York 10128.

8.      Upon information and belief, Ackerman also has an address of 104 West Oak Highway, Westminster, Fl 29697.

9.      APM is a Florida corporation with a registered address of 13867 Jeremiah Road, Jacksonville, FL 32224.

10.     At all times material hereto, Ackerman has been a shareholder, officer, director, principal, and agent of APM.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to N.J. Const. Art. VI § III.

12.     This Court has personal jurisdiction over all of the parties, as each party resides in, conducts business in or has its principal place of business in New Jersey, and the actions described herein occurred in New Jersey.

13.     Venue is appropriate in this Court pursuant to NJ Court Rules 4:3-1(a)(5) and 4:3-2(a).

## FACTS

### Background

14.    Dr. Gruenbaum grew up in Teaneck, New Jersey and earned her D.D.S. from Columbia University College of Dental Medicine.

15.    Dr. Gruenbaum completed a general practice residency at Montefiore Medical Center in Bronx, New York.

16.    Dr. Gruenbaum did her post-graduate training in pediatric dentistry at Maimonides Medical Center in Brooklyn, New York, where she served as chief resident during her second year.

17.    Dr. Gruenbaum is a member of the AAPD and is board certified by the American Board of Pediatric Dentistry.

18.    Dr. Gruenbaum is the owner of the Practice, which provides comprehensive dental care to children from infancy through their teenage years.

19.    Dr. Tamar Gruenbaum, DDS, owns dental practice Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry.

20.    Ackerman holds herself out as an expert business consultant in the healthcare arena.

21.    Ackerman is believed to be the Founder and CEO of APM.

22.    In 2017, plaintiffs retained defendants to provide management and consulting related services.

23.    As part of plaintiffs' retention of defendants' services, the parties

4

entered into a services contract—i.e., the Agreement.[1]

## Defendants' Fraud and Unlawful Conduct

24.     Plaintiff retained defendants based upon Ackerman's representations touting her skills, acumen, credentials, qualifications, and abilities as an expert business consultant in the healthcare arena.

25.     Ackerman also misrepresented the credentials, qualifications, and abilities of APM.

26.     Ackerman represented that APM was a successful ongoing business when, in reality, it was not even registered as an active company with the State of New York during her engagement with the Practice.

27.     Ackerman misrepresented to Dr. Gruenbaum her successes improving dental practices like Dr. Gruenbaum's practice.

28.     The Agreement required defendants to provide services to plaintiffs in exchange for compensation.

29.     Among other things, pursuant to the Agreement, defendants were required to, *inter alia*, provide plaintiffs with expert guidance on a variety of issues, including finances and marketing, team structure, clinical protocols, business decisions and protocols, insurance billing and practices, and case acceptance systems.

---

[1] Despite diligent inquiry, plaintiffs are not presently in possession of an executed copy of the Agreement.  By letter dated May 13, 2021, plaintiffs made demand upon defendants for a copy of the same.  As of the filing of this Complaint, defendants have not responded to plaintiffs' letter or demand for the Agreement.

30.     Defendants, however, failed to provide the services required under the Agreement and to act in accordance with their common law obligations to plaintiffs.

31.     Ackerman exceeded the scope of her engagement by botching the Practice's insurance participation and insurance billing protocols.

32.     Ackerman indicated in insurance billing entries, and instructed others to also indicate, that the Practice was in-network with Delta Dental PPO.

33.     Ackerman retroactively modified numerous insurance billing entries dated between February 2018 and March 2018 to reflect Delta Dental PPO coverage.

34.     Ackerman knew, should have known, or recklessly ignored that the Practice's contract was with Delta Dental's Premier coverage only—not PPO.

35.     Ackerman also incorrectly entered Aetna insurance billing codes.

36.     Realizing her mistake and attempting to cover it up, Ackerman gained access to the Practice's billing software without authorization and deleted the entire archive.

37.     As a result of her insurance and billing related indiscretions, Ackerman caused the practice to incur substantial monetary losses.

38.     Ackerman was required to collaborate with Dr. Gruenbaum and guide her in decision-making pertaining to the Practice.  However, Ackerman failed to do so.

39.     Instead, Ackerman took actions that were beyond the scope of the Agreement and/or without Dr. Gruenbaum's authorization.

6

40.     Ackerman duped Dr. Gruenbaum into changing the Practice's third-party vendors to those of her recommendation claiming that the Practice would gain additional value by switching to her recommended vendors.

41.     Based on Ackerman's recommendations and false representations, Dr. Gruenbaum agreed to change vendors for accounting and tax services, technology services, and insurance negotiation services.

42.     Ackerman recommended these vendors despite having knowledge of their incompetence.

43.     Ackerman recommended these vendors for the purposes of her own financial benefit.

44.     One of the most egregious examples being Ackerman's recommendation of an accounting firm, Levine & Associates LLC, whose services were deficient and have resulted in IRS scrutiny and in connection with which plaintiffs have suffered financial losses, fees, costs, expenses, and penalties.

45.     Ackerman was required to engage in an appropriate level of interaction with Practice staff for training and team building purposes. Ackerman entirely failed to interact with them appropriately.

46.     During onsite visits, Ackerman did not make herself available to Practice staff and instead did work for and took phone calls from other clients.

47.     Ackerman also harassed and abused staff, exposing the Practice to employment related claims.

48.     Ackerman exaggerated her position of authority in the Practice to third parties.  This included representing herself as "Practice Manager".

49.     Ackerman illicitly gained access to confidential information of the Practice.

50.     She established herself as a provider in the Practice's insurance billing system, obtained access to business and personal credit cards and bank accounts, and obtained keys to the office and to the security camera system.  Ackerman had no authority to undertake any such action.

51.     Ackerman failed to appropriately monitor billing and to timely collect outstanding balances.

52.     When Ackerman did set out to collect outstanding balances, her conduct was aggressive and off-putting, causing significant patient attrition.

53.     Ackerman caused Dr. Gruenbaum to sign up for the review system "BirdEye" which Dr. Gruenbaum paid for only to subsequently learn that the Practice had never actually been signed up by Ackerman and instead she had been paying for the service for one of Ackerman's other clients.

54.     Because of defendants' actions, the Practice's performance declined substantially, revenues decreased, overheard and other costs increased, and plaintiffs incurred unnecessary financial losses.

55.     Defendants failed to enhance the Practice's business and did nothing to help market the Practice.

56. As a result of defendants' acts and omissions, plaintiffs have suffered emotional distress and substantial monetary harm, including lost profits, loss of goodwill, and out-of-pocket expenses, fees, and costs.

57. Defendants have been unjustly enriched, having received not less than approximately $70,000 in connection with the Agreement.

## COUNT I
## BREACH OF CONTRACT

58. Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

59. Plaintiffs and defendants are parties to a valid and enforceable contract, i.e., the Agreement.

60. Plaintiffs have performed under the Agreement.

61. By doing the things alleged herein, defendants have materially breached his Agreement.

62. As a direct, proximate, and foreseeable result of defendants' breaches of contract, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT II
## BREACH OF GOOD FAITH AND FAIR DEALING

63. Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

64.     By doing the things alleged herein, defendants have breached the duty of good faith and fair dealing owed to plaintiffs.

65.     As a direct, proximate, and foreseeable result of defendants' breaches of good faith and fair dealing, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT III
## BREACH OF FIDUCIARY DUTY

66.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

67.     Under New Jersey law, a fiduciary relationship exists when one party is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.

68.     By virtue of the parties' relationship, defendants owed fiduciary duties to the plaintiffs.

69.     By doing the things alleged herein, defendants have breached their fiduciary duties of care and loyalty to plaintiffs.

70.     As a direct, proximate, and foreseeable result of defendants' breaches of fiduciary duty, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT IV
## CONVERSION

71.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

72.     By doing the things alleged herein, defendants converted the time, money, resources, and other assets of the plaintiffs without privilege or authorization and for their own improper purposes.

73.     As a direct, proximate, and foreseeable result of defendants' conversion, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT V
## UNJUST ENRICHMENT

74.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

75.     Defendants have and continue to benefit from their receipt of the benefits and other compensation paid to them by the plaintiffs.

76.     Defendants' retention of said benefits constitutes unjust enrichment.

77.     Accordingly, the Court should require defendants to return the benefits bestowed upon them by the plaintiffs to the plaintiffs.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT VI
## FRAUD/FRAUDULENT CONCEALMENT

78.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

79.     Defendants knowingly misrepresented the truth and/or concealed material facts to induce plaintiffs to act to their detriment.

80.     As alleged herein, defendants misrepresented to Dr. Gruenbaum that Ackerman was a qualified, experienced, competent, and diligent professional.

81.     Reasonably relying on these misrepresentations, plaintiffs retained defendants' services.

82.     Reasonably relying on these misrepresentations, plaintiffs retained entered into the Agreement.

83.     Additionally, defendants knowingly and intentionally concealed their misconduct from plaintiffs for purposes of preventing them from uncovering the truth of the same and continuing to reap the benefits that plaintiffs bestowed upon them.

84.     As a direct, proximate, and foreseeable result of defendants' fraud and fraudulent concealment, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT VII
## NEGLIGENCE

85.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

86.     Defendants owed plaintiffs a duty of care as an alleged healthcare consultant.

87.     By doing the things alleged herein, defendants breached their duty of care, acted negligently, and otherwise deviated from the acceptable professional standards attendant to an alleged healthcare consultant.

88.     As a direct, proximate, and foreseeable result of defendants' negligence, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(i)     compensatory and consequential damages in an amount to be determined at trial, against defendants, individually and/or jointly and severally as appropriate;

(ii)    punitive damages;

(iii)   reasonable attorney's fees and costs;

(iv)    pre- and post-judgment interest at the highest legal rate; and

(v)     for such other and further relief as the Court may deem equitable, just, and proper, including the award of costs and expenses incurred by plaintiffs in this action.

## JURY DEMAND

Plaintiffs demand trial by a jury of twelve on all of the triable issues of this Complaint, pursuant to NJ Court Rules 1:8-2(b) and 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to NJ Court Rule 4:25-4, plaintiffs hereby designate Benjamin A. Garber, Esq. as trial counsel in this matter.

# CERTIFICATIONS

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding and no other Court action or arbitration proceeding is contemplated. There is presently pending one other action, at Docket No. C-154-19, in which one or more of the parties to this action assert matters other than the matter in controversy herein.

Other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Respectfully submitted,

Dated: June 14, 2021

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_

BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

**BARUCH S. GOTTESMAN, ESQ.**
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

|  |  |
|---|---|
| **TAMAR GRUENBAUM**; and<br>**TAMAR GRUENBAUM DDS, LLC**,<br>*doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY**,<br><br>Plaintiffs,<br><br>~ *versus* ~<br><br>**SHANALEE ACKERMAN**; and<br>**ACKERMAN PRACTICE MANAGEMENT, LLC**<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY**<br><br>Docket No. BER-L –003841-2021 |

**MEMORANDUM OF LAW BY DEFENDANTS
IN OPPOSITION TO
MOTION TO ENTER DEFAULT**

Respectfully Submitted September 1, 2021
by Baruch S. Gottesman, Esq.

1

# **Table of Contents**

I.     Introductory Statement: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.    Factual and Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   Argument: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      a.   **The Defendants were not Served** . . . . . . . . 5

      b.   **If Service was Proper, then Default
          Should not be Entered Because of
          the Defendants' Excusable Neglect** . . . . . . . 6

      c.   **If Service was Proper, then Default
          Should not be Entered Because of
          the Defendants' Meritorious Defense** . . . . . . . . 8

          i.     Fraud is Not Well-Plead

          ii.    Unjust Enrichment is Not Well Plead

          iii.   The Allegations in the
               of the Complaint are Denied in full

          iv.    This Court has No Jurisdiction
               Over the Defendants

      d.   **The Plaintiffs Will not be Prejudiced** . . . . . 10

IV.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I.   INTRODUCTORY STATEMENT

The Defendants learned of the Motion for Entry Default and immediately appear now through counsel to oppose this Motion.   As described in the Ackerman Certificate and explained in this Brief, the Defendants' junk service to a wrong address cannot qualify as "service" for purpose entering a Default against the Defendant.

Additionally and in the alternative, if the Honorable Court were to find that Service *was* proper, then the Honorable Court should not Enter a Default because of the Defendants' reasonable excuse and meritorious defense.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

As described in the Ackerman Certification, the Defendants were never served.  The Plaintiffs attempted service on an unauthorized address and failed to leave the papers with a person authorized to accept service on behalf of the Defendants.  Certification ¶¶ 21, 22, *et passim*.   The Plaintiffs then mailed the papers to the wrong address. Certification ¶¶ 9 – 11, *et passim*.

As explained in the Certification, the Defendants did not authorize anyone to accept service on behalf of themselves or the Company and they did not authorize anyone to sign the return receipt and in fact did not sign the return receipt themselves. Ackerman Certification ¶¶ 14 – 22.

Assuming for the sake of argument that service was proper, the Defendants want to explain some of the background to this case.

As alleged in the Levine Complaint filed by the Plaintiff in a parallel action (<u>Gruenbaum v. Levine</u>, ATL-L-3840/21 at ¶¶ 23, 25) and further explained in the

Ackerman Certification, ¶ 23, the services at issue in this Complaint were provided to the Plaintiff and her (ex-)husband.  As described in the <u>Gruenbaum v. Levine</u> Complaint at ¶ 36, and the Ackerman Certification ¶ 24, the services provided by the Defendants became an issue in the Plaintiff's divorce proceedings that remain ongoing in New York.

Through no wrongdoing on the Defendants' part, they found themselves dragged into a contentious matrimonial action out of state across the Hudson.

This lawsuit filed.

The Defendants understood that they were not served and that if this case were to move forward, they would be served and the case would commence *after* the resolution of the matrimonial action in New York.  They <u>*just*</u> become aware that a Motion for Entry of Default was filed against them and quickly appear to respectfully but emphatically oppose the entry of Default, as explained in this Memorandum.

*[Remainder of Page Intentionally Left Blank]*

III.    **ARGUMENT:**

A.    <u>**THE DEFENDANTS WERE NOT SERVED**</u>

If the claim is that the Plaintiffs served the Defendants pursuant to Rule 4:4-4(b)(1) then service was not valid.

The Rules provide that under limited circumstances where the Plaintiffs shows that despite diligent effort and inquiry personal service cannot be made in this state – a *condition precedent that is not alleged to have been done by the Plaintiffs*, *See, e.g.*, <u>Sarmiento v. St. Mary's Hospital Passaic</u>, 10-CIV-2042, 2012 U.S.Dist. LEXIS 95998 (D.N.J. July 10, 2012)(finding single attempt at service with skip-trace identification of new address to be insufficient diligent inquiry).– then the Plaintiffs may:

> "mail[] a copy of the summons and compliant by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; . . . (3) a corporation . . . that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business or to its registered address."

Rule 4:4-4(b)(1)(C)

Rule 4:4-3 also describes circumstances under which mailing is valid service.  *But all that depends on actually mailing the Summons and Complaint to the Defendant!*

As described in the Ackerman Certificate ¶¶ 6 – 11, and Exhibit B the mail was sent to the wrong address.  There is no indication that Plaintiffs used the registered address of the LLC or any other formal statement by the Defendants of their address upon which they could rely.  *Contrast* <u>Melton v. Brotman Foot Care Group</u>, 198 A.D.2d 481 (N.Y.App.Div. 2d Dep't 1993) a New York case which found that it was reasonable for a

Plaintiff to have served the registered address listed by the professional themselves for service of process.

No so, here. The Ackerman Certification at Exhibit A, shows that the public record listed <u>no address</u> in New York for the LLC. And the Certification at Exhibit C shows that the address used was not Ms. Ackerman's address either.

Simply put, service was not sent to the correct address.

### B.   IF SERVICE WAS PROPER, THEN DEFAULT SHOULD NOT BE ENTERED BECAUSE OF THE DEFENDANTS' EXCUSABLE NEGLECT

Assuming for the sake of argument that the Service was proper, the Defendants still respectfully submit that Default should not be entered. Here's why:

The Defendants understood – perhaps misunderstood – that they were not served and that if a case was proceeding in New Jersey, it would only happen after the resolution of the underlying matrimonial action. Certification at ¶ 23-27.

The Rules Provide:

"On motion, with briefs, and upon such terms as are just, the court may relief a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect."

Rule 4:50-1(a).

The Supreme Court explained that "[g]enerally, a defendant seeking to reopen a default judgment because of excusable neglect must show that the failure to answer was excusable under the circumstances and that a meritorious defense is available." <u>Hous. Auth. of Morristown v. Little</u>, 135 N.J. 274, 284 (1994). The standard for opening defaults, we are told, "should be viewed with great liberality, and every reasonable ground

for indulgence is tolerated to the end that a just result is reached." <u>Housing Authority of Morristown</u>, *Id.* at 283-84 *citing* <u>Marder v. Realty Constr. Co.</u>, 84 N.J.Super. 313, 318-319 (App. Div. 1964).

"An application to vacate a default, pursuant to the Rule 4:43-2, is indulged with even greater liberality." <u>Paul Sciarra, LLC v. Freeman</u>, Docket No. A-0559-16T1, 2017 N.J. Super.Unpub. LEXIS 359, at * 3 (App.Div. Feb. 15, 2017) *citing* <u>U.S. Bank N.A. v. Guillaume</u>, 209 N.J. 449 (2012).

We would go a step further and propose that if the opening of defaults are afforded liberal standards in the interest of justice, all the more so in this case where the Default as not been entered and there will be no prejudice to the Plaintiffs. There has been no Default entered, no reliance interest created, and no concern about springing a Defense on a complacent Plaintiff months or years after entry of a Default.

The excusable neglect in this case is the Defendants understanding that they were not served, and that if this case was to proceed, it would only happen after the resolution of the underlying matrimonial action. Perhaps the Defendants misunderstood, but it was reasonable for a non-lawyer from out-of-state who had no knowledge of New Jersey process to rely on their layman's understanding that the case was on hold. Once the Defendants learned of the Motion for Entry of Default the Defendants immediately presented themselves to the Court and now oppose the entry of the Default.

Contrast this situation with the case of <u>Akegan v. Fagans</u>, Index. A-1477-15T3, 2017 N.J. Super. Unpub. LEXIS 2590 (App.Div. 2017). In <u>Akegan</u>, the Honorable Judge Wilson of this Court denied a Motion to Vacate where the Defendant was served in April 2014 and failed to come to court to vacate the default until July 2015 – more than <u>fifteen months</u> later.

We would propose that this case is more in line with the matter of <u>Dori v. Shavit</u>, Docket No. BER-L-007844-2019, where the Defendant appeared in Court <u>six months</u> *after* the entry of Default and *after* a motion to Enforce Litigants Rights was filed. The Defendant in <u>Dori</u> explained that they misunderstood whether they were represented by counsel and provided an Answer with a general denial of the allegations in the Complaint. In <u>Dori</u>, the Honorable Judge Wilson vacated the entry of default and restored the case to the calendar (Order in <u>Dori v. Shavit</u>, Docket No. BER-L-007844-2019 (Super.Ct. Bergen Co. Sept. 11, 2020)).

### C. IF SERVICE WAS PROPER, THEN DEFAULT SHOULD NOT BE ENTERED BECAUSE OF <u>THE DEFENDANTS' MERITORIOUS DEFENSE</u>

If Granted Leave, the Defendants will move to Dismiss and otherwise put forth a Meritorious Defense.

This is not the place for the Defendants to argue their Motion to Dismiss, and as proposed in the Defendants' Proposed Order, they will move to Dismiss within seven (7) days of the entry of an Order denying the Motion to Enter Default.

That said, generally speaking and without prejudice to further and other arguments that the Defendants will put forth in full in their Memorandum of Support of their Motion to Dismiss; the causes of action for equitable relief (Unjust Enrichment) and the causes of action for Fraud and Conversion must be dismissed with prejudice. The other claims are all denied in full.

### i.    Fraud (Count VI) is Not Well Plead

Rule 4:5-8(a) requires that: "in all allegations of misrepresentation, fraud . . . particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable."

In their Complaint, the Plaintiffs make only the vaguest allegations about Ackerman's supposed "misrepresentations" about his credentials, qualifications, and abilities (Complaint ¶¶ 24-25). There are no allegations about what, when, where and how the allegedly false statements were made, nor what those false statements were. There is no allegation in the Complaint of anything that rises above the level of "'puffery' or 'vague and ill-defined opinions' [which are] not assurances of fact and thus do not constitute misrepresentations." <u>Alexander v. CIGNA Corp.</u>, 991 F Supp 427, 435 (D.N.J. 1997) *affirmed* 172 F.3d 859 (3d Cir. 1998). <u>Alexander</u> also cites the case of <u>VT Investors v. R & D Funding Corp.</u>, 733 F.Supp. 823, 838 (D.N.J. 1990) where statements of specific financial goals were found to be non-actionable "puffery".

As will be fully argued in the Motion to Dismiss, the Cause of Action for Fraud poisons the well without any factual basis and without even an attempt to fulfill the heightened pleading requirements for such damning allegations. It is a breach of contract claim dressed up as "fraud" and must be dismissed with prejudice.

### ii.    Unjust Enrichment (Count V) is Not Well Plead

Unjust enrichment is plainly inapplicable here because there is an adequate remedy at law. *See, e.g.*, <u>Bender, Inc. v. Jos. L. Muscarelle, Inc.</u>, 304 N.J. Super. 282, 285 (App.Div 1997) citing <u>Callano v Oakwood Park Homes Corp.</u>, 91 N.J. Super 105 (App.Div. 1966)("Recovery on the theory of quasi-contract was developed under the law to provide a remedy where none existed.").

In this case, the Plaintiffs alleged causes of action for breach of contract and other legal claims. Unjust Enrichment cannot lie and the Defendants respectfully submit the claim of Unjust Enrichment cannot be proceed because it duplicates the legal claims. Therefore the claim for Unjust Enrichment must be dismissed with prejudice.

    iii.    <u>The Substantive Claims of the Complaint are Denied</u>

The Defendants deny the substantive claims of the Complaint (Ackerman Certification at ¶ 28).

    iv.    <u>The Court has no Jurisdiction over the Defendants</u>

The Defendants were not served. The Court has no personal jurisdiction over the Defendants, and New Jersey courts have no jurisdiction over the Defendants.

**D.    <u>THE PLAINTIFFS WILL NOT BE PREJUDICED</u>**

The cases described above address Defendants who appear and seek to re-open Defaults months – <u>years</u>, in many situations described in the caselaw – after the Formal Entry of Default and Entry of Judgment.

Not so, here.

The Defendants thought they were not served and awaited the outcome of the matrimonial action. They were unable to obtain information about the proceedings taking place out-of-state (from their perspective) and are alleged to have erroneously failed to respond. The Motion to Enter Default was a wake-up call for the Defendants to obtain local New Jersey representation, which they have now done. But the short delay, which caused no prejudice to the Plaintiffs, should not be a death sentence for the Defendants' defense.

## IV.    CONCLUSION

For the reasons described above, the Defendants respectfully submit that no Entry of Default should be made and the case restored to the Trial Calendar.  A proposed Order is submitted contemporaneously with the filing of this Motion.

DATED:    **SEPTEMBER 1, 2021**

                                **RESPECTFULLY SUBMITTED**,

By:

BARUCH S. GOTTESMAN, ESQ.
New Jersey Attorney I.D. No. 02222-2006
185-12 Union Turnpike
Fresh Meadows, NY 11366*
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
*Attorney for Defendants*

TAMAR GRUENBAUM; and
TAMAR GRUENBAUM DDS, LLC,
*doing business as* RIDGEWOOD VALLEY
PEDIATRIC DENTISTRY,

          Plaintiffs,

  ~ *versus* ~

SHANALEE ACKERMAN; and
ACKERMAN PRACTICE MANAGEMENT,
LLC

          Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

Docket No. BER-L –003841-2021

[PROPOSED ALTERNATIVE]
ORDER

     **THIS MATTER** having been opened to the Court by the Braverman, Kaskey, Garber P.C., counsel for the Plaintiffs **TAMAR GRUENBAUM**; and **TAMAR GRUENBAUM DDS, LLC**, *doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY** for entry of a Final Judgment by Default pursuant to R. 4:43-2 against Defendants **SHANALEE ACKERMAN**; and **ACKERMAN PRACTICE MANAGEMENT, LLC**, and the Court having considered the submissions by the Parties,

     It is on this ___th day of September 2021, **ORDERED** as follows:

1. The Application for Entry of Default is Denied.

2. A copy of this Order shall be served on the Defendants within seven (7) days of entry and receipt by the Plaintiffs through NJ eCourts.

                                _____
                                         , J.S.C.

The Motion was Opposed

**TAMAR GRUENBAUM**; and
**TAMAR GRUENBAUM DDS, LLC**,
*doing business as* **RIDGEWOOD VALLEY**
**PEDIATRIC DENTISTR**Y,

                    Plaintiffs,

~ *versus* ~

**SHANALEE ACKERMAN**; and
**ACKERMAN PRACTICE MANAGEMENT,**
**LLC**
,

                    Defendants.

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003841-2021

**CERTIFICATION**

**STATE OF**                    )
                                ) *ss.*
**COUNTY OF**                   )

A.     **INTRODUCTION**

1.     My name is Shanalee Ackerman, and I am a natural person above the age of 18 and named in this action as a Defendant.

2.     In addition to being the named individual Defendant in this action, I am also the Registered Agent of the LLC that is also named as a Defendant.

3.     I Certify that the following statements are true.  I am aware that if any of the following statements made by me are willfully false , I am subject to punishment.

4.     I respectfully submit this Affidavit in Opposition to the Plaintiffs' Motion for Entry of Default.

5.     To the extent appropriate and if the Court so orders, I am ready to personally testify at a Proof Hearing about the circumstances of this case and why the Motion to Enter a Default should not be entered.

**B.     <u>NO DEFENDANT HAS BEEN SERVED</u>**

6.     Ackerman Practice Management, LLC is a limited liability company organized and existing under Florida law.  It has no offices in New Jersey or New York.

7.     1775 York Avenue, Suite #32A is not the address of the Registered Agent as alleged in the Affidavit of Service.

8.     The most recent Annual Report for Ackerman Practice Management, LLC shows that the address of the LLC is at Florida.  A true copy of the June 2, 2021 filing with the Florida Department of State is is annexed as Exhibit A.

9.     I am informed that the Plaintiffs alleged they served and mailed Ackerman Practice Management, LLC, at 1775 York Avenue, Suite #32A, New York, New York.

10.     1775 York Avenue, Suite #32A, New York, NY is not my address

11.     Annexed as Exhibit B is a copy of just one example showing that my address – this is a redacted copy of a current utility bill.  If so requested, I can provide the Court whatever supplementary evidence it may need at the Hearing on Proof about this issue.  Simply put: I don't live at 1775 York Avenue, Suite #32A, New York New York and did not leave at that address when I was supposedly served and sent mail.

12.     With the entry of an appropriate Order of Confidentiality, I can share with the Court a copy of my lease confirming that I do not live at the supposed address where service and mailing was sent.

13.     In addition, I am informed that the papers submitted by the Plaintiffs include a return receipt dated June 24, 2021.

14.     I did not sign that return receipt.

15.     I was not in New York City on June 24, 2021.

16.     Annexed as Exhibit C is an AirBNB confirmation of a trip to New England that I took which included June 24, 2021.  With the entry of an appropriate Order of Confidentiality, I can share with the Court my credit card records showing purchases made in person in New England on June 23 – June 27, 2021.

17.     Simply put I did not sign the return receipts.

18.     It would appear, although admittedly this is speculation based on information and belief, that as a courtesy, the doorman at the 1775 building may have without authority taken on herself or himself to sign the return receipts.

19.     But for the avoidance of doubt: the mail and deliveries were not sent to my address.

20.     I did not sign the return receipts.

21.     And at no time did I authorize the building doorman to accept service on my behalf or on behalf of Ackerman Practice Management LLC.

22.     At no time did I authorize the building doorman to sign a return receipt on behalf of myself or on behalf of Ackerman Practice Management LLC.

C. **CONTEXT OF THIS LAWSUIT**

23. In addition, I understood that this case here in New Jersey, arises from the proceedings in an ongoing matrimonial action between the Plaintiff and her (ex-)husband in New York.

24. I had heard rumors about the lawsuit but understood that any action – including any supposed lawsuit against me and my LLC – was Stayed while the matrimonial action was pending with an eye to resolving this out of court or the case being mooted by the outcome of the matrimonial action.

25. I am not a lawyer and had no independent basis for me to find out how this case was proceeding and until I obtained New Jersey counsel, I was unaware that I was supposedly in "Default" and had no idea that the Plaintiffs claim to have served me with the papers.

26. I hope the Court will understand that it has always been my intention that if a lawsuit was filed against me, I would defend it in good faith.

27. If the service was valid, then my failure to respond earlier was based on my understanding that I was not served and that separately, the case was Stayed pending the outcome of the matrimonial action.

28. In addition, the allegations in the Complaint about my alleged wrongdoing are entirely untrue and I deny them completely.

29. Thank you for your consideration of this Certification and with my lawyer's Memorandum of Law in Opposition to the Motion for Entry of a Default, I respectfully ask that the Court not enter a default and provide me the opportunity to respond to the Complaint.

30.    I remain available if the Court would want further information in any Proof Hearing on the issues raised in this Motion.

DATED:    **SEPTEMBER 1, 2021**

                          **RESPECTFULLY SUBMITTED**,

          By:    _____

                          **SHANALEE ACKERMAN**

Signed and sworn before me this
1st day of September, 2021

_____

```
CHIRAG PATEL
ELECTRONIC NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
REGISTRATION # 7679556
COMMISSION EXP JUNE 30, 2024
```
Notary Stamp Placed at 2021/09/01 22:30:29 EST                az0cs

  Document Notarized using a Live Audio-Video Connection

## 2021 FLORIDA LIMITED LIABILITY COMPANY REINSTATEMENT

DOCUMENT# L16000110617

**FILED**
**Jun 02, 2021**
**Secretary of State**
**3423877675CR**

**Entity Name:** ACKERMAN PRACTICE MANAGEMENT, LLC

**Current Principal  Place of Business:**

13867 JEREMIAH ROAD
JACKSONVILLE,  FL  32224

**Current Mailing Address:**

13867 JEREMIAH ROAD
JACKSONVILLE,  FL  32224  US

**FEI Number: 81-3364623**                                              **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

ACKERMAN, SHANALEE
13867 JEREMIAH ROAD
JACKSONVILLE, FL  32224  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:   SHANALEE ACKERMAN                                                                        06/02/2021

_____Electronic Signature of Registered Agent_____                                                     Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | AMBR |
| Name | ACKERMAN, SHANALEE |
| Address | 104 WEST OAK HIGHWAY |
| City-State-Zip: | WESTMINSTER  FL  29697 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: SHANALEE ACKERMAN                          MEMBER                               06/02/2021

_____Electronic Signature of Signing Authorized Person(s) Detail_____                                            Date



August 29, 2021
Account Number:
Security Code:
Service At:        1775 YORK AV APT 5F
                   NEW YORK NY 10128-6906

**Auto Pay Notice**

**Have questions about your bill?**
Visit us at **Spectrum.net/billing**
Or, call us at 1-855-70-SPECTRUM (1-855-707-7328)

## NEWS AND INFORMATION

**Enrolled in Auto Pay:** Your Auto Pay payment will be deducted on your due date.

**Make your next move!** We'll get your Spectrum services set up in your new home so you can get settled in faster. Manage your account with the My Spectrum App and learn about self-install options to handle your move on your terms. **Call 1-844-599-7767 or visit Spectrum.net/easymove** .

**Are you a small business owner?** Find out how Spectrum Business can help your business cut their bill in half. **Call 844-308-1622 today!**

**Download the latest version of the My Spectrum App from your device's app store.** The My Spectrum App makes it easier than ever to manage your Spectrum services. A hassle-free experience with one convenient place for handling all your account needs.

| **Summary** Service from 08/29/21 through 09/28/21 details on following pages | |
|---|---:|
| Previous Balance | ▇ |
| Payments Received -Thank You! | ▇ |
| **Remaining Balance** | **$0.00** |
| Spectrum TV® ™ | ▇ |
| Spectrum Internet™ | ▇ |
| Other Charges | ▇ |
| Taxes, Fees and Charges | ▇ |
| Current Charges | ▇ |
| *YOUR AUTO PAY WILL BE PROCESSED 09/16/21* | |
| **Total Due by Auto Pay** | ▇ |

**Thank you for choosing Spectrum.**
We appreciate your prompt payment and value you as a customer.

**Auto Pay** Thank you for signing up for auto pay. Please note your payment may be drafted and posted to your Spectrum account the day after your transaction is scheduled to be processed by your bank.

**Spectrum**

4145 S. FALKENBURG RD RIVERVIEW FL 33578-8652

SHANALEE ACKERNAN
1775 YORK AVE APT 5F
NEW YORK NY 10128-6906

August 29, 2021

**SHANALEE ACKERNAN**
Account Number:
Service At:        1775 YORK AV APT 5F
                   NEW YORK NY 10128-6906

| **Total Due by Auto Pay** | ▇ |
|---|---:|

SPECTRUM
PO BOX 7186
PASADENA CA  91109-7186

 Gmail

███████████████████████

███████████████████████

██████████
██████████

**From:** Holland Inn of Bar Harbor <communications@resnexus.com>
**Date:** April 27, 2021 at 11:22:34 AM EDT
**To:** erin.doherty0@gmail.com
**Subject: Holland Inn of Bar Harbor - Confirmation: #85044**
**Reply-To:** Holland Inn of Bar Harbor <info@hollandinn.com>

Tuesday, Apr 27, 2021

Dear Erin,

This  letter is  to confirm the reservation you have made at the Holland Inn. Here are directions
check in procedures. If you have any questions at all, please call or send an email. Also if poss

FROM BANGOR, MAINE : [approximately 45 miles]
It takes about 45 minutes to an hour to get here, October through mid June or 1-1 1/2 hours [at
From Interstate 95 North or South, get off at Exit 182A  in Bangor, which is Interstate 395 East.
Route 3 to Bar Harbor. There are a lot of signs.
At the head of the island, there will be a light and a fork in the road. Go left, following  Route 3.
Avenue. We are a few hundred yards down the road on the left, the large white farmhouse with

UPON ARRIVAL, please park in my lot, which is behind the inn. Walk inside the house and in th
posted, and we will come to check you in.

Your confirmation number is: #85044. We have you confirmed for:



| RESERVATION INFORMATION (#85044) - ERIN DOHERTY | |
|---|---|
| ██████████████ | 203 4171184<br>Estimated Arrival - 3:00 PM |
| **St. Sauveur** | **$415.00** |

**BARUCH S. GOTTESMAN, ESQ.**
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

| | |
|---|---|
| **TAMAR GRUENBAUM**; and **TAMAR GRUENBAUM DDS, LLC**, *doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY**, <br><br> Plaintiffs, <br><br> ~ *versus* ~ <br><br> **SHANALEE ACKERMAN**; and **ACKERMAN PRACTICE MANAGEMENT, LLC** <br><br> Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY** <br><br> Docket No. BER-L -003841-2021 |

**TO THE HONORABLE COURT AND COUNSEL FOR THE PLAINTIFFS:**

The Court via NJ eCourts
Superior Court of New Jersey
Law Division
10 Main Street
Hackensack, NJ 07601

Counsel for the Plaintiffs via NJ eCourts
Braverman Kaskey Garber P.C.
Benjamin A. Garber, Esq.
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that the Undersigned counsel for the Defendants that

**SHANALEE ACKERMAN**; and **ACKERMAN PRACTICE MANAGEMENT LLC**, hereby

respectfully apply to the Superior Court of New Jersey, Law Division, Bergen County at 10 Main

Street, Hackensack, NJ 07601 for an Order Consolidating this Action with the Matter of

Gruenbaum v. Levine, BER-L-003840-2021.

**PLEASE TAKE NOTICE** that in Support of their Application, the Defendants

respectfully rely on the Attached Memorandum of Law in Support by Baruch S. Gottesman, Esq.

**NOTICE: IF YOU WANT TO RESPOND TO THIS MOTION YOU MUST DO SO IN WRITING.**

Your written response must be in the form of a certification or affidavit. That means that the person signing it swears to the truth of the statements in the certification or affidavit and is aware that the court can punish him or her if the statements are knowingly false. You may ask for oral argument, which means you can ask to appear before the court to explain your position. If the court grants oral argument, you will be notified of the time, date, and place. Your response, if any, must be in writing even if you request oral argument. Any papers you send to the court must also be sent to the opposing party's attorney, or the opposing party if they are not represented by an attorney.

**PLEASE TAKE FURTHER NOTICE** that Defendants respectfully request oral argument if so allowed by the Honorable Court.

DATED: **SEPTEMBER 2, 2021**

**RESPECTFULLY SUBMITTED**,

By:

BARUCH S. GOTTESMAN, ESQ.
New Jersey Attorney I.D. No. 02222-2006
185-12 Union Turnpike
Fresh Meadows, NY 11366*
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
*Attorney for Defendants*

# CERTIFICATION OF SERVICE

I, Baruch S. Gottesman, Esq. certify that on September 2, 2021, I sent a copy of this Notice of

Motion, [Proposed] Order and the Memorandum of Law in Support by counsel to the Defendant

Baruch S. Gottesman, Esq., by electronic filing (New Jersey e-courts online system):

DATED:     **SEPTEMBER 2, 2021**

                              **RESPECTFULLY SUBMITTED**,

        By:    _Baruch S. Gottesman_

                              BARUCH S. GOTTESMAN, ESQ.
                              New Jersey Attorney I.D. No. 02222-2006
                              185-12 Union Turnpike
                              Fresh Meadows, NY 11366*
                              Phone: (212) 401-6910
                              e-mail: bg@gottesmanlegal.com

<table>
<tr>
<td>

**TAMAR GRUENBAUM**; and
**TAMAR GRUENBAUM DDS, LLC**,
*doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY**,

               Plaintiffs,

    *~ versus ~*

**SHANALEE ACKERMAN**; and
**ACKERMAN PRACTICE MANAGEMENT, LLC**

             Defendants.

</td>
<td>

**SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003840-2021

 

**[PROPOSED] ORDER**

</td>
</tr>
</table>

      **THIS MATTER** having been opened to the Court by the Baruch S. Gottesman, Esq., of the Law Offices of Baruch Gottesman, Esq., counsel for the Defendants **SHANALEE ACKERMAN** *and* **ACKERMAN PRACTICE MANAGEMENT LLC**, upon Notice of Motion for an Order to Consolidate this Action with <u>Gruenbaum, et al. *v.* Levine</u>, et al., Docket No. BER-L-003840-21;

      **THEREFORE**, it is on this ___th day of September, 2021, that

      **IT IS NOW FURTHER ORDERED** pursuant to New Jersey Court Rule 4:38-1 and other relevant provisions of New Jersey law, and for good cause shown, that this matter is consolidated with the matter of <u>Gruenbaum, et al. v. Levine, et al.</u>, Docket No. BER-L-003840-21; and that the Levine and Ackerman actions shall both proceed on Track II under the following the Docket No. BER-L-004840-21 matter under the following amended caption:

TAMAR GRUENBAUM; and
**TAMAR GRUENBAUM DDS, LLC**,
*doing business as* **RIDGEWOOD VALLEY
PEDIATRIC DENTISTRY**,

Plaintiffs,

~ *versus* ~

**SHANALEE ACKERMAN;
ACKERMAN PRACTICE MANAGEMENT,
LLC; JOSH LEVINE, CPA**; and
**JOSH LEVINE CPA P.C.** *doing business as*
**LEVINE & ASSOCIATES**; and
**EHCM LLC**,

Defendants.

**SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003840-2021

**CIVIL ACTION**

 

**IT IS NOW FURTHER ORDERED**, that _____

_____

_____

IT IS NOW FURTHER ORDERED, that a copy of this Order be served via

New Jersey e-Courts on all Parties within Seven (7) days of its entry.

_____
, J.S.C.

The Motion was

_____ Opposed

_____ Not Opposed

**BARUCH S. GOTTESMAN, ESQ.**
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

| | |
|---|---|
| **TAMAR GRUENBAUM**; and **TAMAR GRUENBAUM DDS, LLC**, *doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY**, <br><br> Plaintiffs, <br><br> *~ versus ~* <br><br> **SHANALEE ACKERMAN**; and **ACKERMAN PRACTICE MANAGEMENT, LLC** <br><br> Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY** <br><br> Docket No. BER-L –003841-2021 |

**MEMORANDUM OF LAW BY DEFENDANTS
IN SUPPORT OF
MOTION TO CONSOLIDATE**

Respectfully Submitted September 2, 2021
by Baruch S. Gottesman, Esq.

1

## **Table of Contents**

I.    Introductory Statement: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.    Factual and Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    Argument: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       a.    **The Defendants were not Served** . . . . . . . . 5

       b.    **If Service was Proper, then Default**
             **Should not be Entered Because of**
             **the Defendants' Excusable Neglect** . . . . . . 6

       c.    **If Service was Proper, then Default**
             **Should not be Entered Because of**
             **the Defendants' Meritorious Defense** . . . . . . . . 8

           i.    Fraud is Not Well-Plead

           ii.    Unjust Enrichment is Not Well Plead

           iii.    The Allegations in the
                of the Complaint are Denied in full

           iv.    This Court has No Jurisdiction
                Over the Defendants

       d.    **The Plaintiffs Will not be Prejudiced** . . . . . 10

IV.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I.   INTRODUCTORY STATEMENT

The Defendants learned of the Motion for Entry Default and immediately appear now through counsel to oppose this Motion.   As described in the Ackerman Certificate and explained in this Brief, the Defendants' junk service to a wrong address cannot qualify as "service" for purpose entering a Default against the Defendant.

Additionally and in the alternative, if the Honorable Court were to find that Service *was* proper, then the Honorable Court should not Enter a Default because of the Defendants' reasonable excuse and meritorious defense.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

The two <u>Gruenbaum</u> cases were filed seriatum.   The companion case is docketed as BER-L-003840/21 (<u>Gruenbaum v. Levine</u>) and our case which is docketed as BER-L-003841/21 (<u>Gruenbaum v. Ackerman</u>).   The two cases involve the same Plaintiffs and two sets of Defendants who will both be represented by the same counsel (the Undersigned).

Both cases involve the alleged provision of accounting services by the two sets of Defendants and identify the same causes of action.   Both cases are assigned to the same Justice.

And in substance, the cases arise from the same alleged factual issues.

The Complaint in this case alleges:

"One of the most egregious examples [of Ackerman's wrongdoing] being Ackerman's recommendation of an accounting firm, Levine & Associates LLC, whose services were deficient and have resulted in IRS scrutiny in connection with which plaintiffs have suffered financial losses, fees, costs, expenses, and penalties."

Complaint at ¶ 44.

The supposedly "deficient" services provided by Levine & Associates LLC are the key issue in the <u>Gruenbaum v. Levine</u>, BER-L-003840/21 case.

The division of the single fact pattern into two cases may result in entirely inconsistent rulings. The "most egregious" example of wrongdoing allege din this case are the *same issue* in the Levine. If the cases are not consolidated, the same nucleus of operative facts will be adjudicated in two separate proceedings, with potential conflicting decisions and findings.

For this reason and as argued in this Memorandum of Law, consolidation is appropriate.

*[Remainder of Page Intentionally Left Blank]*

## III.    ARGUMENT:

### A.    THE CASES SHOULD BE CONSOLIDATED

The <u>Rules</u> Provide:

"When actions involving a common question of law or fact
arising out of the same transaction or series of transactions
are pending in the Superior Court, the court on a party's or
its own motion may order the actions consolidated."

<u>N.J. Court Rules</u>, R. 4:38-1

A key consideration is whether, "absent consolidation, two juries could
reach inconsistent verdicts if the jury in the first action plaintiff's [damage] to the injuries
sustained in the second accident, and jury in the second action attributes the plaintiff's
[damage] to the injuries she sustained in the first accident". <u>Moraes v. Wesler</u>, 439 N.J.
Super 375, 379, 109 A3d 218, 221 (App.Div. 2015).  *See also* <u>Ajpacaja .v Pro-Line Bldrs.</u>,
Docket No. A-3699-18T2, 2020 N.J. Super. Unpub. LEXIS 2022, at *6 (App.Div. Oct. 20,
2020)("Our court rules and case law strive to avoid piecemeal decisions.  For example, the
entire controversy doctrine seeks to assure that all aspects of a legal dispute occur in a
single lawsuit.  The goal is to promote judicial efficiency, assure fairness to all parties with
a material interest in an action, and encourage the conclusive determination of a legal
controversy." (*citations omitted*)).

The Complaint in this case alleges that:

"[o]ne of the most egregious examples [of Ackerman's
wrongdoing] being Ackerman's recommendation of an
accounting firm, Levine & Associates LLC, whose services
were deficient and have resulted in IRS scrutiny in
connection with which plaintiffs have suffered financial
losses, fees, costs, expenses, and penalties."

<u>Gruenbaum v. Ackerman</u>, Docket No. 003841-2021, Complaint at ¶ 44.

The allegation that Levine & Associates' services were deficient are also the basis for the claims in this case.  *See* Complaint in <u>Gruenbaum v. Levine</u>, Docket No. 3840-2021 *at* ¶¶ 39, 53, *et passim*.

Let's transport ourselves into the conference room as the Jury considers the trial they just observed in this case.  Our Jury will naturally find that Ackerman Practice Management LLC did *not* act wrongly and their services were *not* deficient.  Across the hallway, though, the Levine trial has concluded and the Levine Jury is considering the *exact same factual questions*.  Let's imagine that the Levine jury reaches the opposite conclusion as their friends across the hall – the Levine jury concludes as a factual matter that Levine's services *were* deficient.

The bell rings and the two juries return with their verdict.

The Ackerman jury announces as a factual matter that the services *were not* deficient.  Their friends across the hall in the Levine jury find that the services *were* deficient.  Where does that leave the parties?

Plainly, the two cases which are premised on the same nucleus of operative facts belong in the same Courtroom, before the same Judge, and in a single action where the two sets of Defendants can put forth a joint defense covering the same legal and factual questions.  This will allow the legal conclusions during Motion practice, and factual conclusions of the factfinder will be consistent.

For these reasons, the Defendants with the consent of the Levine Defendants (who are represented by the undersigned counsel and have separately moved for Consolidation) respectfully move to consolidate the two actions under the 3841/21 Docket Number.  A proposed Order is filed simultaneously with this Memo.

## IV.    CONCLUSION

For the reasons described above, the Defendants respectfully submit that the two cases should be consolidated.  A proposed Order is submitted contemporaneously with the filing of this Motion.

DATED:    **SEPTEMBER 2, 2021**

                                              **RESPECTFULLY SUBMITTED**,

By:

                                              BARUCH S. GOTTESMAN, ESQ.
                                              New Jersey Attorney I.D. No. 02222-2006
                                              185-12 Union Turnpike
                                              Fresh Meadows, NY 11366*
                                              Phone: (212) 401-6910
                                              e-mail: bg@gottesmanlegal.com
                                              *Attorney for Defendants*

**BARUCH S. GOTTESMAN, ESQ.**
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

| | |
|---|---|
| **TAMAR GRUENBAUM**; and<br>**TAMAR GRUENBAUM DDS, LLC**,<br>*doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY**,<br><br>Plaintiffs,<br><br>~ *versus* ~<br><br>**SHANALEE ACKERMAN**; and<br>**ACKERMAN PRACTICE MANAGEMENT, LLC**<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: BERGEN COUNTY**<br><br>Docket No. BER-L –003841–2021 |

# CERTIFICATION OF SERVICE

I, Baruch S. Gottesman, Esq. certify that on September 2, I sent a copy of this Notice of Motion,

[Proposed] Order, and the Memorandum of Law in Support by counsel to the Defendants, by

electronic filing (New Jersey e-courts online system):

DATED:     **SEPTEMBER 2, 2021**

**RESPECTFULLY SUBMITTED,**

By:

BARUCH S. GOTTESMAN, ESQ.
New Jersey Attorney I.D. No. 02222-2006
185-12 Union Turnpike
Fresh Meadows, NY 11366*
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                    *Attorneys for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs*, | Docket No. <u>BER-L-003841-21</u> |
| v. | |
| SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC, | REPLY BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| *Defendants.* | |

Plaintiffs Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC, d/b/a

Ridgewood Valley Pediatric Dentistry ("Plaintiffs"), by their undersigned counsel,

file this reply brief in support of their Motion for entry of Default Judgment against

defendants Shanalee Ackerman ("Ackerman") and Ackerman Practice Management,

LLC ("APM"), and state as follows:

     **1.**    **<u>Defendants Have Not Moved to Open the Entry of Default</u>**

Default has been entered against Ackerman and APM pursuant to N.J. Court

Rule 4:43-1 (on August 17, 2021). New Jersey Court Rule 4:43-3 provides that for

"good cause shown" a court may set aside an entry of default upon a motion by the

defaulted party that "***shall be accompanied***" by either an answer to the complaint and CIS or a dispositive motion pursuant to R. 4:6-2.  Defendants have ***not*** moved (or cross-moved) to set aside the entry of default.  Even if their "Memorandum of Law by Defendants in Opposition to Motion to Enter Default" ("Memorandum") filed September 2, 2021, were accepted as a cross-motion to set aside the entry of default, it is ***not*** accompanied by an answer to the complaint or a R. 4:6-2 dispositive motion, as required.[1]

## 2.    Defendants Fail to Satisfy Rule 4:50

New Jersey Court Rule 4:50 ("Relief From Judgment or Order") provides, in relevant part, that "on motion, with briefs" a court may relieve a party from a final judgment for "mistake, inadvertence, surprise of excusable neglect."  A default judgment will not be disturbed unless the failure to answer or otherwise appear and defend was excusable under the circumstances and the defendant has a meritorious defense (either to the cause of action itself or, if liability is not disputed, to the quantum of damages assessed.  *US Bank Nat. Ass'n v. Guillame*, 209 N.J. 449, 468-9 (2012).  Putting aside that a default judgment has yet to be entered, as before, there is no motion or cross-motion by defendants' seeking relief under Rule 4:50.  And even if their Memorandum is construed as such a motion or cross-motion, defendants fail to demonstrate "mistake, inadvertence, surprise of excusable neglect" ***or*** a meritorious defense.

---

[1]  It hints at a dispositive motion to be filed against two of the five counts in the complaint.  See Memorandum at 9-10.

**No "Excusable Neglect"**

Defendants argue "excusable neglect" as a basis for opposing entry of default judgment.  Specifically, defendants state that while Ackerman "heard rumors" of this lawsuit, she "misunderstood" that this action had been "Stayed" pending the outcome of "an ongoing matrimonial action between the Plaintiff and her (ex) husband in New York."  See Ackerman "Certification" dated September 1, 2021 (the "Certification") at pars. 23-24 and 26.  Ackerman's counsel argues this was "excusable neglect." Memorandum, p.7.  Excusable neglect has been defined as excusable carelessness "attributable to an ***honest mistake*** that is ***compatible with due diligence or reasonable prudence***."  *Mancini v. EDS*, 132 N.J. 330, 335 (1993).  But Ackerman offers no explanation why she mistakenly believed this action had been stayed (pending a divorce proceeding in New York, no less), and, not surprisingly, no reason why that absurd mistaken belief is compatible with either due diligence or reasonable prudence.[2]

Plainly, Ackerman is not like the defendant in *Bergen-Eastern Corp. v. Koss*, 178 N.J. Super. 42 (App. Div.), appeal dism'd 88 (N.J. 499 (1981), where the court affirmed a finding of excusable neglect by an aged widow with a psychiatric history who did not appreciate the import of service of a tax foreclosure complaint. By all (self) accounts, Ackerman is neither aged nor lacking in mental capacity. See APM website, including bio of Ackerman, attached hereto as Exhibit A (web address:

---

[2] Of course, her statement that she developed this mistaken belief after having "heard rumors" of the instant action is clearly incompatible with her contention that she never was served with the summons and complaint.  This is further developed *infra*.

ackermanpracticemanagement.com/about).  Instead, Ackerman is more like the defendant in *Deutche Bank Nat. Trust v. Russo*, 429 N.J. Super. 91, 98-99 (App. Div. 2012), where the court found no excusable neglect based upon an unsupported statement that the defendant believed, based on the loan servicer's representation, that there was no need to answer or defend the foreclosure action.

### No Meritorious Defense

As seen, a default judgment will not be disturbed under Rule 4:50 unless the failure to answer or otherwise appear and defend was excusable under the circumstances ***and*** the defendant has a meritorious defense.  After all, "[i]t would create a rather anomalous situation if a judgment were to be vacated on the ground of mistake, accident, surprise or excusable neglect, only to discover later that the defendant had no meritorious defense. The time of the courts, counsel and litigants should not be taken up by such a futile proceeding." *US Bank Nat. Ass'n v. Guillaume*, 209 N.J. 449, 469 (2012), quoting *Schulwitz v. Shuster*, 27 N.J. Super. 554, 561 (App.Div.1953).

Defendants founder on this second prong as well, as the absolute best they can muster with respect to Counts I through IV and VII of the Complaint is Ackerman's bald statement that "the allegations in the Complaint about my alleged wrongdoing are entirely untrue and I deny them completely."  Declaration, par. 28; see also Memorandum, p. 10 ("Defendants deny the substantive claims of the Complaint").  ***Simply put, such a bald denial is just not good enough***. E.g., *Lockwood v. Lockwood*, 2020 N.J. Super. Unpub. Lexis 1179, *7 (App. Div. June 18,

4

2020) ("A meritorious defense need be more than a bald denial …"); *Carrano v. Dibizheva*, 2011 N.J. Super. Unpub. Lexis 929, *20-21 (App. div. April 14, 2011 ("… the bald denial of a plaintiff's complaint is usually insufficient to demonstrate that a meritorious defense exists"), citing 10 James W. Moore et al., *Moore's Federal Practice - Civil* ¶ 55.70[2] (3d ed. 2011) ("While the burden is not high, mere denials or conclusory allegations are not sufficient.").

### 4.   <u>Defendants Were Served With Process</u>

Defendants' opposition based on lack of *in personam* jurisdiction (i.e., no effective service) is unavailing since on June 24, 2021 Ackerman and APM were served with the summons and complaint in the New York City building (775 York Avenue) where Ackerman, APM's registered agent, resides.  This is evidenced by return receipt cards from the post-office showing a scrawled handwritten signature on a line directly above a line containing the hand-printed name "S. Ackerman." See Affidavits of Service filed July 9, 2021, Exhibits B and C hereto.  Service by certified mail was made only after the doorman at the building turned away Plaintiffs' process server, the details of which are described with specificity in Exhibit 2 to Plaintiffs' Motion for Entry of Default Judgment. This was, in all aspects, proper and effective service as provided for in Rule 4:4-4(b) (1), which states, in relevant part, that if it appears by affidavit satisfying the requirements of R. 4:4-5(b) that personal service cannot be made by personal service in the State of New Jersey, *in personam* jurisdiction may be obtained by:

> (C) mailing a copy of the summons and complaint  by registered or
> certified mail, return receipt requested, and, simultaneously, by

ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode ….[3]

Notably, Ackerman does **not** contend that 775 York Avenue, New York City is **not** her dwelling house or usual place of abode. Moreover, she herself supplies proof (Exhibit A to her Certification) that she is the registered agent of AFM. Instead, Ackerman asserts that the unit/apartment number in the mailing address was incorrect and that she did not sign the return receipt card. Plainly, it is irrelevant whether the apartment number in the address was correct if Ackerman herself signed for the process. Further, close examination of her Certification leads to the conclusion that, *as the return receipt cards indicate*, it was indeed Ackerman who signed for the certified delivery of process.

In this regard, one starts from Ackerman's **admission** that she "heard rumors" of this lawsuit. Plaintiffs submit that the only logical way for Ackerman to have "heard" such a "rumor" is to have read the complaint herself; her vague statement is nothing more or less than extremely careful draftsmanship in an attempt to avoid outright perjury. Further, Ackerman goes on to state that: "If the service was valid, then my failure to respond earlier was based on my understanding that I was not served …" Certification, par. 27. But the only rational way for Ackerman to "understand that [she] was not served" was to have signed for the certified delivery, opened it, read the summons and complaint, and

---

[3] Defendants cite *Sarmiento v. St. Mary's Hospital Passaic,* 2012 U.S. Dist. Lexis 95998 (D.N.J. July 10, 2012) for the proposition that Plaintiffs' "inquiry" was insufficiently "diligent." *Sarmiento* is easily distinguished, however, since in that case plaintiffs moved the court to allow substituted service on the defendant's insurer.

then come to the **incorrect** conclusion – by herself or with the assistance of a friend (or counsel) – that the service was not legally **effective**.[4]

Moreover, and in any event, effective service of process upon Ackerman and APM was also made by certified mail, return receipt requested, at the Florida address provided by here in Exhibit A to Certification, i.e., the "2021 Florida Limited Liability Company Reinstatement." This document lists APM's current principal place of business and current mailing address as 13867 Jeremiah Road, Jacksonville, Florida. It also lists Ackerman as the "current registered agent" at the same address. Attached hereto as Exhibit D are the signed return receipt cards for both Ackerman and APM. While not noted on the cards, the certified mailings were delivered on June 29, 2021 at 10:49 am, as shown on the USPS Tracking Report attached hereto as Exhibit E. Thus, even if service of process at the 775 York Street, NYC address, is deemed defective, the same claim cannot be made for the delivery at the Florida address.

---

[4]  Ackerman also claims to have been vacationing in Maine on June 24 and attaches what purports to be a reservation confirmation email dated April 27, 2021 for the aforementioned date (although the date is, for the most part, cut off of the exhibit). However, the email purports to be from the Holland Inn of Bar Harbor to erin.doherty@gmail.com. **Ackerman's name is not Erin Doherty**, nor does she make any attempt to explain this rather glaring discrepancy.

7

**5.**     <u>**Conclusion**</u>

For the reasons set forth above and in Plaintiffs' Motion for Default

Judgment, Plaintiffs respectfully request that the Court enter judgment against

Ackerman and APM, as requested in the Motion.

Respectfully submitted,

Dated: September 7, 2021                    **BRAVERMAN KASKEY GARBER PC**

BY:  */s/ Benjamin A. Garber*
          BENJAMIN A. GARBER, ESQUIRE
          One Liberty Place- 56th Floor
          1650 Market Street
          Philadelphia, Pennsylvania 19103
          Telephone: (215) 575-3800
          Facsimile: (215) 575-3801

          *Attorneys for Plaintiffs*

# EXHIBIT   A



# Ackerman Practice Management
## Proven Management Solutions



516-218-6808

About    Consulting    Compliance    Continuing Education    Contact    Blog

MEDICAL AND DENTAL PRACTICE MANAGEMENT AND CONSULTING

## ABOUT ACKERMAN PRACTICE MANAGEMENT AND OUR TEAM

We have worked with hundreds of doctors and dentists throughout the United States and know how challenging it is to become a phenomenal clinician and run a successful practice. You have invested hundreds of thousands of dollars in your education and towards the continued commitment to learn and provide the best care to your patients. We see medical and dental practitioners throughout the United States continue to invest in personal and professional education, staff training, practice enhancement, and state of the art technology, yet still struggle to grow.

At Ackerman Practice Management, we realize that during your schooling they did not teach you how to operate a medical or dental practice based on strong business systems. Ackerman Practice Management knows that your practice will thrive with strong leadership and concise system development. For your practice to grow and produce predictable and measurable results a strong foundation of constantly managed systems must be in place.

We have found that most medical and dental practices are in a state of chaos because they are running day-to-day operations with limited consistency in fundamental practice systems. The practitioner is often exhausted and frustrated, the staff is working incredibly hard, and despite every effort, the practice does not see sustainable growth or financial success. The core of Ackerman Practice Management methods is about fundamental clinical and business systems and leadership. With the right foundations in place, you can go to work with confidence, knowing that your efforts will be rewarded with predictable and measurable growth and success. Ackerman Practice Management will provide you the tools and systems needed so your practice runs the way you want it to run, has consistent growth, and you are financially secure.

Ackerman Practice Management is about providing you with managed clinical and business systems, customized to your unique patient base, your philosophy of care and your goals. Every system is customized for you. We provide the operational policies, help establish measurable goals, set benchmarks, train staff, and manage business operations so you can do what you love, providing exceptional care to your patients.

## Practice Management Consultants



### Shana Ackerman
### Founder and CEO

Shana Ackerman, Practice Management Specialist, holds a Master of Business Administration, a Master of Accounting, a Bachelor of Science in Neuropsychology and an Associate of Science in Dental Hygiene. She has been in health care and business management for more than fifteen years. Prior to her career in healthcare, Shana served honorably in the US Navy where she gained insight into the strategic planning, discipline and implementation of operational systems in the world's largest corporation - the United States military. It was Shana's education and experience in the military and medical and dental practices that fostered her development of systems and strategies that provides effective planning, leadership, staff development, human resource policy and management systems, monitoring and consulting for medical and dental professionals throughout the United States.

As a Practice Management Specialist, Shana understands that success starts at the top. She understands that a practice owners' attitude and behavior will directly correlate to the success or failure of a practice. Because of this knowledge Shana is able to assist medical and dental professionals develop strategic leadership skills. Shana recognizes how critical it is for a doctor and dentist to have a well-developed clinical standard of care and unique philosophy for their own business, but says, "without a strong foundation of business systems and consistency of purpose, the practice will not be able to see sustainable growth or financial success."



# Ackerman Practice Management
## Proven Management Solutions



**516-218-6808**

About    Consulting    Compliance    Continuing Education    Contact    Blog

MEDICAL AND DENTAL PRACTICE MANAGEMENT AND CONSULTING



...ah Martin specializes in dental practice management and loves to design unique comprehensive ...atment plans for each dental practice she evaluates and manages.

...e specializes in creating custom systems, evaluating and managing dental practice finances and ...viding hands-on practice management training for doctors and teams.  She believes in working ...sely with the doctor to determine their personal and professional goals both financial and practice ...ated to work, then work backwards by addressing all practice systems to attain these goals.  One of ...e things that makes Leah truly amazing is her keen insight to realize that each doctor, staff, office ...dynamic is different and all services must be customized accordingly.

Leah has worked in the field of dentistry for over 25 years.  She decided to pursue a career as a practice consultant 15 years ago, after successfully working in multiple practices where she went in and revised and implemented systems, detailed marketing programs, provided leadership, developed teams and successfully monitored these systems to more than double production within one year.   After her remarkable success locally, Leah decided she wanted to help more doctors and teams do this every day. She loves the challenge and satisfaction of watching teams and practices grow.



### Trisha Scott
### Practice Management Specialist

Trisha Scott specializes in dental practice management.  She strives to provide each of her practices concise systems that are easy to follow and implement - resulting in rapid growth and success.

Trisha has a passion for practice management.  She successfully teaches and implements key systems to deliver success to each dental practice she works with.  She specializes in helping her teams implement business systems for overall practice success, as well as periodontal therapy programs that treat oral disease, pathology, and total body health.  She takes pride in helping teams achieve the highest levels of success in all aspects of business and clinical practice.

Trisha holds a Bachelor of Science degree in Dental Hygiene and has worked in the field of dentistry for over 13 years.  She decided to pursue her passion as a practice consultant after successfully teaching and implementing key systems to deliver success in dental practices during her dental hygiene practice.  She realized her passion for total practice success and wanted to reach a larger network of dentists in order to offer her exceptional skills across the United States.

Schedule Your Free Consultation Today **516-218-6808**    CONNECT WITH US



# Ackerman Practice Management
## Proven Management Solutions

Consulting Services          Our Consulting Team

Compliance Services          Speakers for Hire

P: (516) 218-6808



# Ackerman Practice Management
## Proven Management Solutions

516-218-6808

About     Consulting     Compliance     Continuing Education     Contact     Blog

MEDICAL AND DENTAL PRACTICE MANAGEMENT AND CONSULTING

# EXHIBIT  B

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. <u>BER-L-003841-21</u>** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON SHANALEE ACKERMAN** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6089), return receipt requested, postage prepaid, to defendant Shanalee Ackerman ("Defendant") at her residence located at 1775 York Avenue, #32A, New York, New York 10128.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant. A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Defendant's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Domenic Marano*
Domenic J. Marano, Paralegal

Dated: July 9, 2021          **BRAVERMAN KASKEY GARBER PC**

                    BY:   */s/ Benjamin A. Garber*
                    BENJAMIN A. GARBER, ESQUIRE
                    One Liberty Place- 56th Floor
                    1650 Market Street
                    Philadelphia, Pennsylvania 19103
                    Telephone: (215) 575-3800
                    Facsimile: (215) 575-3801
                    *Attorneys for Plaintiffs*

2

# EXHIBIT   A



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

PITNEY BOWES
$ 000.00

02 1P
0002755675    JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees    $

Sent To  *Shanielle Ackerman*

Street, Apt. No.;
or PO Box No. *1775 York Ave, #32A*

City, State, ZIP+4 *New York, NY    10128*

7013 1710 0000 4816 6089

PS Form 3800, August 2006                See Reverse for Instructions

# EXHIBIT   B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SHANALEE ACKERMAN
1775 YORK AVENUE
#32A
NEW YORK, NY 10128

9590 9402 4799 8344 4720 74

2. Article Number (Transfer from service label)
7013 1710 0000 4816 6089

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
S. ACKerman  6/2/21

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

EXHIBIT   C

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** <br> *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. BER-L-003841-21** <br><br> **AFFIDAVIT OF SERVICE BY CERTIFIED MAIL UPON ACKERMAN PRACTICE MANAGEMENT, LLC** |

I, Domenic J. Marano, a competent adult being duly sworn according to law, depose and state that on June 21, 2021, I mailed a true and correct copy of Plaintiffs' Complaint with Jury Demand, Civil Action Summons, Civil Case Information Statement, and Track Assignment Notice ("Complaint Documents") filed in the above-captioned case by U.S. Certified Mail (Article Number 7013 1710 0000 4816 6096), return receipt requested, postage prepaid, to defendant Ackerman Practice Management, LLC ("Defendant") in care of Shanalee Ackerman at Ms. Ackerman's residence located at 1775 York Avenue, #32A, New York, New York 10128.[1]

---

[1] Ms. Ackerman is believed to be the Founder and CEO of Ackerman Practice Management, LLC.

A true and correct copy of the U.S. Postal Service Form 3800, Certified Mail Receipt, date stamped with a mailing date of June 21, 2021, addressed to the Defendant, is attached hereto as **Exhibit A**.

On June 24, 2021, the U.S. Postal Service delivered the Complaint Documents upon the Defendant.  A true and correct copy of the U.S. Postal Service Form 3811, Certified Mail Return Receipt Card, addressed to the Defendant, showing Ms. Ackerman's signature and date of delivery of June 24, 2021 is attached hereto as **Exhibit B**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*Domenic Marano*
Domenic J. Marano, Paralegal



Dated: July 9, 2021                    **BRAVERMAN KASKEY GARBER PC**

                    BY:    */s/ Benjamin A. Garber*
                    BENJAMIN A. GARBER, ESQUIRE
                    One Liberty Place- 56th Floor
                    1650 Market Street
                    Philadelphia, Pennsylvania 19103
                    Telephone: (215) 575-3800
                    Facsimile: (215) 575-3801
                    *Attorneys for Plaintiffs*

# EXHIBIT   A



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES
02 1P                    $ 000.00⁰
0002755675        JUN 21 2021
MAILED FROM ZIP CODE 19103

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees    $

Sent To  Ackerman Practice Mgmt. LLC
Street, Apt No.;  R/O Bernard Ackerman, 1775 York Ave # 32A
or PO Box No.
City, State, ZIP+4  New York, NY  10128

7013 1710 0000 4816 6096

PS Form 3800, August 2006          See Reverse for Instructions

# EXHIBIT   B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ACKERMAN PRACTICE MANAGEMENT LLC
C/O SHANALEE ACKERMAN
1775 YORK AVE., #32A
NEW YORK, NY 10128

9590 9402 4799 8344 4720 67

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6096

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
S. Ackerman                          6/24/2[...]

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# EXHIBIT   D

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SHANALEE ACKERMAN
13867 JEREMIAH ROAD
JACKSONVILLE, FL 32224

9590 9402 4799 8344 4723 88

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6553

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ACKERMAN PRACTICE MGMT. LLC
C/O SHANALEE ACKERMAN
13867 JEREMIAH ROAD
JACKSONVILLE, FL 32224

9590 9402 4799 8344 4723 64

2. Article Number (Transfer from service label)

7013 1710 0000 4816 6287

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

# EXHIBIT   E

Case 3:21-cv-18714  Document 1-20  Filed 10/15/21  Page 239 of 282 PageID: 250

# USPS Tracking®

FAQs >

### Track Another Package  +

**Tracking Number:** 70131710000048166553

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 10:49 am on June 29, 2021 in JACKSONVILLE, FL 32224.

## ⊘ Delivered, Front Desk/Reception/Mail Room

June 29, 2021 at 10:49 am
JACKSONVILLE, FL 32224

**Get Updates** ⌄

---

**Text & Email Updates**                                                              ⌄

---

**Tracking History**                                                                   ⌃

**June 29, 2021, 10:49 am**
Delivered, Front Desk/Reception/Mail Room
JACKSONVILLE, FL 32224
Your item was delivered to the front desk, reception area, or mail room at 10:49 am on June 29, 2021 in
JACKSONVILLE, FL 32224.

---

**June 26, 2021, 11:00 am**
Notice Left (No Authorized Recipient Available)
JACKSONVILLE, FL 32224

---

**June 25, 2021, 10:53 pm**
Departed USPS Regional Facility
JACKSONVILLE FL DISTRIBUTION CENTER

---

**June 25, 2021, 1:17 pm**
Arrived at USPS Regional Facility
JACKSONVILLE FL DISTRIBUTION CENTER

---

**June 24, 2021**
In Transit to Next Facility

---

**June 23, 2021, 11:50 pm**
Arrived at USPS Regional Facility
PHILADELPHIA PA DISTRIBUTION CENTER

---

## Product Information  ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 70131710000048166287

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 10:49 am on June 29, 2021 in JACKSONVILLE, FL 32224.

## ⊘ Delivered, Front Desk/Reception/Mail Room

June 29, 2021 at 10:49 am
JACKSONVILLE, FL 32224

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

**June 29, 2021, 10:49 am**
Delivered, Front Desk/Reception/Mail Room
JACKSONVILLE, FL 32224
Your item was delivered to the front desk, reception area, or mail room at 10:49 am on June 29, 2021 in JACKSONVILLE, FL 32224.

---

**June 26, 2021, 11:00 am**
Notice Left (No Authorized Recipient Available)
JACKSONVILLE, FL 32224

---

**June 26, 2021, 2:55 am**
Departed USPS Regional Facility
JACKSONVILLE FL DISTRIBUTION CENTER

---

**June 25, 2021, 1:17 pm**
Arrived at USPS Regional Facility
JACKSONVILLE FL DISTRIBUTION CENTER

---

**June 24, 2021**
In Transit to Next Facility

---

**June 23, 2021, 11:49 pm**
Arrived at USPS Regional Facility
PHILADELPHIA PA DISTRIBUTION CENTER

---

**Product Information** 

---

**See Less ∧**

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                 *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, <br><br> *Plaintiffs*, <br><br> v. <br><br> **SHANALEE ACKERMAN** and **ACKERMAN PRACTICE MANAGEMENT, LLC,** <br><br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> Docket No. <u>BER-L-003841-21</u> |

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on the date below, the within Reply Brief in Support of

Motion for Entry of Default Judgment was filed and served via the Court's

electronic filing system upon the following:

Baruch S. Gottesman, Esquire
185-12 Union Turnpike
Fresh Meadows, New York 11366
bg@gottesmanlegal.com
*Attorney for Defendants*

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: September 7, 2021

**BRAVERMAN KASKEY GARBER PC**

BY:  _/s/ Benjamin A. Garber_

BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
_Attorneys for Plaintiffs_

**TAMAR GRUENBAUM**; and
**TAMAR GRUENBAUM DDS, LLC,**
*doing business as* **RIDGEWOOD VALLEY**
**PEDIATRIC DENTISTRY,**

Plaintiffs,

~ *versus* ~

**SHANALEE ACKERMAN**; and
**ACKERMAN PRACTICE MANAGEMENT,**
**LLC**

Defendants.

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003841-2021

F I L E D

SEP 1 0 2021

Robert C. Wilson
J.S.C.

[~~PROPOSED ALTERNATIVE~~]
**ORDER**

**THIS MATTER** having been opened to the Court by the Braverman, Kaskey, Garber P.C., counsel for the Plaintiffs **TAMAR GRUENBAUM**; and **TAMAR GRUENBAUM DDS, LLC,** *doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY** for entry of a Final Judgment by Default pursuant to R. 4:43-2 against Defendants **SHANALEE ACKERMAN**; and **ACKERMAN PRACTICE MANAGEMENT, LLC**, and the Court having considered the submissions by the Parties,

It is on this *10*th day of September 2021, **ORDERED** as follows:

1. The Application for Entry of Default is Denied. *

2. A copy of this Order shall be served on the Defendants within seven (7) days of entry and receipt by the Plaintiffs through NJ eCourts.

*[signature]*

J.S.C.
**ROBERT C. WILSON, J.S.C.**

The Motion was Opposed

*COURT NOTES IT WILL BE DEFENDAN'TS OBLIGATION TO REINSTATE THEIR ANSWER OR TO ANSWER COMPLAINT IF AND WHEN PROPERLY SERVED AND TO VACATE THE DEFAULT PREVIOUSLY ENTERED*

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com

FILED

SEP 10 2021

Robert C. Wilson
J.S.C.

*Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs*, | Docket No. <u>BER-L-003841-21</u> |
| v. | |
| SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC, | FINAL JUDGMENT BY DEFAULT *Denied* |
| *Defendants*. | |

THIS MATTER having been presented to the Court by Braverman Kaskey

Garber PC, attorneys for plaintiffs, Tamar Gruenbaum, DDS and Tamar

Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry, for entry of

Final Judgment by Default pursuant to R. 4:43-2 against defendants Shanalee

Ackerman and Ackerman Practice Management, LLC, (collectively, the

"defendants"); and defendants having been served with the Summons and

Complaint in this action; and defendants having failed to properly answer the

Complaint or otherwise move as to the Complaint; and default having been properly

entered against defendants on August 17, 2021; and defendants having been served

with a copy of the default entered against them; and the Court having considered

the Certification of Amount Due and Non-Military Service of Tamar Gruenbaum

and Certification of Counsel; and it further appearing that good cause has been

shown for the entry of this Judgment,

It is on this _10th_ day of _September_, 2021, ORDERED as follows:

1.      JUDGMENT by default as authorized by R. 4:43-2(b) is entered in

favor of plaintiffs, Tamar Gruenbaum, DDS and Tamar Gruenbaum DDS, LLC

d/b/a Ridgewood Valley Pediatric Dentistry, and against defendants Shanalee

Ackerman and Ackerman Practice Management, LLC, in the amount of

$360,054.91, together with pre-judgment and post-judgment interest and costs of

suit.

2.      A copy of this Judgment shall be served on defendants by regular mail

within seven (7) days of receipt by plaintiffs' counsel in accordance with Rule 4:43-

2(c).

BY THE COURT:

ROBERT C. WILSON, J.S.C.[J.]

This motion was:

OPPOSED: ____

UNOPPOSED: ____

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                              *Attorneys for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** |
| *Plaintiffs*, | **Docket No. BER-L-003841-21** |
| v. | |
| **SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC,** | **RESPONSE IN OPPOSITION TO THE MOTION TO CONSOLIDATE** |
| *Defendants*. | |

Plaintiffs Tamar Gruenbaum ("Dr. Gruenbaum") and Tamar Gruenbaum

DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry (the "Practice"; collectively,

the "plaintiffs"), by their undersigned counsel, hereby file this Memorandum of Law

in support of its response in opposition to the Motion to Consolidate filed by

defendants Shanalee Ackerman ("Ackerman") and Ackerman Practice Management,

LLC ("APM"; collectively, the "defendants") (the "Motion").

1

# ARGUMENT

## A. THE MOTION TO CONSOLIDATE SHOULD BE DENIED

Defendants request that the Court consolidate this case with a separate action—<u>Gruenbaum v. Levine</u>, docket no. BER-L-003840-21 (the "Levine Case")[1]— ***where final judgment has been entered*** in favor of plaintiffs ***against different defendants***.

### i. Because the Levine Case is Over Consolidation is Not Warranted

In the Levine Case, this Court entered a final judgment by default against Levine defendants on August 27, 2021.[2]  Therefore, the Levine Case is over.  In contrast, this case is at its inception with Ackerman presently avoiding service of the Complaint and her counsel apparently refusing to accept service.  Because final judgment has been entered in the Levine Case, consolidation is unwarranted.

### ii. In the Alternative, Consolidation is Not Proper because there are No Common Questions of Fact or Law

The defendants in the Levine Case have filed a Motion to vacate the final judgment entered by default and restore the case to the Trial Calendar.  As plaintiffs argued in their response to that motion, the final judgment in the Levine Case should stand.  However, if the Court is inclined to vacate the judgment in the Levine Case, consolidation of that case with this case is still not proper.

---

[1] A true and correct copy of the Levine complaint is attached hereto as Exhibit "A".
[2] A true and correct copy of the order entering final judgment is attached hereto as Exhibit "B".

Consolidation is proper only where two or more actions "involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court." N.J. Court Rules, R. 4:38-1.

The two actions do not involve common questions of law or fact and do not arise out of the same transaction. Here, plaintiffs hired the Ackerman defendants to provide business management consulting services, including "provid[ing] plaintiffs with expert guidance on a variety of issues, including finances and marketing, team structure, clinical protocols, business decisions and protocols, insurance billing and practices, and case acceptance systems." Compl. ¶ 20, 29. In the Levine Case, plaintiffs hired the Levine defendants to "handle all the Practice's accounting and tax needs, including, but not limited to, preparing, and timely filing all federal and state tax returns, handling its payroll taxes, maintaining its QuickBooks, and preparing quarterly profit and loss statements." Levine Compl. ¶¶ 19, 24.

The defendants in each case, thus, were hired to provide entirely different services and take entirely different actions.

Moreover, the wrongful conduct of the defendants, and accordingly the damages flowing therefrom, occurred in separate and distinct transactions. Here, Ackerman defendants, among other things, botched the Practices' insurance participation, retroactively modified insurance billing entries, deleted the Practice's insurance billing archive, harassed and abused employees of the Practice, and

caused significant patient attrition by communicating with patients in an aggressive manner.  Compl. ¶¶ 31, 33, 36, 47, 52.

In the Levine case, the Levine defendants, among other things, botched Dr. Gruenbaum's personal 2019 tax returns, made egregious mistakes in connection with the Practice's 2019 taxes, failed to file IRS Form 941s, and failed to accurately report the Practice's employment tax liability to the State of New Jersey.  Levine Compl. ¶¶ 35, 37, 38, 40.

In short, the Ackerman defendants' wrongful conduct is irrelevant to the Levine defendants' wrongful conduct and vice versa.

Movants' assertion—*without explanation*—that that the two cases are "premised on the same nucleus of operative facts" is simply untrue.  The only overlap between the cases, which defendants place undue emphasis on, is that Ms. Ackerman is the individual who recommended that plaintiffs retain Mr. Levine. This does not support consolidating the cases given their clear differences.

In sum, there is no basis for consolidating the cases as there are no common issues of law or fact and the actions giving rise to the respective lawsuits were not part of the same transaction or occurrence.  Consolidating the cases would serve no purpose and would unduly confuse a jury.  *See Castro v. Guerra*, 2018 N.J. Super. Unpub. LEXIS 7033, at *11 (Bergen Cty. Super. Sept. 15, 2018) (denying a motion to consolidate where doing so would unduly confuse the jury and the matters did not involve common questions of fact and law).

4

## IV. CONCLUSION

Plaintiffs respectfully request that the Motion to Consolidate be denied because (A) a final judgment has been entered in the Levine Case and therefore the case is over or (B) to the extent the Court vacates the final judgment, because there are no common issues of law or fact between the actions, the actions giving rise to the respective lawsuits were not part of the same transaction or occurrence, and consolidating the cases would serve no purpose and would unduly confuse a jury.

Respectfully submitted,

Dated: September 16, 2021

**BRAVERMAN KASKEY GARBER PC**

BY:  */s/ Benjamin A. Garber*
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

5

Exhibit A

## SUMMONS

Attorney(s) __Benjamin A. Garber, Esq. / ID#011382009__

Office Address __Braverman Kaskey Garber PC__

Town, State, Zip Code __One Liberty Place, 56th Floor__
__Philadelphia, PA 19103__

Telephone Number __215-575-3800__

Attorney(s) for Plaintiff __Tamar Gruenbaum et al__

__Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC__
__d/b/a Ridgewood Valley Pediatric Dentistry,__
      Plaintiff(s)

    vs.

__Josh Levine, CPA, Josh Levine CPA PC d/b/a__
__Levine & Associates, and EHCM LLC__
      Defendant(s)

## Superior Court of
## New Jersey

__Bergen__ County

__Law__ Division

Docket No: _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                   __/s/ Michelle M. Smith__
                                Clerk of the Superior Court

DATED: __June 14, 2021__

Name of Defendant to Be Served: __Josh Levine, CPA__

Address of Defendant to Be Served: __135 Rockaway Turnpike, Suite 111, Lawrence, NY 11559__

## SUMMONS

Attorney(s)   Benjamin A. Garber, Esq. / ID#011382009

Office Address   Braverman Kaskey Garber PC

Town, State, Zip Code   One Liberty Place, 56th Floor
                         Philadelphia, PA 19103

Telephone Number   215-575-3800

Attorney(s) for Plaintiff   Tamar Gruenbaum et al

 Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC
 d/b/a Ridgewood Valley Pediatric Dentistry,
        Plaintiff(s)

        vs.

 Josh Levine, CPA, Josh Levine CPA PC d/b/a
  Levine & Associates, and EHCM LLC
        Defendant(s)

**Superior Court of
New Jersey**

       Bergen   County
       Law   Division

Docket No: _____

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                         /s/ Michelle M. Smith
                                       Clerk of the Superior Court


DATED:   June 14, 2021

Name of Defendant to Be Served:        Josh Levine, CPA P.C. d/b/a Levine & Associates

Address of Defendant to Be Served:  135 Rockaway Turnpike, Suite 111, Lawrence, NY 11559

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# SUMMONS

Attorney(s)   Benjamin A. Garber, Esq. / ID#011382009

Office Address   Braverman Kaskey Garber PC

Town, State, Zip Code   One Liberty Place, 56th Floor
      Philadelphia, PA 19103

Telephone Number   215-575-3800

Attorney(s) for Plaintiff   Tamar Gruenbaum et al

 Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC
 d/b/a Ridgewood Valley Pediatric Dentistry,
      Plaintiff(s)

      vs.

 Josh Levine, CPA, Josh Levine CPA PC d/b/a
 Levine & Associates, and EHCM LLC
      Defendant(s)

## Superior Court of
## New Jersey

    Bergen  County

    Law  Division

Docket No: _____

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                  /s/ Michelle M. Smith
                 Clerk of the Superior Court

DATED:   June 14, 2021

Name of Defendant to Be Served:   EHCM LLC

Address of Defendant to Be Served:  123 Grove Ave., Suite 101, Cedarhurst, NY 11516

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003840-21

**Case Caption:** GRUENBAUM TAMAR VS LEVINE JOSH

**Case Initiation Date:** 06/14/2021

**Attorney Name:** BENJAMIN ALEX GARBER

**Firm Name:** BRAVERMAN KASKEY PC

**Address:** 1650 MARKET STREET 56TH FL ONE LIBERTY PLACE

PHILADELPHIA PA 191037334

**Phone:** 2155753800

**Name of Party:** PLAINTIFF : Gruenbaum, Tamar

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Tamar Gruenbaum? NO**

**Are sexual abuse claims alleged by: Tamar Gruenbaum DDS, LLC? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/14/2021
Dated

/s/ BENJAMIN ALEX GARBER
Signed

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                              *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and**<br>**TAMAR GRUENBAUM DDS, LLC,**<br>**d/b/a RIDGEWOOD VALLEY**<br>**PEDIATRIC DENTISTRY,**<br>385 S Maple Ave, #107<br>Glen Rock, NJ 07452<br>*Plaintiffs,*<br><br>v.<br><br>**JOSH LEVINE, CPA**<br>135 Rockaway Turnpike, Suite 111,<br>Lawrence, NY 11559; and<br><br>**JOSH LEVINE CPA P.C. d/b/a LEVINE**<br>**& ASSOCIATES,**<br>135 Rockaway Turnpike, Suite 111,<br>Lawrence, NY 11559; and<br><br>**EHCM LLC**<br>123 Grove Ave<br>Suite 101<br>Cedarhurst, NY 11516<br>*Defendants.* | **SUPERIOR COURT OF NEW**<br>**JERSEY, LAW DIVISION**<br>**BERGEN COUNTY**<br><br>Docket No. _____<br><br>**COMPLAINT AND JURY DEMAND**<br>**DESIGNATION OF TRIAL**<br>**COUNSEL, AND CERTIFICATIONS**<br>**UNDER RULES 1:38-7(b) and 4:5-1** |

Plaintiffs Tamar Gruenbaum, DDS ("Dr. Gruenbaum") and Tamar

Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry (the "Practice"),

by and through their undersigned counsel, brings this Complaint against

defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and

EHCM LLC (collectively, the "defendants"), as follows:

## PRELIMINARY STATEMENT

1.      Dr. Gruenbaum is the owner of a local pediatric dental practice. Defendants were engaged for purposes of providing accounting and tax related services to plaintiffs.

2.      Among other things, defendants agreed to handle all the Practice's accounting and tax needs, including, but not limited to, preparing, and timely filing all federal and state tax returns, handling its payroll taxes, maintaining its QuickBooks, and preparing quarterly profit and loss statements.  Defendants were also engaged as Dr. Gruenbaum's personal accountant.

3.      However, defendants' services were utterly deficient.  Defendants failed to act in plaintiffs' best interests, and their services were procured through defendants' misrepresentations as to their qualifications and abilities.

4.      Defendants' acts and omissions, as alleged herein, have, and continue to cause substantial financial harm to plaintiffs and give rise to the claims asserted herein for breach of contract, breach of fiduciary duty, fraud, conversion, and unjust enrichment, among others.

## PARTIES

5.      Dr. Gruenbaum is an adult individual with a business address of 385 S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

6.      Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry is a New Jersey limited liability company with an address of 385 S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

2

7.      Upon information and belief, Levine is an individual with an address of 135 Rockaway Turnpike, Suite 111, Lawrence, New York 10128.

8.      Upon information and belief, Levine is a certified public accountant.

9.      Upon information and belief, Josh Levine CPA P.C. d/b/a Levine & Associates ("Levine & Assoc") is a New York professional corporation with an address of 135 Rockaway Turnpike, Suite 111, Lawrence, New York 10128 and a registered address of 8-21 Roosevelt Court, Far Rockaway, New York, 11691.

10.     At all times material hereto, Levine has been a shareholder, officer, director, principal, and agent of Levine & Assoc.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to N.J. Const. Art. VI § III.

12.     This Court has personal jurisdiction over all of the parties, as each party resides in, conducts business in or has its principal place of business in New Jersey, and the actions described herein occurred in New Jersey.

13.     Venue is appropriate in this Court pursuant to NJ Court Rules 4:3-1(a)(5) and 4:3-2(a).

## FACTS

### Background

14.     Dr. Gruenbaum grew up in Teaneck, New Jersey and earned her D.D.S. from Columbia University College of Dental Medicine.

3

15.     Dr. Gruenbaum completed a general practice residency at Montefiore Medical Center in Bronx, New York.

16.     Dr. Gruenbaum did her post-graduate training in pediatric dentistry at Maimonides Medical Center in Brooklyn, New York, where she served as chief resident during her second year.

17.     Dr. Gruenbaum is a member of the AAPD and is board certified by the American Board of Pediatric Dentistry.

18.     Dr. Gruenbaum is the owner of the Practice, which provides comprehensive dental care to children from infancy through their teenage years.

19.     In December 2017, Dr. Gruenbaum retained Levine as the Practice's accountant and tax professional.

20.     At the time, upon information and belief, Levine operated as the sole member of EHCM LLC d/b/a "Empire Healthcare Management, LLC."

21.     Upon information and belief, subsequently Levine ceased operating as EHCM LLC d/b/a "Empire Healthcare Management, LLC" and began trading as "Levine and Assoc LLC" or "Levine & Associates" and holding himself out as a "Partner" thereof.

22.     Upon information and belief, "Levine & Associates LLC" is a registered New York limited liability company with a DOS number of 4905735 that is unaffiliated with Levine.

23.     Levine was also engaged as Dr. Gruenbaum's personal accountant.

24.     Pursuant to the parties' agreement, defendants agreed to handle all the Practice's accounting and tax needs, including, but not limited to, preparing, and timely filing all federal and state tax returns, handling its payroll taxes, maintaining its QuickBooks, and preparing quarterly profit and loss statements.

25.     Defendants also agreed to provide accounting and tax services to Dr. Gruenbaum, individually.

26.     Defendants' obligations included but were not limited to the following:

a.      Perform and maintain bookkeeping functions, including maintaining the company's books, records, cash receipts, and cash disbursements ledgers.

b.      Hold monthly phone meetings with Dr. Gruenbaum to review issues and discuss ways to improve the Practice;

c.      Hold quarterly in person meetings with Dr. Gruenbaum to address Practice and personal related accounting and financial issues;

d.      Analyze the Practice's books and records and report to Dr. Gruenbaum concerning the same;

e.      Provide services on an "as need" basis when accounting or financial issues arise;

f.      Provide personal tax planning and analyze cash flow for Dr. Gruenbaum, individually;

g.      Position the Practice for growth and to implement and maintain systems to foster the Practice's growth;

5

      h.     Oversee and manage the Practice's workers' compensation and disability information audits;

      i.     Prepare the year end taxes for both the Practice and Dr. Gruenbaum;

      j.     Recommend to the Practice cost savings practices and methods; and

      k.     Develop and discuss tax planning strategies.

27.     The above-referenced services that defendants were required to provide are memorialized in a letter agreement attached hereto as Exhibit "1".

28.     Despite demand, defendants have not provided plaintiffs with a fully executed copy of the agreement.

## Defendants' Fraud and Unlawful Conduct

29.     For purposes of inducing Dr. Gruenbaum to retain his services, Levine misrepresented that he was experienced and competent in providing accounting and tax advice to dentists and oral surgeons.

30.     Defendants misrepresented to Dr. Gruenbaum Levine's successes improving dental practices like Dr. Gruenbaum's practice.

31.     Levine also misrepresented the credentials, qualifications, and abilities of his company.

32.     For purposes of inducing Dr. Gruenbaum to retain his services, Levine mispresented that he was experienced and competent in providing personal tax advice in connection with divorce proceedings.

33.     Throughout defendants' engagement, however, defendants failed to perform the agreed-upon and above-referenced services.

34.     Any services that were provided were deficient and of no value to plaintiffs.

35.     Among other things, defendants provided erroneous, deficient, and substandard tax advice and services to plaintiffs, including, specifically, with respect to the preparation of Dr. Gruenbaum's 2019 tax returns.

36.     As a result of defendants' failings in connection therewith, Dr. Gruenbaum has incurred substantial fees, costs, and expenses in her divorce proceedings that she otherwise would not have incurred absent defendants' misconduct.

37.     As a result of defendants' egregious mistakes in connection with the Practice's 2019 taxes, the Practice was unable to maximize its Paycheck Protection Program loan and instead received a loan in an amount substantially less than it otherwise would have been, absent defendants' failings.

38.     Defendants were required to, but failed to, file multiple IRS Form 941s.

39.     Defendants' failures to file resulted in an IRS investigation and the imposition of penalties against the Practice and Dr. Gruenbaum personally.

40.     Levine failed to accurately report the Practice's employment tax liability to the State of New Jersey.

7

41.     For at least one Practice employee, Levine deducted the required payroll tax from Dr. Gruenbaum's account but failed to file the appropriate documentation with the State of New Jersey, such that the State had no record of the employee working for the Dr. Gruenbaum for any payroll period.

42.     Levine fraudulently induced Gruenbaum to retain him for payroll related services.

43.     Levine referred Dr. Gruenbaum to a payroll vendor, Empire Payroll Processing, Inc., and misrepresented that entity as an independent third party rather than as an entity affiliated with Levine and his practice.

44.     The payroll vendor's services were substandard, and the costs were grossly excessive.

45.     At all times material hereto, when Dr. Gruenbaum questioned Levine's services, Levine sought to cover up his failings by misrepresenting to Dr. Gruenbaum that everything had been taken care of properly.

46.     On March 31, 2020, and on multiple occasions thereafter, Dr. Gruenbaum sought, and Levine refused access to, the Practice's QuickBooks records.

47.     As a result of defendants' unlawful conduct, plaintiffs have suffered emotional distress and substantial monetary harm, including out-of-pocket expenses, fees, and costs for defendants are responsible.

48.     Defendants, on the other hand, have been unjustly enriched, having received undeserved compensation in connection with their engagement.

## COUNT I
### BREACH OF CONTRACT

49.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

50.     Plaintiffs and defendants are parties to a valid and enforceable agreement.

51.     Plaintiffs have performed under the agreement.

52.     By doing the things alleged herein, defendants have materially breached his agreement.

53.     As a direct, proximate, and foreseeable result of defendants' breaches of contract, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT II
### BREACH OF GOOD FAITH AND FAIR DEALING

54.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

55.     By doing the things alleged herein, defendants have breached the duty of good faith and fair dealing owed to plaintiffs.

56.     As a direct, proximate, and foreseeable result of defendants' breaches of good faith and fair dealing, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT III
## BREACH OF FIDUCIARY DUTY

57.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

58.     Under New Jersey law, a fiduciary relationship exists when one party is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.

59.     By virtue of the parties' relationship, defendants owed fiduciary duties to the plaintiffs.

60.     By doing the things alleged herein, defendants have breached their fiduciary duties of care and loyalty to plaintiffs.

61.     As a direct, proximate, and foreseeable result of defendants' breaches of fiduciary duty, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT IV
## CONVERSION

62.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

63.     By doing the things alleged herein, defendants converted the time, money, resources, and other assets of the plaintiffs without privilege or authorization and for their own improper purposes.

10

64.     As a direct, proximate, and foreseeable result of defendants' conversion, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT V
## UNJUST ENRICHMENT

65.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

66.     Defendants have and continue to benefit from their receipt of the benefits and other compensation paid to them by the plaintiffs.

67.     Defendants' retention of said benefits constitutes unjust enrichment.

68.     Accordingly, the Court should require defendants to return the benefits bestowed upon them by the plaintiffs to the plaintiffs.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT VI
## FRAUD/FRAUDULENT CONCEALMENT

69.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

70.     Defendants knowingly misrepresented the truth and/or concealed material facts to induce plaintiffs to act to their detriment.

71.     As alleged herein, defendants misrepresented to Dr. Gruenbaum that Levine was a qualified, experienced, competent, and diligent professional.

11

72.     Reasonably relying on these misrepresentations, plaintiffs retained defendants' services.

73.     Reasonably relying on these misrepresentations, plaintiffs retained entered into the agreement.

74.     Additionally, defendants knowingly and intentionally concealed their misconduct from plaintiffs for purposes of preventing them from uncovering the truth of the same and continuing to reap the benefits that plaintiffs bestowed upon them.

75.     As a direct, proximate, and foreseeable result of defendants' fraud and fraudulent concealment, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT VII
## NEGLIGENCE

76.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

77.     Defendants owed plaintiffs a duty of care as a certified public accountant.

78.     By doing the things alleged herein, defendants breached their duty of care, acted negligently, and otherwise deviated from the acceptable professional standards attendant to a certified public accountant.

12

79.    As a direct, proximate, and foreseeable result of defendants' negligence, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(i)      compensatory and consequential damages in an amount to be determined at trial, against defendants, individually and/or jointly and severally as appropriate;

(ii)     punitive damages;

(iii)    reasonable attorney's fees and costs;

(iv)    pre- and post-judgment interest at the highest legal rate; and

(v)     for such other and further relief as the Court may deem equitable, just, and proper, including the award of costs and expenses incurred by plaintiffs in this action.

## JURY DEMAND

Plaintiffs demand trial by a jury of twelve on all of the triable issues of this Complaint, pursuant to NJ Court Rules 1:8-2(b) and 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to NJ Court Rule 4:25-4, plaintiffs hereby designate Benjamin A. Garber, Esq. as trial counsel in this matter.

13

## CERTIFICATIONS

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding and no other Court action or arbitration proceeding is contemplated. There is presently pending one other action, at Docket No. C-154-19, in which one or more of the parties to this action assert matters other than the matter in controversy herein.

Other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Respectfully submitted,

Dated: June 14, 2021      **BRAVERMAN KASKEY GARBER PC**

BY: */s/ Benjamin A. Garber*
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

14

# Exhibit B

F I L E D

AUG 27 2021

ROBERT C. WILSON,
J.S.C.

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com

UNOPPOSED

*Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** |
| *Plaintiffs,* | **Docket No. BER-L-003840-21** |
| v. | |
| **JOSH LEVINE, CPA and JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC,** | **FINAL JUDGMENT BY DEFAULT** |
| *Defendants.* | |

THIS MATTER having been presented to the Court by Braverman Kaskey

Garber PC, attorneys for plaintiffs, Tamar Gruenbaum, DDS and Tamar

Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry, for entry of

Final Judgment by Default pursuant to R. 4:43-2 against defendants Josh Levine,

CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC

(collectively, the "defendants"); and defendants having been served with the

Summons and Complaint in this action; and defendants having failed to properly

answer the Complaint or otherwise move as to the Complaint; and default having

been properly entered against defendants on July 27, 2021; and defendants having

been served with a copy of the default entered against them; and the Court having

considered the Certification of Amount Due and Non-Military Service of Tamar

Gruenbaum and Certification of Counsel; and it further appearing that good cause

has been shown for the entry of this Judgment,

It is on this ⟍27⟋ day of August 2021, ORDERED as follows:

1.      JUDGMENT by default as authorized by R. 4:43-2(b) is entered in

favor of plaintiffs, Tamar Gruenbaum, DDS and Tamar Gruenbaum DDS, LLC

d/b/a Ridgewood Valley Pediatric Dentistry, and against defendants Josh Levine,

CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC, in the

amount of $161,437.32, together with pre-judgment and post-judgment interest and

costs of suit.

2.      A copy of this Judgment shall be served on defendants by regular mail

within seven (7) days of receipt by plaintiffs' counsel in accordance with Rule 4:43-

2(c).

BY THE COURT:

_J._

**ROBERT C. WILSON, J.S.C.**

This motion was:

OPPOSED: ____

UNOPPOSED: ✓

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs,* | Docket No. BER-L-003841-21 |
| v. | |
| SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC, | |
| *Defendants.* | |

## ORDER

AND NOW, this ____ day of _____, 2021, upon consideration of the

Motion to Consolidate and the response in opposition thereto, it is hereby

ORDERED that the motion is DENIED.

BY THE COURT:

_____
, J.

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, <br><br> *Plaintiffs*, <br><br> v. <br><br> SHANALEE ACKERMAN and ACKERMAN PRACTICE MANAGEMENT, LLC, <br><br> *Defendants*. | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY <br><br> Docket No. <u>BER-L-003841-21</u> |

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on the date below, a true and correct copy of the foregoing Memorandum of Law by Plaintiffs in Response to Defendants' Motion To Consolidate was electronically filed and served via the Court's , electronic filing system upon the following:

Baruch S. Gottesman, Esquire
185-12 Union Turnpike
Fresh Meadows, New York 11366
bg@gottesmanlegal.com
*Attorneys for Defendants*

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: September 16, 2021      **BRAVERMAN KASKEY GARBER PC**

BY:  */s/ Benjamin A. Garber*
       BENJAMIN A. GARBER, ESQUIRE
       One Liberty Place- 56th Floor
       1650 Market Street
       Philadelphia, Pennsylvania 19103
       Telephone: (215) 575-3800
       Facsimile: (215) 575-3801
       *Attorneys for Plaintiffs*

# VERIFIED RETURN OF SERVICE

Job # J217166

**Client Info:**

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQUIRE
1650 MARKET STREET
PHILAPADELPHIA PENNSYLVANNIA 19103

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | SUPERIOR COURT |
| TAMAR GRUENBAUM; TAMAR GRUENBAUM DDS, LLC; d/b/a | Court Division: LAW |
| RIDGEWOOD VALLEY PEDIATRIC DENTISTRY | |
| -versus- | County of Bergen, New Jersey |
| **DEFENDANT:** | Court Case # **L-003841-21** |
| SHANALEE ACKERMAN; ACKERMAN PRACTICE MANAGEMENT LLC | |

**Service Info:**

**Received by JAMES PLANK: on September, 27th 2021** at **01:23 PM**
**Service:** I Served **Shanalee Ackerman**
With: **SUMMONS; COMPLAINT AND JURY DEMAND DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATIONS; TRACK ASSIGNMENT NOTICE; CIVIL CASE INFORMATION STATEMENT; LETTER**
by leaving with **Alex M., CO-RESIDENT**

**At Residence 13867 JEREMIAH ROAD JACKSONVILLE, FL 32224**
On **9/28/2021** at **08:30 PM**
**Manner of Service: SUBSTITUTE SERVICE:**
Service completed per FS 48.031

I **JAMES PLANK** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**JAMES PLANK**
Lic # **1161**

**FREDERICKS & PALMER PROCESS SERVICE, LLC**
1125 ATLANTIC AVENUE, SUITE 502
Atlantic City, NJ 08401

Job # J217166




1 of 1

**AFFIDAVIT OF ATTEMPTED SERVICE**

NEW JERSEY SUPERIOR COURT
BERGEN COUNTY

TAMAR GRUEN BAUM

VS.                                                                                    INDEX# I-003841-21

SHANALEE ACKERMAN

State of New York, County of New York, SS:
     **JACK JOHNSON**, being duly sworn deposes and says that deponent is over the age of eighteen years, is not a party to this action, and is a resident of the State of New York.

Deponent attempted to serve the annexed:

<div align="center">

**COVER LETTER DATED 9/24/2021**
**CIVIL ACTION SUMMONS:**
**TRACK ASSIGNMENT NOTICE:**
**CSI STATEMENT:**
**COMPLAINT AND JURY DEMAND**

</div>

upon **SHANALEE ACKERMAN** at:

<div align="center">

**1775 YORK AVE., APT 5F**
**NEW YORK, N.Y. 10128**

</div>

Deponent was unable, with due diligence to serve **SHANALEE ACKERMAN**
The following times are when attempts were made:
unable to serve
9/27/2021 at 5:00p.m.-not in-left business card with building concierge
9/29/2021 at 2:00p.m.-received call from shana(425-503-1607)and she told deponent that she was not in New York City. She further stated that her exhusband had alread received a set of the documents in Florida

SWORN TO BEFORE ME ON September 29, 2021

Jack Johnson
Process Server
Lic. No. 2037237

JULIUS B. RINGELHEIM
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in New York County
01RI4687686
MY COMMISSION EXPIRES 03-26-2023

591/PS9.21-81

# VERIFIED RETURN OF SERVICE

Job # J217164

**Client Info:**

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQUIRE
1650 MARKET STREET
PHILAPADELPHIA PENNSYLVANNIA 19103

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | SUPERIOR COURT |
| TAMAR GRUENBAUM; TAMAR GRUENBAUM DDS, LLC; d/b/a | Court Division: LAW |
| RIDGEWOOD VALLEY PEDIATRIC DENTISTRY | |
| -versus- | County of Bergen, New Jersey |
| **DEFENDANT:** | Court Case # **L-003841-21** |
| SHANALEE ACKERMAN; ACKERMAN PRACTICE MANAGEMENT LLC | |

**Service Info:**

**Received by JAMES PLANK: on September, 27th 2021 at 01:08 PM**
**Service:** I Served **Ackerman Practice Management, LLC**
With: **SUMMONS; COMPLAINT AND JURY DEMAND DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATIONS; TRACK ASSIGNMENT NOTICE; CIVIL CASE INFORMATION STATEMENT;**
by leaving with **Alex M., CO-RESIDENT OF REGISTERED AGENT**

**At Residence 13867 JEREMIAH ROAD JACKSONVILLE, FL 32224**
On **9/28/2021** at **08:30 PM**
**Manner of Service: LIMITED LIABILITY COMPANY**
PURSUANT TO F.S. Ch. 48 & 49 and 608.462

I **JAMES PLANK** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**JAMES PLANK**
Lic # **1161**

**FREDERICKS & PALMER PROCESS SERVICE, LLC**
1125 ATLANTIC AVENUE, SUITE 502
Atlantic City, NJ 08401

Job # J217164




1 of 1

# VERIFIED RETURN OF SERVICE

Job # J217165

**Client Info:**

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQUIRE
1650 MARKET STREET
PHILAPADELPHIA PENNSYLVANNIA 19103

**Case Info:**

**PLAINTIFF:**
TAMAR GRUENBAUM; TAMAR GRUENBAUM DDS, LLC; d/b/a
RIDGEWOOD VALLEY PEDIATRIC DENTISTRY
   -versus-
**DEFENDANT:**
SHANALEE ACKERMAN; ACKERMAN PRACTICE MANAGEMENT LLC

SUPERIOR COURT
Court Division: LAW

County of Bergen, New Jersey
Court Case # **L-003841-21**

**Service Info:**

**Received by JAMES PLANK: on September, 27th 2021** at **01:14 PM**
**Service:** I Served **Ackerman Practice Management c/o Shanalee Ackerman, Registered Agent**
With: **SUMMONS; COMPLAINT AND JURY DEMAND DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATIONS; TRACK ASSIGNMENT NOTICE; CIVIL CASE INFORMATION STATEMENT; LETTER**
by leaving with **Alex M., CO-RESIDENT OF REGISTERED AGENT**

**At Residence 13867 JEREMIAH ROAD JACKSONVILLE, FL 32224**
On **9/28/2021** at **08:30 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **JAMES PLANK** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**JAMES PLANK**
Lic # **1161**

**FREDERICKS & PALMER PROCESS SERVICE, LLC**
1125 ATLANTIC AVENUE, SUITE 502
Atlantic City, NJ 08401

Job # J217165




1 of 1

**AFFIDAVIT OF ATTEMPTED SERVICE**

NEW JERSEY SUPERIOR COURT
BERGEN COUNTY

TAMAR GRUEN BAUM

VS.                                                                                INDEX# I-003841-21

SHANALEE ACKERMAN

State of New York, County of New York, SS:
     **JACK JOHNSON**, being duly sworn deposes and says that deponent is over the age of eighteen years, is not a party to this action, and is a resident of the State of New York.

Deponent attempted to serve the annexed:

**COVER LETTER DATED 9/24/2021
CIVIL ACTION SUMMONS:
TRACK ASSIGNMENT NOTICE:
CSI STATEMENT:
COMPLAINT AND JURY DEMAND**

upon **ACKERMAN PRACTICE MANAGEMENT,LLC.** at:

**1775 YORK AVE., APT 5F
NEW YORK, N.Y. 10128**

Deponent was unable, with due diligence to serve **ACKERMAN PRACTICE MANAGEMENT,LLC.**
The following times are when attempts were made:
unable to serve
9/27/2021 at 5:00p.m.-not in-left business card with building concierge
9/29/2021 at 2:00p.m.-received call from shana(425-503-1607)and she told deponent that she was not in New York City. She further stated that her exhusband had alread received a set of the documents in Florida

SWORN TO BEFORE ME ON September 29, 2021

Jack Johnson
Process Server
Lic. No. 2037237

JULIUS D RINGELHEIM
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in New York County
01RI4867696
MY COMMISSION EXPIRES 03-23-2023

591/PS9.21-82