Judiciary eCourts System - Civil Part

- Home
- Help
- Logout

**CASE JACKET**
User:BARUCH GOTTESMAN
Docket Number:  BER L 003840 - 21

[ Back ]                                                              [ Create Summary Report ]

Case Caption: Gruenbaum Tamar Vs Levine Josh

| | | |
|---|---|---|
| Court: Civil Part | Venue: Bergen | Case Initiation Date: 06/14/2021 |
| Case Type: Contract/Commercial Transaction | Case Status: Reinstated | Jury Demand: 12 Jurors |
| Case Track: 2 | Judge: Robert C Wilson | Team: 2 |
| # of Discovery Days: 300 | Age of Case: 00 YR 04 MO | Consolidated Case: Y |
| Original Discovery End Date: | Current Discovery End Date: | # of DED Extensions: 0 |
| Original Arbitration Date: | Current Arbitration Date: | # of Arb Adjournments: 0 |
| Original Trial Date: | Current Trial Date: | # of Trial Date Adjournments: 0 |
| Disposition Date: 10/08/2021 | Case Disposition: Reinstated | Statewide Lien: |

| Plaintiffs (2) | Defendants (3) | Case Proceedings (4) | ACMS Documents (11) | Fees (11) |
|---|---|---|---|---|

| Tamar Gruenbaum Dds,Llc | AKA |
|---|---|

| Tamar Gruenbaum |
|---|

**Case Actions**

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 06/14/2021 | 📎 ✉ | Complaint with Jury Demand for BER-L-003840-21 submitted by GARBER, BENJAMIN ALEX, BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM, TAMAR GRUENBAUM DDS, LLC against JOSH LEVINE, JOSH LEVINE CPA P.C., EHCM LLC | LCV20211437649 | 06/14/2021 |
| 06/15/2021 | 📎 ✉ | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20211438320 | 06/15/2021 |
| 06/15/2021 | ✉ | **CLERK NOTICE**: re: Complaint [LCV20211437649] -Please be advised that ACMS has been updated to reflect DTC as indicated on the complaint. | LCV20211439011 | 06/15/2021 |
| 06/15/2021 | ✉ | **CLERK NOTICE**: re: Complaint [LCV20211437649] -The data entered in eCourts (data) does not match the information contained in the document(s). In order to correct data, a motion must be made pursuant to R. 1:5-6. | LCV20211439012 | 06/15/2021 |
| 07/08/2021 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against JOSH LEVINE | LCV20211615907 | 07/08/2021 |
| 07/08/2021 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against JOSH LEVINE CPA P.C. | LCV20211615931 | 07/08/2021 |
| 07/08/2021 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against EHCM LLC | LCV20211615940 | 07/08/2021 |
| 07/27/2021 | 📎 ✉ | REQUEST FOR DEFAULT submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against JOSH LEVINE, EHCM LLC, JOSH LEVINE CPA P.C. | LCV20211752376 | 07/27/2021 |
| 07/27/2021 | ✉ | Default has been entered against the following party/parties: JOSH LEVINE | LCV20211757386 | 07/27/2021 |
| 07/27/2021 | ✉ | Default has been entered against the following party/parties: JOSH LEVINE CPA P.C. | LCV20211757387 | 07/27/2021 |
| | ✉ | | | |

eCourts Civil Case Jacket                                                                                         10/14/21, 5:43 PM

| | | | |
|---|---|---|---|
| 07/27/2021 | | Default has been entered against the following party/parties: EHCM LLC | LCV20211757388 07/27/2021 |
| 08/10/2021 | 📎 ✉ | MOTION FOR DEFAULT (OUT OF TIME) submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against JOSH LEVINE, EHCM LLC, JOSH LEVINE CPA P.C. **LINKED FILING** | LCV20211861681 08/10/2021 |
| 08/11/2021 | ✉ | The motion filed on 08/10/2021 will be decided on 08/27/2021. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION FOR DEFAULT (OUT OF TIME) [LCV20211861681] | LCV20211864396 08/11/2021 |
| 08/27/2021 | 📎 ✉ | OPPOSITION TO MOTION submitted by GOTTESMAN, BARUCH, S of BARUCH S. GOTTESMAN, ESQ. on behalf of JOSH LEVINE, EHCM LLC, JOSH LEVINE CPA P.C. against TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM **LINKED FILING** | LCV20211986386 08/27/2021 |
| 08/27/2021 | 📎 ✉ | MOTION TO CONSOLIDATE CASES submitted by GOTTESMAN, BARUCH, S of BARUCH S. GOTTESMAN, ESQ. on behalf of JOSH LEVINE, EHCM LLC, JOSH LEVINE CPA P.C. against TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM **LINKED FILING** | LCV20211986388 08/27/2021 |
| 08/27/2021 | ✉ | The motion filed on 08/27/2021 will be decided on 09/24/2021. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO CONSOLIDATE CASES [LCV20211986388] | LCV20211990219 08/27/2021 |
| 08/27/2021 | 📎 ✉ | ORDER DEFAULT (OUT OF TIME)-Granted by Judge WILSON, ROBERT, C re: MOTION FOR DEFAULT (OUT OF TIME) [LCV20211861681] | LCV20211991713 08/27/2021 |
| 08/27/2021 | ✉ | Default has been entered against the following party/parties: JOSH LEVINE | LCV20211997218 08/27/2021 |
| 08/27/2021 | ✉ | Default has been entered against the following party/parties: JOSH LEVINE CPA P.C. | LCV20211997220 08/27/2021 |
| 08/27/2021 | ✉ | Default has been entered against the following party/parties: EHCM LLC | LCV20211997222 08/27/2021 |
| 09/08/2021 | ✉ | The motion filed on 08/27/2021 was rescheduled to 09/24/2021. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO CONSOLIDATE CASES [LCV20211986388] | LCV20212078539 09/08/2021 |
| 09/15/2021 | 📎 ✉ | OPPOSITION TO MOTION submitted by GARBER, BENJAMIN, ALEX of BRAVERMAN KASKEY PC on behalf of TAMAR GRUENBAUM DDS,LLC, TAMAR GRUENBAUM against JOSH LEVINE, EHCM LLC, JOSH LEVINE CPA P.C. **LINKED FILING** | LCV20212144959 09/15/2021 |
| 09/22/2021 | ✉ | The motion filed on 08/27/2021 was rescheduled to 09/24/2021. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO CONSOLIDATE CASES [LCV20211986388] | LCV20212203705 09/22/2021 |
| 10/08/2021 | 📎 ✉ | ORDER CONSOLIDATE CASES-Granted by Judge WILSON, ROBERT, C re: MOTION TO CONSOLIDATE CASES [LCV20211986388] | LCV20212354231 10/08/2021 |

Showing 1 to 24 of 24 entries

- Screen ID : ECCV3000
- © Copyright NJ Judiciary 2016

BUILD: CivilCaseJacket_2021.1.0.3.2

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** <br> 385 S Maple Ave, #107 <br> Glen Rock, NJ 07452 <br><br>     *Plaintiffs*, <br><br>   v. <br><br> **JOSH LEVINE, CPA** <br> 135 Rockaway Turnpike, Suite 111, <br> Lawrence, NY 11559; and <br><br> **JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES,** <br> 135 Rockaway Turnpike, Suite 111, <br> Lawrence, NY 11559; and <br><br> **EHCM LLC** <br> 123 Grove Ave <br> Suite 101 <br> Cedarhurst, NY 11516 <br>     *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> Docket No. _____ <br><br> **COMPLAINT AND JURY DEMAND DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATIONS UNDER RULES 1:38-7(b) and 4:5-1** |

Plaintiffs Tamar Gruenbaum, DDS ("Dr. Gruenbaum") and Tamar

Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry (the "Practice"),

by and through their undersigned counsel, brings this Complaint against

defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and

EHCM LLC (collectively, the "defendants"), as follows:

## PRELIMINARY STATEMENT

1.      Dr. Gruenbaum is the owner of a local pediatric dental practice. Defendants were engaged for purposes of providing accounting and tax related services to plaintiffs.

2.      Among other things, defendants agreed to handle all the Practice's accounting and tax needs, including, but not limited to, preparing, and timely filing all federal and state tax returns, handling its payroll taxes, maintaining its QuickBooks, and preparing quarterly profit and loss statements.  Defendants were also engaged as Dr. Gruenbaum's personal accountant.

3.      However, defendants' services were utterly deficient.  Defendants failed to act in plaintiffs' best interests, and their services were procured through defendants' misrepresentations as to their qualifications and abilities.

4.      Defendants' acts and omissions, as alleged herein, have, and continue to cause substantial financial harm to plaintiffs and give rise to the claims asserted herein for breach of contract, breach of fiduciary duty, fraud, conversion, and unjust enrichment, among others.

## PARTIES

5.      Dr. Gruenbaum is an adult individual with a business address of 385 S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

6.      Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry is a New Jersey limited liability company with an address of 385 S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

2

7.      Upon information and belief, Levine is an individual with an address of 135 Rockaway Turnpike, Suite 111, Lawrence, New York 10128.

8.      Upon information and belief, Levine is a certified public accountant.

9.      Upon information and belief, Josh Levine CPA P.C. d/b/a Levine & Associates ("Levine & Assoc") is a New York professional corporation with an address of 135 Rockaway Turnpike, Suite 111, Lawrence, New York 10128 and a registered address of 8-21 Roosevelt Court, Far Rockaway, New York, 11691.

10.     At all times material hereto, Levine has been a shareholder, officer, director, principal, and agent of Levine & Assoc.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to N.J. Const. Art. VI § III.

12.     This Court has personal jurisdiction over all of the parties, as each party resides in, conducts business in or has its principal place of business in New Jersey, and the actions described herein occurred in New Jersey.

13.     Venue is appropriate in this Court pursuant to NJ Court Rules 4:3-1(a)(5) and 4:3-2(a).

## FACTS

### Background

14.     Dr. Gruenbaum grew up in Teaneck, New Jersey and earned her D.D.S. from Columbia University College of Dental Medicine.

3

15.     Dr. Gruenbaum completed a general practice residency at Montefiore Medical Center in Bronx, New York.

16.     Dr. Gruenbaum did her post-graduate training in pediatric dentistry at Maimonides Medical Center in Brooklyn, New York, where she served as chief resident during her second year.

17.     Dr. Gruenbaum is a member of the AAPD and is board certified by the American Board of Pediatric Dentistry.

18.     Dr. Gruenbaum is the owner of the Practice, which provides comprehensive dental care to children from infancy through their teenage years.

19.     In December 2017, Dr. Gruenbaum retained Levine as the Practice's accountant and tax professional.

20.     At the time, upon information and belief, Levine operated as the sole member of EHCM LLC d/b/a "Empire Healthcare Management, LLC."

21.     Upon information and belief, subsequently Levine ceased operating as EHCM LLC d/b/a "Empire Healthcare Management, LLC" and began trading as "Levine and Assoc LLC" or "Levine & Associates" and holding himself out as a "Partner" thereof.

22.     Upon information and belief, "Levine & Associates LLC" is a registered New York limited liability company with a DOS number of 4905735 that is unaffiliated with Levine.

23.     Levine was also engaged as Dr. Gruenbaum's personal accountant.

4

24.     Pursuant to the parties' agreement, defendants agreed to handle all the Practice's accounting and tax needs, including, but not limited to, preparing, and timely filing all federal and state tax returns, handling its payroll taxes, maintaining its QuickBooks, and preparing quarterly profit and loss statements.

25.     Defendants also agreed to provide accounting and tax services to Dr. Gruenbaum, individually.

26.     Defendants' obligations included but were not limited to the following:

a.     Perform and maintain bookkeeping functions, including maintaining the company's books, records, cash receipts, and cash disbursements ledgers.

b.     Hold monthly phone meetings with Dr. Gruenbaum to review issues and discuss ways to improve the Practice;

c.     Hold quarterly in person meetings with Dr. Gruenbaum to address Practice and personal related accounting and financial issues;

d.     Analyze the Practice's books and records and report to Dr. Gruenbaum concerning the same;

e.     Provide services on an "as need" basis when accounting or financial issues arise;

f.     Provide personal tax planning and analyze cash flow for Dr. Gruenbaum, individually;

g.     Position the Practice for growth and to implement and maintain systems to foster the Practice's growth;

5

   h. Oversee and manage the Practice's workers' compensation and disability information audits;

   i. Prepare the year end taxes for both the Practice and Dr. Gruenbaum;

   j. Recommend to the Practice cost savings practices and methods; and

   k. Develop and discuss tax planning strategies.

 27. The above-referenced services that defendants were required to provide are memorialized in a letter agreement attached hereto as Exhibit "1".

 28. Despite demand, defendants have not provided plaintiffs with a fully executed copy of the agreement.

<u>Defendants' Fraud and Unlawful Conduct</u>

 29. For purposes of inducing Dr. Gruenbaum to retain his services, Levine misrepresented that he was experienced and competent in providing accounting and tax advice to dentists and oral surgeons.

 30. Defendants misrepresented to Dr. Gruenbaum Levine's successes improving dental practices like Dr. Gruenbaum's practice.

 31. Levine also misrepresented the credentials, qualifications, and abilities of his company.

 32. For purposes of inducing Dr. Gruenbaum to retain his services, Levine mispresented that he was experienced and competent in providing personal tax advice in connection with divorce proceedings.

6

33.     Throughout defendants' engagement, however, defendants failed to perform the agreed-upon and above-referenced services.

34.     Any services that were provided were deficient and of no value to plaintiffs.

35.     Among other things, defendants provided erroneous, deficient, and substandard tax advice and services to plaintiffs, including, specifically, with respect to the preparation of Dr. Gruenbaum's 2019 tax returns.

36.     As a result of defendants' failings in connection therewith, Dr. Gruenbaum has incurred substantial fees, costs, and expenses in her divorce proceedings that she otherwise would not have incurred absent defendants' misconduct.

37.     As a result of defendants' egregious mistakes in connection with the Practice's 2019 taxes, the Practice was unable to maximize its Paycheck Protection Program loan and instead received a loan in an amount substantially less than it otherwise would have been, absent defendants' failings.

38.     Defendants were required to, but failed to, file multiple IRS Form 941s.

39.     Defendants' failures to file resulted in an IRS investigation and the imposition of penalties against the Practice and Dr. Gruenbaum personally.

40.     Levine failed to accurately report the Practice's employment tax liability to the State of New Jersey.

41.    For at least one Practice employee, Levine deducted the required payroll tax from Dr. Gruenbaum's account but failed to file the appropriate documentation with the State of New Jersey, such that the State had no record of the employee working for the Dr. Gruenbaum for any payroll period.

42.    Levine fraudulently induced Gruenbaum to retain him for payroll related services.

43.    Levine referred Dr. Gruenbaum to a payroll vendor, Empire Payroll Processing, Inc., and misrepresented that entity as an independent third party rather than as an entity affiliated with Levine and his practice.

44.    The payroll vendor's services were substandard, and the costs were grossly excessive.

45.    At all times material hereto, when Dr. Gruenbaum questioned Levine's services, Levine sought to cover up his failings by misrepresenting to Dr. Gruenbaum that everything had been taken care of properly.

46.    On March 31, 2020, and on multiple occasions thereafter, Dr. Gruenbaum sought, and Levine refused access to, the Practice's QuickBooks records.

47.    As a result of defendants' unlawful conduct, plaintiffs have suffered emotional distress and substantial monetary harm, including out-of-pocket expenses, fees, and costs for defendants are responsible.

48.    Defendants, on the other hand, have been unjustly enriched, having received undeserved compensation in connection with their engagement.

## COUNT I
## BREACH OF CONTRACT

49.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

50.     Plaintiffs and defendants are parties to a valid and enforceable agreement.

51.     Plaintiffs have performed under the agreement.

52.     By doing the things alleged herein, defendants have materially breached his agreement.

53.     As a direct, proximate, and foreseeable result of defendants' breaches of contract, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT II
## BREACH OF GOOD FAITH AND FAIR DEALING

54.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

55.     By doing the things alleged herein, defendants have breached the duty of good faith and fair dealing owed to plaintiffs.

56.     As a direct, proximate, and foreseeable result of defendants' breaches of good faith and fair dealing, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT III
### BREACH OF FIDUCIARY DUTY

57.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

58.     Under New Jersey law, a fiduciary relationship exists when one party is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.

59.     By virtue of the parties' relationship, defendants owed fiduciary duties to the plaintiffs.

60.     By doing the things alleged herein, defendants have breached their fiduciary duties of care and loyalty to plaintiffs.

61.     As a direct, proximate, and foreseeable result of defendants' breaches of fiduciary duty, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT IV
### CONVERSION

62.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

63.     By doing the things alleged herein, defendants converted the time, money, resources, and other assets of the plaintiffs without privilege or authorization and for their own improper purposes.

10

64.     As a direct, proximate, and foreseeable result of defendants' conversion, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT V
## UNJUST ENRICHMENT

65.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

66.     Defendants have and continue to benefit from their receipt of the benefits and other compensation paid to them by the plaintiffs.

67.     Defendants' retention of said benefits constitutes unjust enrichment.

68.     Accordingly, the Court should require defendants to return the benefits bestowed upon them by the plaintiffs to the plaintiffs.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT VI
## FRAUD/FRAUDULENT CONCEALMENT

69.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

70.     Defendants knowingly misrepresented the truth and/or concealed material facts to induce plaintiffs to act to their detriment.

71.     As alleged herein, defendants misrepresented to Dr. Gruenbaum that Levine was a qualified, experienced, competent, and diligent professional.

72.     Reasonably relying on these misrepresentations, plaintiffs retained defendants' services.

73.     Reasonably relying on these misrepresentations, plaintiffs retained entered into the agreement.

74.     Additionally, defendants knowingly and intentionally concealed their misconduct from plaintiffs for purposes of preventing them from uncovering the truth of the same and continuing to reap the benefits that plaintiffs bestowed upon them.

75.     As a direct, proximate, and foreseeable result of defendants' fraud and fraudulent concealment, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT VII
## NEGLIGENCE

76.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

77.     Defendants owed plaintiffs a duty of care as a certified public accountant.

78.     By doing the things alleged herein, defendants breached their duty of care, acted negligently, and otherwise deviated from the acceptable professional standards attendant to a certified public accountant.

12

79.     As a direct, proximate, and foreseeable result of defendants'
negligence, plaintiffs have suffered, and will continue to suffer, substantial damages
in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(i)      compensatory and consequential damages in an amount to be
determined at trial, against defendants, individually and/or jointly and
severally as appropriate;

(ii)     punitive damages;

(iii)    reasonable attorney's fees and costs;

(iv)     pre- and post-judgment interest at the highest legal rate; and

(v)      for such other and further relief as the Court may deem equitable, just,
and proper, including the award of costs and expenses incurred by
plaintiffs in this action.

## JURY DEMAND

Plaintiffs demand trial by a jury of twelve on all of the triable issues of this
Complaint, pursuant to NJ Court Rules 1:8-2(b) and 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to NJ Court Rule 4:25-4, plaintiffs hereby designate Benjamin A.
Garber, Esq. as trial counsel in this matter.

13

## CERTIFICATIONS

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding and no other Court action or arbitration proceeding is contemplated. There is presently pending one other action, at Docket No. C-154-19, in which one or more of the parties to this action assert matters other than the matter in controversy herein.

Other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Respectfully submitted,

Dated: June 14, 2021

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

14

## SUMMONS

Attorney(s)  Benjamin A. Garber, Esq. / ID#011382009

Office Address  Braverman Kaskey Garber PC

Town, State, Zip Code  One Liberty Place, 56th Floor

  Philadelphia, PA 19103

Telephone Number  215-575-3800

Attorney(s) for Plaintiff  Tamar Gruenbaum et al

 Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC

  d/b/a Ridgewood Valley Pediatric Dentistry,

   Plaintiff(s)

  vs.

 Josh Levine, CPA, Josh Levine CPA PC d/b/a

  Levine & Associates, and EHCM LLC

   Defendant(s)

# Superior Court of New Jersey

  Bergen  County

  Law  Division

Docket No:  _____

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

  /s/ Michelle M. Smith
   Clerk of the Superior Court

DATED:  June 14, 2021

Name of Defendant to Be Served:   Josh Levine, CPA

Address of Defendant to Be Served:  135 Rockaway Turnpike, Suite 111, Lawrence, NY 11559

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**SUMMONS**

Attorney(s) __Benjamin A. Garber, Esq. / ID#011382009__

Office Address __Braverman Kaskey Garber PC__

Town, State, Zip Code __One Liberty Place, 56th Floor__

__Philadelphia, PA 19103__

Telephone Number __215-575-3800__

Attorney(s) for Plaintiff __Tamar Gruenbaum et al__

__Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC__

__d/b/a Ridgewood Valley Pediatric Dentistry,__
   Plaintiff(s)

   vs.

__Josh Levine, CPA, Josh Levine CPA PC d/b/a__

__Levine & Associates, and EHCM LLC__
   Defendant(s)

# Superior Court of New Jersey

__Bergen__ County

__Law__ Division

Docket No: _____

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

__/s/ Michelle M. Smith__
Clerk of the Superior Court

DATED: __June 14, 2021__

Name of Defendant to Be Served: __Josh Levine, CPA P.C. d/b/a Levine & Associates__

Address of Defendant to Be Served: __135 Rockaway Turnpike, Suite 111, Lawrence, NY 11559__

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

## SUMMONS

Attorney(s) __Benjamin A. Garber, Esq. / ID#011382009__

Office Address __Braverman Kaskey Garber PC__

Town, State, Zip Code __One Liberty Place, 56th Floor__

__Philadelphia, PA 19103__

Telephone Number __215-575-3800__

Attorney(s) for Plaintiff __Tamar Gruenbaum et al__

__Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC__

__d/b/a Ridgewood Valley Pediatric Dentistry,__

       Plaintiff(s)

       vs.

__Josh Levine, CPA, Josh Levine CPA PC d/b/a__

__Levine & Associates, and EHCM LLC__

       Defendant(s)

### Superior Court of New Jersey

__Bergen__ County

__Law__ Division

Docket No: _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                    __/s/ Michelle M. Smith__

                    Clerk of the Superior Court

DATED: __June 14, 2021__

Name of Defendant to Be Served: __EHCM LLC__

Address of Defendant to Be Served: __123 Grove Ave., Suite 101, Cedarhurst, NY 11516__

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003840-21

**Case Caption:** GRUENBAUM TAMAR  VS LEVINE JOSH

**Case Initiation Date:** 06/14/2021

**Attorney Name:** BENJAMIN ALEX GARBER

**Firm Name:** BRAVERMAN KASKEY PC

**Address:** 1650 MARKET STREET 56TH FL ONE LIBERTY PLACE

PHILADELPHIA PA 191037334

**Phone:** 2155753800

**Name of Party:** PLAINTIFF : Gruenbaum, Tamar

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Tamar Gruenbaum? NO**

**Are sexual abuse claims alleged by: Tamar Gruenbaum DDS, LLC? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/14/2021
Dated

/s/ BENJAMIN ALEX GARBER
Signed

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   JUNE 14, 2021
                        RE:     GRUENBAUM TAMAR  VS LEVINE JOSH
                        DOCKET: BER L -003840 21


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT C. WILSON

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (201) 527-2600.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                            ATT: BENJAMIN A. GARBER
                            BRAVERMAN KASKEY PC
                            1650 MARKET STREET 56TH FL
                            ONE LIBERTY PLACE
                            PHILADELPHIA    PA 19103-7334


ECOURTS
```

TAMAR GRUENBAUM, ET AL

Plaintiff

vs

JOSH LEVINE, CPA, ET AL

Defendant

20210615111725

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**Person to be served** (Name and Address):
JOSH LEVINE, CPA,
135 ROCKAWAY TURNPIKE,  SUITE 111
LAWRENCE  NY  11559
**By serving:** JOSH LEVINE, CPA,

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**Service Data:**  XXX Served Successfully        [ ] Not Served

Date/Time:  06/21/2021        12:21 PM

XXX Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

JOSH LEVINE, CPA- SELF

**Description of Person Accepting Service:**

SEX: M   AGE: 45-55   HEIGHT: 5'8"- 5'10"   WEIGHT: 225-250   SKIN: WHITE   HAIR: BROWN   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

29th day of JUNE , 20 21

Notary Signature: _____

Name of Notary        Commission Expiration
02/11/2022

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6060760
Qualified in Nassau County
Commission Expires February 11, 2022

**Docusign Court Approved E-Signature**

I,  RICK LETTAU
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

_____        06 /29 /2021
Signature of Process Server        Date

RICK LETTAU

Name of Private Server:  RICK LETTAU        Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

TAMAR GRUENBAUM, ET AL

Plaintiff

vs

JOSH LEVINE, CPA, ET AL

Defendant

**Person to be served** (Name and Address):
JOSH LEVINE, CPA P.C. D/B/A LEVINE & ASSOCIATES
135 ROCKAWAY TURNPIKE,  SUITE 111
LAWRENCE  NY  11559
**By serving:** JOSH LEVINE, CPA P.C. D/B/A LEVINE & ASSOCIATES

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**Service Data:**  XXX Served Successfully        [ ] Not Served

Date/Time:    06/21/2021                12:21 PM
[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

XXX [ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX: M  AGE 45-55 HEIGHT: 5'8"-5'10" WEIGHT: 225-250  SKIN: WHITE  HAIR: BROWN OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

---

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

JOSH LEVINE, CPA

MANAGING AGENT

20210615111631

---

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this
29th day of JUNE 20 21
Notary Signature: _____

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6069760
Qualified in Nassau County
Commission Expires February 11, 2011

02/11/2022
Name of Notary        Commission Expiration

**Docusign Court Approved E-Signature**

I,  RICK LETTAU,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____        06  29  2021
Signature of Process Server        Date

RICK LETTAU

Name of Private Server:  RICK LETTAU    Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

TAMAR GRUENBAUM, ET AL

                          Plaintiff

           vs

JOSH LEVINE, CPA, ET AL

                          Defendant

20210615111244

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**Person to be served** (Name and Address):
EHCM LLC.
135 ROCKAWAY TURNPIKE, SUITE 111
LAWRENCE NY 11559
**By serving:** JOSH LEVINE, CPA

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**Service Data:**    XXX Served Successfully    [ ] Not Served

Date/Time:  06/21/2021           12:21 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

XXX Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Name of Person Served and relationship/title:

JOSH LEVINE, CPA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX: M  AGE: 45-55  HEIGHT: 5'8"-5'10"  WEIGHT: 225-250  SKIN: WHITE  HAIR: BROWN  OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:    Date/Time: _____
                               Date/Time: _____
                               Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this
29th day of JUNE 20 21
Notary Signature: _____

_____
Name of Notary      02/11/2022
                    Commission Expiration

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6069760
Qualified In Nassau County
Commission Expires February 11, 2022

**Docusign Court Approved E-Signature**

I, RICK LETTAU
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   06 / 29 20 21
Signature of Process Server           Date

RICK LETTAU

Name of Private Server: RICK LETTAU    Address: 2009 Morris Avenue UNION, NJ 07083 Phone: (800) 672-1952

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, <br><br> *Plaintiffs,* <br><br> v. <br><br> JOSH LEVINE, CPA and JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC, <br><br> *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> Docket No. BER-L-003840-21 <br><br> **REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS JOSH LEVINE, CPA, JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC** |

TO:   CLERK OF SUPERIOR COURT OF NEW JERSEY
      Civil Division Case Management Office
      Bergen County Justice Center
      10 Main Street, Room 415
      Hackensack, NJ 07601

      Please enter a default upon defendants Josh Levine, CPA, Josh Levine CPA

P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants") for

failure to plead or otherwise defend as provided by the New Jersey Court Rules.  A

Certification in Support of Default is attached hereto.

Respectfully submitted,

Dated: July 27, 2021

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSH LEVINE, CPA <br> and <br> JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, <br> and <br> EHCM LLC, <br><br> *Defendants*. | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY <br><br> Docket No. BER-L-003840-21 <br><br> CERTIFICATION OF BENJAMIN A. GARBER, ESQUIRE IN SUPPORT OF DEFAULT AGAINST DEFENDANTS JOSH LEVINE, CPA, JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC |

BENJAMIN A. GARBER, of full age, being duly sworn hereby certifies as follows:

1.    I am an attorney at law in the State of New Jersey and a member of the law firm of Braverman Kaskey Garber, P.C.

2.    I am familiar with the facts and circumstances of the within action.

3.    The Summons and Complaint in this action were served upon defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants") on June 21, 2021, as appears from the

Affidavits of Service from Rick Lettau, process server, filed and docketed on July 8, 2021.  True and correct court-stamped copies of the Affidavits of Service upon the defendants are attached hereto as **Exhibit A**.

4.      The time within which the defendants may answer or otherwise move as to the Complaint has expired and has not been extended.  Defendants have not answered or otherwise moved as to the Complaint.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: July 27, 2021                    **BRAVERMAN KASKEY GARBER PC**

BY:  */s/ Benjamin A. Garber*
          BENJAMIN A. GARBER, ESQUIRE
          One Liberty Place- 56th Floor
          1650 Market Street
          Philadelphia, Pennsylvania 19103
          Telephone: (215) 575-3800
          Facsimile: (215) 575-3801
          *Attorneys for Plaintiffs*

# EXHIBIT   A

TAMAR GRUENBAUM, ET AL

                              Plaintiff

vs

JOSH LEVINE, CPA, ET AL

                             Defendant

**Person to be served** (Name and Address):
JOSH LEVINE, CPA,
135 ROCKAWAY TURNPIKE,  SUITE 111
LAWRENCE  NY  11559
**By serving:** JOSH LEVINE, CPA,

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**Service Data:**  XXX Served Successfully      [ ] Not Served

Date/Time:    06/21/2021         12:21 PM

XXX Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

---

20210615111725

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Name of Person Served and relationship/title:

JOSH LEVINE, CPA- SELF

_____

_____

**Description of Person Accepting Service:**

SEX: _M_   AGE: 45-55   HEIGHT: 5'8"-5'10"   WEIGHT: 225-250   SKIN: WHITE   HAIR: BROWN   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:      Date/Time: _____
                         Date/Time: _____
                         Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

29th day of JUNE , 20 21

Notary Signature: _____

                  02/11/2022

Name of Notary         Commission Expiration

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6060760
Qualified in Nassau County
Commission Expires February 11, 2022

Name of Private Server: _____ RICK LETTAU _____

**Docusign Court Approved E-Signature**

I, _____ RICK LETTAU _____
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   06 /29 /2021
Signature of Process Server          Date

RICK LETTAU

Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

TAMAR GRUENBAUM, ET AL

                                          Plaintiff

vs

JOSH LEVINE, CPA, ET AL

                                        Defendant

**Person to be served** (Name and Address):
JOSH LEVINE, CPA P.C. D/B/A LEVINE & ASSOCIATES
135 ROCKAWAY TURNPIKE,  SUITE 111
LAWRENCE  NY  11559
**By serving:** JOSH LEVINE, CPA P.C. D/B/A LEVINE & ASSOCIATES

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**Service Data:**   XXX Served Successfully     [ ] Not Served

Date/Time:   <u>06/21/2021</u>        <u>12:21 PM</u>

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

XXX [ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

20210615111631

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Name of Person Served and relationship/title:

<u>JOSH LEVINE, CPA</u>

<u>MANAGING AGENT</u>

**Description of Person Accepting Service:**

SEX: <u>M</u> AGE <u>45-55</u> HEIGHT: <u>5'8"-5'10"</u> WEIGHT: <u>225-250</u> SKIN: <u>WHITE</u> HAIR: <u>BROWN</u> OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:    Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

<u>29th</u> day of <u>JUNE</u> 20 <u>21</u>

Notary Signature: _____

                         MAUREEN A. LETTAU
                         Notary Public, State of New York
                         NO. 01LE6069760
                         Qualified in Nassau County
<u>02/11/2022</u>      Commission Expires February 11, 2011

Name of Notary       Commission Expiration

Docusign Court Approved E-Signature

I, <u>RICK LETTAU</u>,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   06 <u>29</u> 2021
Signature of Process Server         Date

<u>RICK LETTAU</u>

Name of Private Server: <u>RICK LETTAU</u>   Address: 2009 Morris Avenue UNION, NJ 07083 Phone: (800) 672-1952

TAMAR GRUENBAUM, ET AL

                                **Plaintiff**

           vs

JOSH LEVINE, CPA, ET AL

                              **Defendant**

20210615111244

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**Person to be served** (Name and Address):
EHCM LLC.
135 ROCKAWAY TURNPIKE, SUITE 111
LAWRENCE NY 11559
**By serving:** JOSH LEVINE, CPA

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**Service Data:**    XXX Served Successfully      [ ] Not Served

Date/Time:   06/21/2021            12:21 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

XXX Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Name of Person Served and relationship/title:

JOSH LEVINE, CPA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX: M   AGE: 45-55   HEIGHT: 5'8"-5'10"   WEIGHT: 225-250   SKIN: WHITE   HAIR BROWN   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:      Date/Time: _____
                      Date/Time: _____
                      Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this

29th day of JUNE 20 21

Notary Signature: _____

02/11/2022
Name of Notary        Commission Expiration

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6069760
Qualified in Nassau County
Commission Expires February 11, 2022

**Docusign Court Approved E-Signature**

I, RICK LETTAU
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____    06 / 29 20 21
Signature of Process Server        Date

RICK LETTAU

Name of Private Server:   RICK LETTAU      Address: 2009 Morris Avenue UNION, NJ 07083   Phone: (800) 672-1952

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                    *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs*, | Docket No. BER-L-003840-21 |
| v. | CERTIFICATION OF NON-MILITARY SERVICE |
| JOSH LEVINE, CPA and JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC, | |
| *Defendants*. | |

BENJAMIN A. GARBER, of full age, being duly sworn hereby certifies as follows:

1.    I am an attorney at law in the State of New Jersey and a member of the law firm of Braverman Kaskey Garber, P.C.

2.    I am familiar with the facts and circumstances of the within action.

3.    To the best of my knowledge, information and belief, defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants") are not in the military service of the United States.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: July 27, 2021

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**JOSH LEVINE, CPA**<br>**and**<br>**JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES,**<br>**and**<br>**EHCM LLC,**<br><br>*Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY**<br><br>Docket No. <u>BER-L-003840-21</u><br><br>**PROOF OF MAILING** |

I hereby certify that on the 27th day of July, 2021, a true and correct copy of the foregoing Request for Entry of Default was electronically filed with the Clerk of the Court, is available for viewing and downloading from the Court's electronic filing system (eCourts System-Civil Part), and will be served by U.S. Certified Mail and U.S. First-Class, postage prepaid upon the following:

Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

Josh Levine CPA P.C. d/b/a Levine & Associates
c/o Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

EHCM LLC
c/o Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

Respectfully submitted,

Dated: July 27, 2021

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** |
| *Plaintiffs,* | **Docket No. BER-L-003840-21** |
| v. | |
| **JOSH LEVINE, CPA** and **JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES,** and **EHCM LLC,** | **NOTICE OF MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| *Defendants.* | |

TO:  Josh Levine, CPA
     Josh Levine CPA P.C. d/b/a Levine & Associates
     EHCM LLC
     135 Rockaway Turnpike, Suite 111,
     Lawrence, NY 11559

     Shanalee Ackerman
     Ackerman Practice Management LLC
     c/o Shanalee Ackerman
     1775 York Avenue, #32A
     New York, New York 10128

**PLEASE TAKE NOTICE** that the undersigned counsel for Plaintiffs, will

apply to the Superior Court of New Jersey, Bergen County, 10 Main St,

1

Hackensack, NJ 07601, New Jersey on August 27, 2021, at 9:00 a.m. or as soon

thereafter as counsel can be heard, for an Order entering default judgment

pursuant to R. 4:43-2(a) against defendants Josh Levine, CPA, Josh Levine CPA

P.C. d/b/a Levine & Associates, and EHCM LLC.

PLEASE TAKE FURTHER NOTICE, that in support of their Motion,

plaintiffs shall rely upon the Certification of Amount Due and Non-Military Service

of Tamar Gruenbaum, and Certification of Benjamin A. Garber, Esquire. A

proposed form of Order is submitted.

PLEASE TAKE FURTHER NOTICE that pursuant to R. 1: 6-2( d) the

undersigned waives oral argument.

PLEASE TAKE FURTHER NOTICE that the relief requested may be

granted unless opposition papers are timely filed and served upon counsel for

plaintiffs no later than 8 days before the return date of the motion unless the court

relaxes that time.

Respectfully submitted,

Dated: August 10, 2021      **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
       BENJAMIN A. GARBER, ESQUIRE
       One Liberty Place- 56th Floor
       1650 Market Street
       Philadelphia, Pennsylvania 19103
       Telephone: (215) 575-3800
       Facsimile: (215) 575-3801
       _Attorneys for Plaintiffs_

## CERTIFICATION OF SERVICE

I hereby certify that on the date below, the within Notice of Motion,

Certification of Amount Due and Non-Military Service of Tamar Gruenbaum,

Certification of Benjamin A. Garber, Esquire, and proposed form of Order were filed

and served by U.S. First-Class, postage prepaid upon the following defendants:

Shanalee Ackerman
1775 York Avenue, #32A
New York, New York 10128

Ackerman Practice Management LLC
c/o Shanalee Ackerman
1775 York Avenue, #32A
New York, New York 10128

Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

Josh Levine CPA P.C. d/b/a Levine & Associates
c/o Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

EHCM LLC
c/o Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: August 10, 2021

**BRAVERMAN KASKEY GARBER PC**

BY:  /s/ Benjamin A. Garber
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place - 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

4

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                        *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs,* | Docket No. <u>BER-L-003840-21</u> |
| v. | |
| JOSH LEVINE, CPA and JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC, | **FINAL JUDGMENT BY DEFAULT** |
| *Defendants.* | |

THIS MATTER having been presented to the Court by Braverman Kaskey

Garber PC, attorneys for plaintiffs, Tamar Gruenbaum, DDS and Tamar

Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry, for entry of

Final Judgment by Default pursuant to R. 4:43-2 against defendants Josh Levine,

CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC

(collectively, the "defendants"); and defendants having been served with the

Summons and Complaint in this action; and defendants having failed to properly

answer the Complaint or otherwise move as to the Complaint; and default having

been properly entered against defendants on July 27, 2021; and defendants having

been served with a copy of the default entered against them; and the Court having

considered the Certification of Amount Due and Non-Military Service of Tamar

Gruenbaum and Certification of Counsel; and it further appearing that good cause

has been shown for the entry of this Judgment,

It is on this ____ day of August 2021, ORDERED as follows:

1.    JUDGMENT by default as authorized by R. 4:43-2(b) is entered in

favor of plaintiffs, Tamar Gruenbaum, DDS and Tamar Gruenbaum DDS, LLC

d/b/a Ridgewood Valley Pediatric Dentistry, and against defendants Josh Levine,

CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC, in the

amount of $161,437.32, together with pre-judgment and post-judgment interest and

costs of suit.

2.    A copy of this Judgment shall be served on defendants by regular mail

within seven (7) days of receipt by plaintiffs' counsel in accordance with Rule 4:43-

2(c).

BY THE COURT:

_____
                                        J.

This motion was:

OPPOSED: ____

UNOPPOSED: ____

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs*, | Docket No. <u>BER-L-003840-21</u> |
| v. | CERTIFICATION OF AMOUNT DUE AND NON-MILITARY SERVICE |
| JOSH LEVINE, CPA and JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC, | |
| *Defendants.* | |

**TAMAR GRUENBAUM**, of full age, hereby certifies and says:

1.     I am a plaintiff in the above-captioned action and am the sole member of plaintiff Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry.  I have personal knowledge of the facts set forth herein and I am authorized to make this Certification in support of plaintiffs' application for entry of a default judgment against defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants"), in the amount of **$161,437.32**.

2.    I am the owner of a local pediatric dental practice, Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry.

3.    Defendants were engaged for purposes of providing accounting and tax related services.

4.    Among other things, defendants agreed to handle all the practice's accounting and tax needs, including, but not limited to, preparing, and timely filing all federal and state tax returns, handling its payroll taxes, maintaining its QuickBooks, and preparing quarterly profit and loss statements.  Defendants were also engaged as my personal accountant.

5.    However, defendants' services were utterly deficient, as set forth in the allegations of the Complaint incorporated herein by reference.

6.    Plaintiffs have sustained losses as a result of the conduct complained of in the Complaint and for which defendants are liable, which include:

A.    Return of the payment to defendants of $15,600 paid under the contract that defendants breached as a result of their flawed tax and accounting services.

B.    Failing to obtain additional Paycheck Protection Program financing of $26,429.

C.    Legal fees of $92,408.32 incurred in a separate legal matter directly as a result of defendants' faulty preparation of my 2019 tax returns.

2

D.    Expert fees of $5,000 paid to Steven E. Carmosino, MBA, CPA of Botwinick & Company, LLC in a separate legal matter directly as a result of defendants' faulty preparation of my 2019 tax returns.

E.    Professional fees of $5,000 to Klein Liebman & Gresen, LLC in a separate legal matter directly as a result of defendants' faulty preparation of my 2019 tax returns.

F.    Loss of business revenue for three (3) days totaling $15,000 as a direct result of having to appear for depositions in the separate legal matter, the sole purpose of which was to address defendants' faulty preparation of my 2019 tax returns.

G.    Fees of $2,000 paid to defendants for payroll services that were not provided.

7.    The total of plaintiffs' losses, which are continuing in nature, as calculated for present purposes, is $161,437.32.

8.    This claim is not based directly or indirectly upon sale of a chattel wherein the chattel has been repossessed peaceably or by legal process.

9.    The Defendants named herein are not an infant or incompetent person.

10.    Defendant Josh Levine is not in the military service of the United States or its allies.

3

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

TAMAR GRUENBAUM

## CERTIFICATION OF SERVICE

I hereby certify that on the date below, the within Notice of Motion,

Certification of Amount Due and Non-Military Service of Tamar Gruenbaum,

Certification of Benjamin A. Garber, Esquire, and proposed form of Order were filed

and served by U.S. First-Class, postage prepaid upon the following defendants:

Shanalee Ackerman
1775 York Avenue, #32A
New York, New York 10128

Ackerman Practice Management LLC
c/o Shanalee Ackerman
1775 York Avenue, #32A
New York, New York 10128

Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

Josh Levine CPA P.C. d/b/a Levine & Associates
c/o Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

EHCM LLC
c/o Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

1

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

<div style="margin-left:40%">

Respectfully submitted,

</div>

Dated: August 10, 2021

<div style="margin-left:40%">

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

</div>

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                          *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSH LEVINE, CPA <br> and <br> JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, <br> and <br> EHCM LLC, <br><br> *Defendants.* | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY <br><br> Docket No. <u>BER-L-003840-21</u> <br><br> CERTIFICATION OF BENJAMIN A. GARBER, ESQUIRE PER R. 4:43-2 FOR FINAL JUDGMENT BY DEFAULT DEFENDANTS JOSH LEVINE, CPA, JOSH LEVINE CPA P.C. D/B/A LEVINE & ASSOCIATES, AND EHCM LLC |

I, Benjamin A. Garber, Esquire, counsel for plaintiffs, hereby certifies as follows:

1.   I am counsel to Plaintiffs Tamar Gruenbaum, DDS ("Dr. Gruenbaum") and Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry.

2.   Plaintiffs seek a Final Judgment by Default against defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants"), pursuant to R. 4:43-2.

3.   The Summons and Complaint in this action were personally served

upon defendants on June 21, 2021, as appears from the Affidavits of Service from Rick Lettau, process server, filed and docketed on July 8, 2021.

4.      True and correct court-stamped copies of the Affidavits of Service upon the defendants are attached hereto as **Exhibit "1"**.

5.      The time within which the defendants may answer or otherwise move as to the Complaint expired.

6.      Defendants failed to timely answer or otherwise move as to the Complaint.

7.      Accordingly, on July 27, 2021, a default was filed and entered against each of the defendants per R. 4:43-1.

8.      Defendants were served by regular mail and certified mail on July 27, 2021; the certified mail was delivered on July 31, 2021.  True and correct copies of service documents are attached hereto as **Exhibit "2"**.

9.      Rule 4:43-2 allows a court to enter final judgment by default upon motion by the party entitled to a judgment by default.  The final judgment shall not be different in kind, nor exceed the amount demanded in the pleading.  A judgment by default must be entered after a default, pursuant to Rule 4:43-1.

10.      "If, to enable the court to enter judgment ... it is necessary to take an account or to determine the amount of damages or to establish the truth of any allegation by evidence or to make an investigation of any other matter, the court, on its own motion ... may conduct such proof hearings ... as it deems appropriate."  R 4:43-2(b).

2

11.     Plaintiffs' Complaint asserts the following causes of action:

- Count I – Breach of Contract
- Count II – Breach of Good Faith and Fair Dealing
- Count III – Breach of Fiduciary Duty
- Count IV – Conversion
- Count V – Unjust Enrichment
- Count VI – Fraud/Fraudulent Inducement
- Count VII – Negligence

12.     A copy of the Complaint is attached hereto as **Exhibit "3."**

13.     Per the Certification of Dr. Gruenbaum filed contemporaneously herewith and incorporated herein by reference, plaintiffs have sustained losses as a result of the conduct complained of in the Complaint and for which defendants are liable, which include:

A.      Return of the payment to defendants of $15,600 paid under the contract that defendants breached as a result of their flawed tax and accounting services.

B.      Failing to obtain additional Paycheck Protection Program financing of $26,429.

C.      Legal fees of $92,408.32 incurred in a separate legal matter directly as a result of defendants' faulty preparation of Dr. Gruenbaum's 2019 tax returns.

D.      Expert fees of $5,000 paid to Steven E. Carmosino, MBA, CPA of Botwinick & Company, LLC in a separate legal matter directly as a result of defendants' faulty preparation of Dr. Gruenbaum's 2019 tax returns.

E.     Professional fees of $5,000 to Klein Liebman & Gresen, LLC in a separate legal matter directly as a result of defendants' faulty preparation of Dr. Gruenbaum's 2019 tax returns.

F.     Loss of business revenue for three (3) days totaling $15,000 as a direct result of having to appear for depositions in the separate legal matter, the sole purpose of which was to address defendants' faulty preparation of Dr. Gruenbaum's 2019 tax returns.

G.     Fees of $2,000 paid to defendants for payroll services that were not provided.

14.     The total of plaintiffs' losses, which are continuing in nature, as calculated for present purposes, is $161,437.32.

15.     Pursuant to Rule 4:42-11(a)(iii), the post-judgment annual rate of interest for judgments exceeding the monetary limit of the Special Civil Part at the time of entry for calendar year 2021 (commencing January 1, 2021) is 3.50%.

16.     Pursuant to R. 4:42-11(b), pre-judgment interest rates in tort actions after January 1, 1988, are the same as the post-judgment interest rates.

17.     "Barring unusual circumstances, an award of prejudgment interest for breach of contract cases should be made in accordance with New Jersey Court Rule 4:42-11." *Corestar Int'l PTE. Ltd v. LPB Communs., Inc.*, 2007 U.S. Dist. LEXIS 75324, *11, 2007 WL 2990896.

18.     Against the foregoing, plaintiffs request that the Court enter the proposed order submitted herewith entering final judgment by default in favor of

4

plaintiffs and against the defendants, jointly and severally, in the principal amount of $161,437.32 plus pre and post judgment interest, and costs of suit.

Respectfully submitted,

Dated: August 10, 2021                    **BRAVERMAN KASKEY GARBER PC**

BY:  _/s/ Benjamin A. Garber_
       BENJAMIN A. GARBER, ESQUIRE
       One Liberty Place- 56th Floor
       1650 Market Street
       Philadelphia, Pennsylvania 19103
       Telephone: (215) 575-3800
       Facsimile: (215) 575-3801
       *Attorneys for Plaintiffs*

# EXHIBIT 1

TAMAR GRUENBAUM, ET AL

Plaintiff

vs

JOSH LEVINE, CPA, ET AL

Defendant

20210615111725

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**Person to be served** (Name and Address):
JOSH LEVINE, CPA,
135 ROCKAWAY TURNPIKE,  SUITE 111
LAWRENCE  NY  11559
By serving: JOSH LEVINE, CPA,

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**   XXX Served Successfully          [ ] Not Served

Date/Time:   06/21/2021          12:21 PM

XXX Delivered a copy to him/her personally

Name of Person Served and relationship/title:

JOSH LEVINE, CPA- SELF

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX: M   AGE: 45-55   HEIGHT: 5'8"-5'10"   WEIGHT: 225-250   SKIN: WHITE   HAIR: BROWN   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:     Date/Time: _____
                        Date/Time: _____
                        Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

29th day of JUNE , 20 21

Notary Signature: _____

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6060760
Qualified in Nassau County
Commission Expires February 11, 2022

Name of Notary          Commission Expiration
02/11/2022

**Docusign Court Approved E-Signature**

I, RICK LETTAU was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server          06 /29 /2021 Date

RICK LETTAU

Name of Private Server: RICK LETTAU   Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

TAMAR GRUENBAUM, ET AL

| | Plaintiff |

vs

JOSH LEVINE, CPA, ET AL

| | Defendant |

20210615111631

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**Person to be served** (Name and Address):
JOSH LEVINE, CPA P.C. D/B/A LEVINE & ASSOCIATES
135 ROCKAWAY TURNPIKE,   SUITE 111
LAWRENCE  NY  11559
**By serving:** JOSH LEVINE, CPA P.C. D/B/A LEVINE & ASSOCIATES

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**Service Data:**   XXX Served Successfully          [ ] Not Served

Date/Time:   06/21/2021          12:21 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

XXX [ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Name of Person Served and relationship/title:

JOSH LEVINE, CPA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX: M   AGE 45-55   HEIGHT: 5'8"-5'10"   WEIGHT: 225-250   SKIN: WHITE   HAIR: BROWN OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                             Date/Time: _____
                             Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

29th day of JUNE 20 21

Notary Signature: _____

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6060760
Qualified in Nassau County
Commission Expires February 11, 2022

02/11/2022          _____
Name of Notary          Commission Expiration

**Docusign Court Approved E-Signature**

I, RICK LETTAU,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____ 06 29 2021
Signature of Process Server          Date

RICK LETTAU

Name of Private Server:   RICK LETTAU    Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

TAMAR GRUENBAUM, ET AL

                Plaintiff

vs

JOSH LEVINE, CPA, ET AL

                Defendant

20210615111244

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**Person to be served** (Name and Address):
EHCM LLC.
135 ROCKAWAY TURNPIKE, SUITE 111
LAWRENCE NY 11559
**By serving:** JOSH LEVINE, CPA

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

**Service Data:**   XXX Served Successfully    [ ] Not Served

Date/Time: 06/21/2021          12:21 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

XXX Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

JOSH LEVINE, CPA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX: M  AGE: 45-55  HEIGHT: 5'8"-5'10"  WEIGHT: 225-250  SKIN: WHITE  HAIR BROWN  OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:    Date/Time: _____
                       Date/Time: _____
                       Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

29th day of JUNE 20 21

Notary Signature: _____

Name of Notary      Commission Expiration
02/11/2022

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6069760
Qualified in Nassau County
Commission Expires February 11, 2022

**Docusign Court Approved E-Signature**

I, RICK LETTAU
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server     06 / 29 20 21
                                    Date

RICK LETTAU

Name of Private Server: RICK LETTAU    Address: 2009 Morris Avenue UNION, NJ 07083 Phone: (800) 672-1952

# Exhibit 2

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                   *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and<br>TAMAR GRUENBAUM DDS, LLC,<br>d/b/a RIDGEWOOD VALLEY<br>PEDIATRIC DENTISTRY,<br><br>        *Plaintiffs*,<br><br>        v.<br><br>JOSH LEVINE, CPA<br>and<br>JOSH LEVINE CPA P.C. d/b/a LEVINE<br>& ASSOCIATES,<br>and<br>EHCM LLC,<br><br>        *Defendants*. | SUPERIOR COURT OF NEW<br>JERSEY, LAW DIVISION<br>BERGEN COUNTY<br><br>Docket No. <u>BER-L-003840-21</u><br><br>REQUEST FOR ENTRY OF<br>DEFAULT AGAINST<br>DEFENDANTS JOSH LEVINE,<br>CPA, JOSH LEVINE CPA P.C. d/b/a<br>LEVINE & ASSOCIATES, and<br>EHCM LLC |

TO:    CLERK OF SUPERIOR COURT OF NEW JERSEY
        Civil Division Case Management Office
        Bergen County Justice Center
        10 Main Street, Room 415
        Hackensack, NJ 07601

        Please enter a default upon defendants Josh Levine, CPA, Josh Levine CPA

P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants") for

failure to plead or otherwise defend as provided by the New Jersey Court Rules.  A

Certification in Support of Default is attached hereto.

Respectfully submitted,

Dated: July 27, 2021                    **BRAVERMAN KASKEY GARBER PC**

BY:  /s/ Benjamin A. Garber
     BENJAMIN A. GARBER, ESQUIRE
     One Liberty Place- 56th Floor
     1650 Market Street
     Philadelphia, Pennsylvania 19103
     Telephone: (215) 575-3800
     Facsimile: (215) 575-3801
     *Attorneys for Plaintiffs*

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and<br>TAMAR GRUENBAUM DDS, LLC,<br>d/b/a RIDGEWOOD VALLEY<br>PEDIATRIC DENTISTRY,<br><br>              *Plaintiffs,*<br><br>        v.<br><br>JOSH LEVINE, CPA<br>and<br>JOSH LEVINE CPA P.C. d/b/a LEVINE<br>& ASSOCIATES,<br>and<br>EHCM LLC,<br><br>          *Defendants.* | SUPERIOR COURT OF NEW<br>JERSEY, LAW DIVISION<br>BERGEN COUNTY<br><br>Docket No. BER-L-003840-21<br><br>CERTIFICATION OF BENJAMIN A.<br>GARBER, ESQUIRE IN SUPPORT<br>OF DEFAULT AGAINST<br>DEFENDANTS JOSH LEVINE,<br>CPA, JOSH LEVINE CPA P.C. d/b/a<br>LEVINE & ASSOCIATES, and<br>EHCM LLC |

BENJAMIN A. GARBER, of full age, being duly sworn hereby certifies as follows:

1.    I am an attorney at law in the State of New Jersey and a member of the law firm of Braverman Kaskey Garber, P.C.

2.    I am familiar with the facts and circumstances of the within action.

3.    The Summons and Complaint in this action were served upon defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants") on June 21, 2021, as appears from the

Affidavits of Service from Rick Lettau, process server, filed and docketed on July 8,

2021. True and correct court-stamped copies of the Affidavits of Service upon the

defendants are attached hereto as **Exhibit A**.

4.      The time within which the defendants may answer or otherwise move

as to the Complaint has expired and has not been extended. Defendants have not

answered or otherwise moved as to the Complaint.

I certify that the foregoing statements made by me are true. I am aware that

if any of the foregoing statements made by me are willfully false, I am subject to

punishment.

Respectfully submitted,

Dated: July 27, 2021                        **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
        BENJAMIN A. GARBER, ESQUIRE
        One Liberty Place- 56th Floor
        1650 Market Street
        Philadelphia, Pennsylvania 19103
        Telephone: (215) 575-3800
        Facsimile: (215) 575-3801
        *Attorneys for Plaintiffs*

# EXHIBIT   A

TAMAR GRUENBAUM, ET AL

|||||| Plaintiff

vs

JOSH LEVINE, CPA, ET AL

|||||| Defendant

20210615111725

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**Person to be served** (Name and Address):
JOSH LEVINE, CPA,
135 ROCKAWAY TURNPIKE,  SUITE 111
LAWRENCE  NY  11559
By serving: JOSH LEVINE, CPA,

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

**Service Data:**  XXX Served Successfully       [ ] Not Served

Date/Time:  06/21/2021        12:21 PM

XXX Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

JOSH LEVINE, CPA- SELF

**Description of Person Accepting Service:**

SEX: __M__  AGE: 45-55  HEIGHT: 5'8"-5'10"  WEIGHT: 225-250  SKIN: WHITE  HAIR: BROWN  OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:      Date/Time: _____
                         Date/Time: _____
                         Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

29th day of JUNE , 20 21

Notary Signature: _____

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6060760
Qualified in Nassau County
Commission Expires February 11, 2022

Name of Notary _____    Commission Expiration 02/11/2022

**Docusign Court Approved E-Signature**

I, __RICK LETTAU__
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server          06 /29 /2021
                                     Date

RICK LETTAU

Name of Private Server: __RICK LETTAU__   Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

TAMAR GRUENBAUM, ET AL

                                                          Plaintiff

                            vs

JOSH LEVINE, CPA, ET AL

                                                          Defendant

|||||||||||| (barcode)
20210615111631

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**Person to be served** (Name and Address):
JOSH LEVINE, CPA P.C. D/B/A LEVINE & ASSOCIATES
135 ROCKAWAY TURNPIKE, SUITE 111
LAWRENCE NY 11559
**By serving:** JOSH LEVINE, CPA P.C. D/B/A LEVINE & ASSOCIATES

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**Service Data:**  XXServed Successfully          [ ] Not Served

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Date/Time:  06/21/2021          12:21 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

XX[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

JOSH LEVINE, CPA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX: M  AGE 45-55 HEIGHT: 5'8"-5'10" WEIGHT: 225-250  SKIN: WHITE  HAIR: BROWN OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                             Date/Time: _____
                             Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this

29th day of JUNE 20 21

Notary Signature: _____

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6060760
Qualified in Nassau County
Commission Expires February 11, 2022

02/11/2022

Name of Notary          Commission Expiration

**Docusign Court Approved E-Signature**

I, RICK LETTAU, was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

06 29 2021

Signature of Process Server          Date

RICK LETTAU

Name of Private Server: RICK LETTAU  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

TAMAR GRUENBAUM, ET AL

Plaintiff

vs

JOSH LEVINE, CPA, ET AL

Defendant

|||| ||| || ||| ||||| ||| ||||
20210615111244

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3840 21

**Person to be served** (Name and Address):
EHCM LLC.
135 ROCKAWAY TURNPIKE,  SUITE 111
LAWRENCE  NY  11559
**By serving:** JOSH LEVINE, CPA

**Attorney:** BENJAMIN A. GARBER, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION

**Service Data:**     XXX Served Successfully          [ ] Not Served

Date/Time:   06/21/2021                    12:21 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

XXX Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

Name of Person Served and relationship/title:

JOSH LEVINE, CPA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX: M  AGE: 45-55  HEIGHT: 5'8"-5'10"  WEIGHT: 225-250  SKIN: WHITE  HAIR: BROWN  OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                             Date/Time: _____
                             Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this
29th   day of   JUNE   20 21

Notary Signature: _____

Name of Notary        02/11/2022
                      Commission Expiration

MAUREEN A. LETTAU
Notary Public, State of New York
NO. 01LE6069760
Qualified in Nassau County
Commission Expires February 11, 2022

**Docusign Court Approved E-Signature**

I,   RICK LETTAU
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____     06 / 29 20 21
Signature of Process Server          Date

RICK LETTAU

Name of Private Server:   RICK LETTAU          Address: 2009 Morris Avenue UNION, NJ 07083 Phone: (800) 672-1952

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** |
| *Plaintiffs,* | Docket No. BER-L-003840-21 |
| v. | **CERTIFICATION OF NON-MILITARY SERVICE** |
| **JOSH LEVINE, CPA and JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC,** | |
| *Defendants.* | |

BENJAMIN A. GARBER, of full age, being duly sworn hereby certifies as follows:

1.      I am an attorney at law in the State of New Jersey and a member of the law firm of Braverman Kaskey Garber, P.C.

2.      I am familiar with the facts and circumstances of the within action.

3.      To the best of my knowledge, information and belief, defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants") are not in the military service of the United States.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: July 27, 2021          **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

2

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                         *Attorney for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs,* | Docket No. BER-L-003840-21 |
| v. | PROOF OF MAILING |
| JOSH LEVINE, CPA and JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC, | |
| *Defendants.* | |

I hereby certify that on the 27th day of July, 2021, a true and correct copy of

the foregoing Request for Entry of Default was electronically filed with the Clerk of

the Court, is available for viewing and downloading from the Court's electronic

filing system (eCourts System-Civil Part), and will be served by U.S. Certified Mail

and U.S. First-Class, postage prepaid upon the following:

Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

Josh Levine CPA P.C. d/b/a Levine & Associates
c/o Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

EHCM LLC
c/o Josh Levine, CPA
135 Rockaway Turnpike, Suite 111,
Lawrence, NY 11559

Respectfully submitted,

Dated: July 27, 2021                  **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

# USPS Tracking®

## Track Another Package  +

**Tracking Number:** 70161970000050883483

Remove ✕

Your item was delivered to an individual at the address at 11:53 am on July 31, 2021 in LAWRENCE, NY 11559.

## ⦿ Delivered, Left with Individual

July 31, 2021 at 11:53 am
LAWRENCE, NY 11559

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

July 31, 2021, 11:53 am
Delivered, Left with Individual
LAWRENCE, NY 11559
Your item was delivered to an individual at the address at 11:53 am on July 31, 2021 in LAWRENCE, NY 11559.

July 30, 2021, 6:19 am
Out for Delivery
LAWRENCE, NY 11559

July 30, 2021, 6:08 am
Arrived at Post Office
LAWRENCE, NY 11559


July 29, 2021, 8:31 pm
Departed USPS Regional Facility
GARDEN CITY NY DISTRIBUTION CENTER


July 29, 2021, 9:12 am
Arrived at USPS Regional Facility
GARDEN CITY NY DISTRIBUTION CENTER


July 28, 2021
In Transit to Next Facility


July 27, 2021, 11:58 pm
Arrived at USPS Regional Facility
PHILADELPHIA PA DISTRIBUTION CENTER


**Product Information** ⌄

See Less ⌃


# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.


**FAQs**



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To  Josh Levine, CPA
Street and Apt. No., or PO Box No. 135 Rockaway Turnpike, Suite 111
City, State, ZIP+4® Lawrence, NY 11559

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 1970 0000 5088 3476

02 1P    $ 000.00
0002755675    JUL 27 2021
MAILED FROM ZIP CODE 19103

Postmark
Here

PITNEY BOWES

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70161970000050883476

Remove ✕

Your item was delivered to an individual at the address at 11:53 am on July 31, 2021 in LAWRENCE, NY 11559.

## ⊘ Delivered, Left with Individual

July 31, 2021 at 11:53 am
LAWRENCE, NY 11559

Get Updates ∨

---

### Text & Email Updates                                                                              ∨

---

### Tracking History                                                                                          ∧

July 31, 2021, 11:53 am
Delivered, Left with Individual
LAWRENCE, NY 11559
Your item was delivered to an individual at the address at 11:53 am on July 31, 2021 in LAWRENCE, NY 11559.

July 30, 2021, 6:19 am
Out for Delivery
LAWRENCE, NY 11559

July 30, 2021, 6:08 am
Arrived at Post Office
LAWRENCE, NY 11559

July 29, 2021, 8:31 pm
Departed USPS Regional Facility
GARDEN CITY NY DISTRIBUTION CENTER

July 29, 2021, 9:12 am
Arrived at USPS Regional Facility
GARDEN CITY NY DISTRIBUTION CENTER

July 28, 2021
In Transit to Next Facility

July 27, 2021, 11:58 pm
Arrived at USPS Regional Facility
PHILADELPHIA PA DISTRIBUTION CENTER

---

**Product Information**                                                   ⌄

---

### See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

PITNEY BOWES

$ 000.00⁰

02 1P

0002755675 JUL 27 2021

MAILED FROM ZIP CODE 19103

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy)          $ _____
- ☐ Return Receipt (electronic)        $ _____     Postmark
- ☐ Certified Mail Restricted Delivery $ _____      Here
- ☐ Adult Signature Required           $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postage

$

Total Postage and Fees

$

Sent To *EHCM LLC c/o Josh Levine, CPA*

Street and Apt. No., or PO Box No. *135 Rockaway Turnpike, Suite 111*

City, State, ZIP+4® *Lawrence, NY 11559*

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7016 1970 0000 5088 3490

# USPS Tracking®

FAQs >

Track Another Package  +

**Tracking Number:** 70161970000050883490

Remove ✕

Your item was delivered to an individual at the address at 11:53 am on July 31, 2021 in LAWRENCE, NY 11559.

## ⊘ Delivered, Left with Individual

July 31, 2021 at 11:53 am
LAWRENCE, NY 11559

Get Updates ⌄

---

### Text & Email Updates                                             ⌄

---

### Tracking History                                                  ⌃

**July 31, 2021, 11:53 am**
Delivered, Left with Individual
LAWRENCE, NY 11559
Your item was delivered to an individual at the address at 11:53 am on July 31, 2021 in LAWRENCE, NY 11559.

**July 30, 2021, 6:19 am**
Out for Delivery
LAWRENCE, NY 11559

July 30, 2021, 6:08 am
Arrived at Post Office
LAWRENCE, NY 11559


July 29, 2021, 8:31 pm
Departed USPS Regional Facility
GARDEN CITY NY DISTRIBUTION CENTER


July 29, 2021, 9:16 am
Arrived at USPS Regional Facility
GARDEN CITY NY DISTRIBUTION CENTER


July 28, 2021
In Transit to Next Facility


July 27, 2021, 11:50 pm
Arrived at USPS Regional Facility
PHILADELPHIA PA DISTRIBUTION CENTER


**Product Information**                                    ⌄


**See Less** ⌃


# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.


**FAQs**



# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70161970000050883483

Remove ✕

Your item was delivered to an individual at the address at 11:53 am on July 31, 2021 in LAWRENCE, NY 11559.

## ⊘ Delivered, Left with Individual

July 31, 2021 at 11:53 am
LAWRENCE, NY 11559

**Get Updates** ∨

---

**Text & Email Updates**                                                    ∨

**Tracking History**                                                        ∧

July 31, 2021, 11:53 am
Delivered, Left with Individual
LAWRENCE, NY 11559
Your item was delivered to an individual at the address at 11:53 am on July 31, 2021 in LAWRENCE, NY 11559.

July 30, 2021, 6:19 am
Out for Delivery
LAWRENCE, NY 11559

EXHIBIT 3

# SUMMONS

Attorney(s)  Benjamin A. Garber, Esq. / ID#011382009

Office Address  Braverman Kaskey Garber PC

Town, State, Zip Code  One Liberty Place, 56th Floor

Philadelphia, PA 19103

Telephone Number  215-575-3800

Attorney(s) for Plaintiff  Tamar Gruenbaum et al

Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC

d/b/a Ridgewood Valley Pediatric Dentistry,

      Plaintiff(s)

    vs.

Josh Levine, CPA, Josh Levine CPA PC d/b/a

Levine & Associates, and EHCM LLC

    Defendant(s)

## Superior Court of New Jersey

    Bergen  County

    Law  Division

Docket No: _____

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                */s/ Michelle M. Smith*
               Clerk of the Superior Court

DATED:  June 14, 2021

Name of Defendant to Be Served:  Josh Levine, CPA

Address of Defendant to Be Served:  135 Rockaway Turnpike, Suite 111, Lawrence, NY 11559

## SUMMONS

Attorney(s) __Benjamin A. Garber, Esq. / ID#011382009__

Office Address __Braverman Kaskey Garber PC__

Town, State, Zip Code __One Liberty Place, 56th Floor__

__Philadelphia, PA 19103__

Telephone Number __215-575-3800__

Attorney(s) for Plaintiff __Tamar Gruenbaum et al__

__Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC__

__d/b/a Ridgewood Valley Pediatric Dentistry,__

Plaintiff(s)

vs.

__Josh Levine, CPA, Josh Levine CPA PC d/b/a__

__Levine & Associates, and EHCM LLC__

Defendant(s)

# Superior Court of New Jersey

__Bergen__ County

__Law__ Division

Docket No: _____

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

__/s/ Michelle M. Smith__

Clerk of the Superior Court

DATED: __June 14, 2021__

Name of Defendant to Be Served: __Josh Levine, CPA P.C. d/b/a Levine & Associates__

Address of Defendant to Be Served: __135 Rockaway Turnpike, Suite 111, Lawrence, NY 11559__

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# SUMMONS

Attorney(s)   Benjamin A. Garber, Esq. / ID#011382009

Office Address   Braverman Kaskey Garber PC

Town, State, Zip Code   One Liberty Place, 56th Floor

Philadelphia, PA 19103

Telephone Number   215-575-3800

Attorney(s) for Plaintiff   Tamar Gruenbaum et al

Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC

d/b/a Ridgewood Valley Pediatric Dentistry,

        Plaintiff(s)

vs.

Josh Levine, CPA, Josh Levine CPA PC d/b/a

Levine & Associates, and EHCM LLC

        Defendant(s)

## Superior Court of New Jersey

    Bergen   County

    Law    Division

Docket No: _____

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                         /s/ Michelle M. Smith
                         Clerk of the Superior Court

DATED:   June 14, 2021

Name of Defendant to Be Served:      EHCM LLC

Address of Defendant to Be Served:   123 Grove Ave., Suite 101, Cedarhurst, NY 11516

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003840-21

**Case Caption:** GRUENBAUM TAMAR  VS LEVINE JOSH

**Case Initiation Date:** 06/14/2021

**Attorney Name:** BENJAMIN ALEX GARBER

**Firm Name:** BRAVERMAN KASKEY PC

**Address:** 1650 MARKET STREET 56TH FL ONE LIBERTY PLACE

PHILADELPHIA PA 191037334

**Phone:** 2155753800

**Name of Party:** PLAINTIFF : Gruenbaum, Tamar

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Tamar Gruenbaum? NO**

**Are sexual abuse claims alleged by: Tamar Gruenbaum DDS, LLC? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
 **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/14/2021
Dated

/s/ BENJAMIN ALEX GARBER
Signed

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                 *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** 385 S Maple Ave, #107 Glen Rock, NJ 07452 *Plaintiffs*, <br><br> v. <br><br> **JOSH LEVINE, CPA** 135 Rockaway Turnpike, Suite 111, Lawrence, NY 11559; and <br><br> **JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES,** 135 Rockaway Turnpike, Suite 111, Lawrence, NY 11559; and <br><br> **EHCM LLC** 123 Grove Ave Suite 101 Cedarhurst, NY 11516 *Defendants*. | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> Docket No. _____ <br><br> **COMPLAINT AND JURY DEMAND DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATIONS UNDER RULES 1:38-7(b) and 4:5-1** |

Plaintiffs Tamar Gruenbaum, DDS ("Dr. Gruenbaum") and Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry (the "Practice"), by and through their undersigned counsel, brings this Complaint against defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants"), as follows:

## PRELIMINARY STATEMENT

1.      Dr. Gruenbaum is the owner of a local pediatric dental practice.
Defendants were engaged for purposes of providing accounting and tax related
services to plaintiffs.

2.      Among other things, defendants agreed to handle all the Practice's
accounting and tax needs, including, but not limited to, preparing, and timely filing
all federal and state tax returns, handling its payroll taxes, maintaining its
QuickBooks, and preparing quarterly profit and loss statements.  Defendants were
also engaged as Dr. Gruenbaum's personal accountant.

3.      However, defendants' services were utterly deficient.  Defendants
failed to act in plaintiffs' best interests, and their services were procured through
defendants' misrepresentations as to their qualifications and abilities.

4.      Defendants' acts and omissions, as alleged herein, have, and continue
to cause substantial financial harm to plaintiffs and give rise to the claims asserted
herein for breach of contract, breach of fiduciary duty, fraud, conversion, and unjust
enrichment, among others.

## PARTIES

5.      Dr. Gruenbaum is an adult individual with a business address of 385
S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

6.      Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric
Dentistry is a New Jersey limited liability company with an address of 385 S. Maple
Avenue, #107, Glen Rock, New Jersey 07452.

2

7.     Upon information and belief, Levine is an individual with an address of 135 Rockaway Turnpike, Suite 111, Lawrence, New York 10128.

8.     Upon information and belief, Levine is a certified public accountant.

9.     Upon information and belief, Josh Levine CPA P.C. d/b/a Levine & Associates ("Levine & Assoc") is a New York professional corporation with an address of 135 Rockaway Turnpike, Suite 111, Lawrence, New York 10128 and a registered address of 8-21 Roosevelt Court, Far Rockaway, New York, 11691.

10.     At all times material hereto, Levine has been a shareholder, officer, director, principal, and agent of Levine & Assoc.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to N.J. Const. Art. VI § III.

12.     This Court has personal jurisdiction over all of the parties, as each party resides in, conducts business in or has its principal place of business in New Jersey, and the actions described herein occurred in New Jersey.

13.     Venue is appropriate in this Court pursuant to NJ Court Rules 4:3-1(a)(5) and 4:3-2(a).

## FACTS

### Background

14.     Dr. Gruenbaum grew up in Teaneck, New Jersey and earned her D.D.S. from Columbia University College of Dental Medicine.

3

15.     Dr. Gruenbaum completed a general practice residency at Montefiore Medical Center in Bronx, New York.

16.     Dr. Gruenbaum did her post-graduate training in pediatric dentistry at Maimonides Medical Center in Brooklyn, New York, where she served as chief resident during her second year.

17.     Dr. Gruenbaum is a member of the AAPD and is board certified by the American Board of Pediatric Dentistry.

18.     Dr. Gruenbaum is the owner of the Practice, which provides comprehensive dental care to children from infancy through their teenage years.

19.     In December 2017, Dr. Gruenbaum retained Levine as the Practice's accountant and tax professional.

20.     At the time, upon information and belief, Levine operated as the sole member of EHCM LLC d/b/a "Empire Healthcare Management, LLC."

21.     Upon information and belief, subsequently Levine ceased operating as EHCM LLC d/b/a "Empire Healthcare Management, LLC" and began trading as "Levine and Assoc LLC" or "Levine & Associates" and holding himself out as a "Partner" thereof.

22.     Upon information and belief, "Levine & Associates LLC" is a registered New York limited liability company with a DOS number of 4905735 that is unaffiliated with Levine.

23.     Levine was also engaged as Dr. Gruenbaum's personal accountant.

24.    Pursuant to the parties' agreement, defendants agreed to handle all the Practice's accounting and tax needs, including, but not limited to, preparing, and timely filing all federal and state tax returns, handling its payroll taxes, maintaining its QuickBooks, and preparing quarterly profit and loss statements.

25.    Defendants also agreed to provide accounting and tax services to Dr. Gruenbaum, individually.

26.    Defendants' obligations included but were not limited to the following:

a.    Perform and maintain bookkeeping functions, including maintaining the company's books, records, cash receipts, and cash disbursements ledgers.

b.    Hold monthly phone meetings with Dr. Gruenbaum to review issues and discuss ways to improve the Practice;

c.    Hold quarterly in person meetings with Dr. Gruenbaum to address Practice and personal related accounting and financial issues;

d.    Analyze the Practice's books and records and report to Dr. Gruenbaum concerning the same;

e.    Provide services on an "as need" basis when accounting or financial issues arise;

f.    Provide personal tax planning and analyze cash flow for Dr. Gruenbaum, individually;

g.    Position the Practice for growth and to implement and maintain systems to foster the Practice's growth;

5

   h. Oversee and manage the Practice's workers' compensation and disability information audits;

   i. Prepare the year end taxes for both the Practice and Dr. Gruenbaum;

   j. Recommend to the Practice cost savings practices and methods; and

   k. Develop and discuss tax planning strategies.

  27. The above-referenced services that defendants were required to provide are memorialized in a letter agreement attached hereto as Exhibit "1".

  28. Despite demand, defendants have not provided plaintiffs with a fully executed copy of the agreement.

### Defendants' Fraud and Unlawful Conduct

  29. For purposes of inducing Dr. Gruenbaum to retain his services, Levine misrepresented that he was experienced and competent in providing accounting and tax advice to dentists and oral surgeons.

  30. Defendants misrepresented to Dr. Gruenbaum Levine's successes improving dental practices like Dr. Gruenbaum's practice.

  31. Levine also misrepresented the credentials, qualifications, and abilities of his company.

  32. For purposes of inducing Dr. Gruenbaum to retain his services, Levine mispresented that he was experienced and competent in providing personal tax advice in connection with divorce proceedings.

6

33.     Throughout defendants' engagement, however, defendants failed to perform the agreed-upon and above-referenced services.

34.     Any services that were provided were deficient and of no value to plaintiffs.

35.     Among other things, defendants provided erroneous, deficient, and substandard tax advice and services to plaintiffs, including, specifically, with respect to the preparation of Dr. Gruenbaum's 2019 tax returns.

36.     As a result of defendants' failings in connection therewith, Dr. Gruenbaum has incurred substantial fees, costs, and expenses in her divorce proceedings that she otherwise would not have incurred absent defendants' misconduct.

37.     As a result of defendants' egregious mistakes in connection with the Practice's 2019 taxes, the Practice was unable to maximize its Paycheck Protection Program loan and instead received a loan in an amount substantially less than it otherwise would have been, absent defendants' failings.

38.     Defendants were required to, but failed to, file multiple IRS Form 941s.

39.     Defendants' failures to file resulted in an IRS investigation and the imposition of penalties against the Practice and Dr. Gruenbaum personally.

40.     Levine failed to accurately report the Practice's employment tax liability to the State of New Jersey.

41.     For at least one Practice employee, Levine deducted the required payroll tax from Dr. Gruenbaum's account but failed to file the appropriate documentation with the State of New Jersey, such that the State had no record of the employee working for the Dr. Gruenbaum for any payroll period.

42.     Levine fraudulently induced Gruenbaum to retain him for payroll related services.

43.     Levine referred Dr. Gruenbaum to a payroll vendor, Empire Payroll Processing, Inc., and misrepresented that entity as an independent third party rather than as an entity affiliated with Levine and his practice.

44.     The payroll vendor's services were substandard, and the costs were grossly excessive.

45.     At all times material hereto, when Dr. Gruenbaum questioned Levine's services, Levine sought to cover up his failings by misrepresenting to Dr. Gruenbaum that everything had been taken care of properly.

46.     On March 31, 2020, and on multiple occasions thereafter, Dr. Gruenbaum sought, and Levine refused access to, the Practice's QuickBooks records.

47.     As a result of defendants' unlawful conduct, plaintiffs have suffered emotional distress and substantial monetary harm, including out-of-pocket expenses, fees, and costs for defendants are responsible.

48.     Defendants, on the other hand, have been unjustly enriched, having received undeserved compensation in connection with their engagement.

8

## COUNT I
## BREACH OF CONTRACT

49.　　Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

50.　　Plaintiffs and defendants are parties to a valid and enforceable agreement.

51.　　Plaintiffs have performed under the agreement.

52.　　By doing the things alleged herein, defendants have materially breached his agreement.

53.　　As a direct, proximate, and foreseeable result of defendants' breaches of contract, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT II
## BREACH OF GOOD FAITH AND FAIR DEALING

54.　　Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

55.　　By doing the things alleged herein, defendants have breached the duty of good faith and fair dealing owed to plaintiffs.

56.　　As a direct, proximate, and foreseeable result of defendants' breaches of good faith and fair dealing, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT III
## BREACH OF FIDUCIARY DUTY

57.    Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

58.    Under New Jersey law, a fiduciary relationship exists when one party is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.

59.    By virtue of the parties' relationship, defendants owed fiduciary duties to the plaintiffs.

60.    By doing the things alleged herein, defendants have breached their fiduciary duties of care and loyalty to plaintiffs.

61.    As a direct, proximate, and foreseeable result of defendants' breaches of fiduciary duty, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT IV
## CONVERSION

62.    Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

63.    By doing the things alleged herein, defendants converted the time, money, resources, and other assets of the plaintiffs without privilege or authorization and for their own improper purposes.

10

64.     As a direct, proximate, and foreseeable result of defendants'
conversion, plaintiffs have suffered, and will continue to suffer, substantial
damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

<div align="center">

**COUNT V**
**UNJUST ENRICHMENT**

</div>

65.     Plaintiffs hereby incorporate by reference herein all of the foregoing
allegations of the Complaint.

66.     Defendants have and continue to benefit from their receipt of the
benefits and other compensation paid to them by the plaintiffs.

67.     Defendants' retention of said benefits constitutes unjust enrichment.

68.     Accordingly, the Court should require defendants to return the benefits
bestowed upon them by the plaintiffs to the plaintiffs.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

<div align="center">

**COUNT VI**
**FRAUD/FRAUDULENT CONCEALMENT**

</div>

69.     Plaintiffs hereby incorporate by reference herein all of the foregoing
allegations of the Complaint.

70.     Defendants knowingly misrepresented the truth and/or concealed
material facts to induce plaintiffs to act to their detriment.

71.     As alleged herein, defendants misrepresented to Dr. Gruenbaum that
Levine was a qualified, experienced, competent, and diligent professional.

<div align="center">

11

</div>

72.     Reasonably relying on these misrepresentations, plaintiffs retained defendants' services.

73.     Reasonably relying on these misrepresentations, plaintiffs retained entered into the agreement.

74.     Additionally, defendants knowingly and intentionally concealed their misconduct from plaintiffs for purposes of preventing them from uncovering the truth of the same and continuing to reap the benefits that plaintiffs bestowed upon them.

75.     As a direct, proximate, and foreseeable result of defendants' fraud and fraudulent concealment, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

<u>COUNT VII</u>
**NEGLIGENCE**

76.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

77.     Defendants owed plaintiffs a duty of care as a certified public accountant.

78.     By doing the things alleged herein, defendants breached their duty of care, acted negligently, and otherwise deviated from the acceptable professional standards attendant to a certified public accountant.

12

79.     As a direct, proximate, and foreseeable result of defendants' negligence, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(i)     compensatory and consequential damages in an amount to be determined at trial, against defendants, individually and/or jointly and severally as appropriate;

(ii)    punitive damages;

(iii)   reasonable attorney's fees and costs;

(iv)    pre- and post-judgment interest at the highest legal rate; and

(v)     for such other and further relief as the Court may deem equitable, just, and proper, including the award of costs and expenses incurred by plaintiffs in this action.

## JURY DEMAND

Plaintiffs demand trial by a jury of twelve on all of the triable issues of this Complaint, pursuant to NJ Court Rules 1:8-2(b) and 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to NJ Court Rule 4:25-4, plaintiffs hereby designate Benjamin A. Garber, Esq. as trial counsel in this matter.

13

## CERTIFICATIONS

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding and no other Court action or arbitration proceeding is contemplated. There is presently pending one other action, at Docket No. C-154-19, in which one or more of the parties to this action assert matters other than the matter in controversy herein.

Other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Respectfully submitted,

Dated: June 14, 2021

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

**TAMAR GRUENBAUM**; and
**TAMAR GRUENBAUM DDS, LLC**,
*doing business as* **RIDGEWOOD VALLEY
PEDIATRIC DENTISTRY**,

        Plaintiffs,

     *~ versus ~*

**JOSH LEVINE, CPA**; and
**JOSH LEVINE CPA P.C.** *doing business as*
**LEVINE & ASSOCIATES**; and
**EHCM LLC**,

        Defendants.

**SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003840-2021

**MEMORANDUM OF LAW BY DEFENDANTS
IN OPPOSITION TO MOTION FOR
ENTRY OF DEFAULT
AND FOR FINAL JUDGMENT**

Respectfully Submitted August 26, 2021
by Baruch S. Gottesman, Esq.

1

# **Table of Contents**

I.      Introductory Statement: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     Factual and Procedural Background . . . . . . . . . . . . . . . . . . . . . . . 3 – 4

III.    Argument: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 – 10

       a.    **The Defendants' Excusable Neglect** . . . . . 5 – 6

       b.    **The Defendants' Meritorious Defense** . . . 7 – 9

             i.     Fraud is Not Well-Plead

             ii.    Unjust Enrichment is Not Well Plead

             iii.   Conversion is Not Well Plead

             iv.   The Allegations in the
                  of the Complaint are Denied in full

       c.    **The Plaintiffs Will not be Prejudiced** . . . . . . 9

IV.     Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## I.    INTRODUCTORY STATEMENT

The Plaintiffs ambushed the Defendants with this Motion to Enter a Default and for Final Judgment.  Immediately upon learning of this Motion, the Defendants quickly retained local counsel in New Jersey and now respectfully but emphatically oppose the Plaintiffs' Motion to Enter a Default and for Final Judgment.

To the extent that this opposition to the Application for Entry of Default is untimely, the Defendants respectfully request that the Court accept it for consider, even though it is late.  First, it will allow a fair assessment of the Motion.  And in addition, it would save Court resources to consider this opposition on the Motion to Enter a Default because simultaneously with the filing of this opposition, the Defendants have moved for any Default be Vacated – a Motion which covers the same ground.

Simultaneously with the filing of this Opposition, the Defendants are filing a Motion to Vacate the Default and Restore the case to the Active Trial Calendar (assuming that is issue is not moot) and which will ask that this action be consolidated with the companion case of Gruenbaum v. Ackerman, et al., BER-L-3841-2021.  Since these issues will be addressed one way or the other, the Defendants respectfully submit that it would conserve judicial resources to accept this untimely opposition to the Motion for Entry of Default, rather than to re-hear and address the same issues on the Cross-Motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the Complaint (¶¶ 23, 25) and further explained in the Certification by Defendant Josh Levine (¶ 7), the Levine Defendants provided accounting services to the Plaintiff, her then-husband, and the couple's businesses.  As described in

the Complaint (¶ 36) and further explained in the Certification by Defendant Josh Levine (¶¶ 8 and 9) the services provided by the Defendants became an issue in the Individual Plaintiff's divorce proceedings that remain ongoing in the State of New York.

Through no wrongdoing on the Defendants' part, they found themselves dragged into a contentious matrimonial action out of state across the Hudson.

This lawsuit filed.

The scattershot claims in this Complaint are self-contradictory (*Compare* Complaint ¶ 42 alleging that the Plaintiffs were induced into hiring the Defendants for payroll services; *with* Complaint ¶ 43 alleging Defendants referred the Plaintiff to a third-party payroll services provider); not actionable (*See, e.g.*, Complaint ¶ 49, Count I for Breach of Contract *and* Complaint ¶ 65, Count V seeking recovery for Unjust Enrichment where there is an adequate remedy at law), and otherwise cannot support the causes of action put forward in the Complaint. If the case would move forward, the Defendants intended to move to Dismiss. But that was put on hold.

Without disclosing the substance of settlement negotiations, the Defendants *thought* that they were in discussions about the resolution of this case and *understood* that this case would be or was Stayed pending the resolution of the Plaintiffs' matrimonial action in New York (Levine Certification ¶ 13). The Defendants were blindsided.

The Defendants *just* become aware that a Motion for Entry of Default was filed against them and quickly appeared to respectfully but emphatically oppose the entry of Default and of a Final Judgment, as explained in this Memorandum.

## III.   ARGUMENT:

### A.   <u>THE DEFENDANTS' EXCUSABLE NEGLECT</u>

The Defendants understood – perhaps misunderstood – that the case was Stayed pending the resolution of the underlying matrimonial action.  Certification at ¶ 13.

The Rules Provide:

"On motion, with briefs, and upon such terms as are just, the court may relief a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect."

Rule 4:50-1(a).

The Supreme Court explained that "[g]enerally, a defendant seeking to reopen a default judgment because of excusable neglect must show that the failure to answer was excusable under the circumstances and that a meritorious defense is available." <u>Hous. Auth. of Morristown v. Little</u>, 135 N.J. 274, 284 (1994).  The standard for opening defaults, we are told, "should be viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." <u>Housing Authority of Morristown</u>, <u>Id.</u> at 283-84 citing Marder v. Realty Constr. Co., 84 N.J.Super. 313, 318-319 (App. Div. 1964).

"An application to vacate a default, pursuant to the Rule 4:43-2, is indulged with even greater liberality." <u>Paul Sciarra, LLC v. Freeman</u>, Docket No. A-0559-16T1, 2017 N.J. Super.Unpub. LEXIS 359, at * 3 (App.Div. Feb. 15, 2017) *citing* <u>U.S. Bank N.A. v. Guillaume</u>, 209 N.J. 449 (2012).

We would go a step further and propose that if the opening of defaults are afforded liberal standards in the interest of justice, all the more so in this case where the Default as not been entered and there will be no prejudice to the Plaintiffs.  There has been

no Default entered, no reliance interest created, and no concern about springing a Defense on a complacent Plaintiff months or years after entry of a Default.

The excusable neglect in this case is the Defendants understanding with the Plaintiffs and with the Plaintiff's [ex-]husband that this matter was Stayed through the resolution of the underlying matrimonial action. Perhaps the Defendants misunderstood, but it was reasonable for a non-lawyer from out-of-state who had no knowledge of New Jersey process to rely on their layman's understanding that the case was on hold. Once the Defendants learned of the Motion for Entry of Default the Defendants immediately presented themselves to the Court and now oppose the entry of the Default.

Contrast this situation with the case of <u>Akegan v. Fagans</u>, Index. A-1477-15T3, 2017 N.J. Super. Unpub. LEXIS 2590 (App.Div. 2017). In <u>Akegan</u>, the Honorable Judge Wilson of this Court denied a Motion to Vacate where the Defendant was served in April 2014 and failed to come to court to vacate the default until July 2015 – more than <u>fifteen months</u> later.

We would propose that this case is more in line with the matter of <u>Dori v. Shavit</u>, Docket No. BER-L-007844-2019, where the Defendant appeared in Court <u>six months</u> *after* the entry of Default and *after* a motion to Enforce Litigants Rights was filed. The Defendant in <u>Dori</u> explained that they misunderstood whether they were represented by counsel and provided an Answer with a general denial of the allegations in the Complaint. In <u>Dori</u>, the Honorable Judge Wilson vacated the entry of default and restored the case to the calendar (Order in <u>Dori v. Shavit</u>, Docket No. BER-L-007844-2019 (Super.Ct. Bergen Co. Sept. 11, 2020)).

**B.** **THE DEFENDANTS' MERITORIOUS DEFENSE**

If Granted Leave, the Defendants will move to Dismiss and otherwise put forth a Meritorious Defense.

This is not the place for the Defendants to argue their Motion to Dismiss, and as proposed in the Defendants' Proposed Order, they will move to Dismiss within seven (7) days of the entry of an Order denying the Motion to Enter Default.

That said, generally speaking and without prejudice to further and other arguments that the Defendants will put forth in full in their Memorandum of Support of their Motion to Dismiss; the causes of action for equitable relief (Unjust Enrichment) and the causes of action for Fraud and Conversion must be dismissed with prejudice. The other claims are all denied in full.

    i.    <u>Fraud is Not Well Plead</u>

Rule 4:5-8(a) requires that: "in all allegations of misrepresentation, fraud . . . particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable."

In their Complaint, the Plaintiffs make only the vaguest allegations about Levine's supposed "misrepresentations" about his credentials, qualifications, and abilities (Complaint ¶ 31). There are no allegations about what, when, where and how the statements were made. There is no allegation in the Complaint of anything that rises above the level of "'puffery' or 'vague and ill-defined opinions' [which are] not assurances of fact and thus do not constitute misrepresentations." <u>Alexander v. CIGNA Corp.</u>, 991 F Supp 427, 435 (D.N.J. 1997) *affirmed* 172 F.3d 859 (3d Cir. 1998). <u>Alexander</u> also cites the case of <u>VT Investors v. R & D Funding Corp.</u>, 733 F.Supp. 823, 838 (D.N.J. 1990) where statements of specific financial goals were found to be non-actionable "puffery".

As will be fully argued in the Motion to Dismiss, the Cause of Action for Fraud poisons the well without any factual basis and without even an attempt to fulfill the heightened pleading requirements for such damning allegations. It is a breach of contract claim dressed up as "fraud" and must be dismissed with prejudice.

    ii.   <u>Unjust Enrichment is Not Well Plead</u>

Unjust enrichment is plainly inapplicable here because there is an adequate remedy at law. *See, e.g.*, <u>Bender, Inc. v. Jos. L. Muscarelle, Inc.</u>, 304 N.J. Super. 282, 285 (App.Div 1997) citing <u>Callano v Oakwood Park Homes Corp.</u>, 91 N.J. Super 105 (App.Div. 1966)("Recovery on the theory of quasi-contract was developed under the law to provide a remedy where none existed.").

In this case, the Plaintiffs alleged causes of action for breach of contract and other legal claims. Unjust Enrichment cannot lie and the Defendants respectfully submit the claim of Unjust Enrichment cannot be proceed because it duplicates the legal claims. Therefore the claim for Unjust Enrichment must be dismissed with prejudice.

    iii.   <u>Conversion is Not Well Plead</u>

Under New Jersey law, for a claim of Conversion to lie: "there must be some repudiation by the defendant of the owner's right, or some exercise of dominion over them by him inconsistent with such right, or some act done which has the effect of destroying or changing the quality of the chattel." <u>Meisels v Fox Rothschild LLP</u>, 240 N.J. 286, 304 (2020) *citing* <u>Mueller v. Tech. Devices Corp.</u>, 8 NJ 201, 207 (1951); <u>Farrow v. Ocean County Trust Co.</u>, 121 N.J.L. 344 (S.Ct. 1938); *and other cases*.

No allegations in the Complaint establish any alleged dominion that the Defendants exercised over the Plaintiffs' chattel and therefore the cause of action for Conversion must be dismissed with prejudice.

    iv.    <u>The Substantive Claims of the Complaint are Denied</u>

The Defendants deny the substantive claims of the Complaint (Levine Certification at ¶ 14).

## C.   <u>THE PLAINTIFFS WILL NOT BE PREJUDICED</u>

The cases described above address Defendants who appear and seek to re-open Defaults months – <u>years</u>, in many situations described in the caselaw – after the Formal Entry of Default and Entry of Judgment.

Not so, here.

The Defendants were misinformed about the progress of this case as they awaited the outcome of the matrimonial action. They were unable to obtain information about the proceedings taking place out-of-state (from their perspective) and are alleged to have erroneously failed to respond. The Motion to Enter Default was a wake-up call for the Defendants to obtain local New Jersey representation, which they have now done. But the short delay, which caused no prejudice to the Plaintiffs, should not be a death sentence for the Defendants' defense.

If this Motion for Entry of Default is denied, the Defendants will promptly file the Motion to Dismiss and the Honorable Court will have the opportunity to hear this case on its merits without prejudice to the Plaintiffs who have <u>not</u> had to wait months/years. Nor did the Plaintiffs have any reliance interest in the stability of the Entry of Default or Entry of Final Judgment because neither of those have yet happened.

## IV.    CONCLUSION

For the reasons described above, the Motion for Entry of Default should be denied.  And the Defendants respectfully propose that they be given seven (7) days from the entry of the Order denying the Motion to file their Motion to Dismiss and/or otherwise respond to the Complaint.  A Proposed Order is submitted contemporaneously with the filing of this Memo.


DATED:    **AUGUST 26, 2021**

                                                 **RESPECTFULLY SUBMITTED**,

                      By:    _____

                                                 BARUCH S. GOTTESMAN, ESQ.
                                                 New Jersey Attorney I.D. No. 02222-2006
                                                 185-12 Union Turnpike
                                                 Fresh Meadows, NY 11366*
                                                 Phone: (212) 401-6910
                                                 e-mail: bg@gottesmanlegal.com
                                                 *Attorney for Defendants*

**BARUCH S. GOTTESMAN, ESQ.**
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

| | |
|---|---|
| TAMAR GRUENBAUM; and<br>TAMAR GRUENBAUM DDS, LLC,<br>*doing business as* RIDGEWOOD VALLEY<br>PEDIATRIC DENTISTRY,<br><br>               Plaintiffs,<br><br>    ~ versus ~<br><br>JOSH LEVINE, CPA; and<br>JOSH LEVINE CPA P.C. *doing business as*<br>LEVINE & ASSOCIATES; and<br>EHCM LLC,<br><br>              Defendants. | **SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY**<br><br>Docket No. BER-L -003840-2021<br><br><br><br>**<u>CERTIFICATION</u>** |

**STATE OF NEW YORK**     )
                                ) *ss.*
**COUNTY OF**               )

### A.   <u>INTRODUCTION</u>

    1.    My name is Josh Levine, and I am a natural person above the age of

18 and resident at Richmond County in the State of New York.

    2.    I am named as a Defendant in this action, and I am the principal of

the two corporate entities also named as co-Defendants.

    3.    I Certify that the following statements are true.  I am aware that if

any of the following statements made by me are willfully false , I am subject to punishment.

4. I respectfully submit this Affidavit in Opposition to the Plaintiffs' Motion for Entry of Default, with which I was ambushed; and in Support of the Defendants' Motion to Vacate the Default, to Restore the Case to the Active Trial Calendar, and to Consolidate this case with the parallel action of <u>Gruenbaum, et al. v. Ackerman</u>, et al., Docket No. BER-L-003841-21, which is also pending before this Court.

5. To the extent appropriate and if the Court so orders, I am ready to personally testify at a Proof Hearing about the circumstances of this case and how the Motion to Enter a Default was an ambush; and in further support of the Motion to Vacate the Default, Restore the Case to the Active Trial Calendar and to Consolidate this case with the parallel action.


**B.** **CONTEXT OF THIS LAWSUIT**

6. This Certification will not disclose discussions held in the context of settlement negotiations; but it will generally describe the context of this lawsuit and the Motion to Enter a Default, with which I was ambushed.

7. For a number of years, I provided services to Mr. Greenspan and Ms. Tamar Gruenbaum (who were then husband and wife) and to their companies.

8. I understand that a divorce action between the couple is currently pending in Bronx County, New York.

9. I understood that this case here in New Jersey, arises from the proceedings in the matrimonial action that is ongoing.

10.     I do recall seeing papers and that a lawsuit was started, but my understanding was that my New York Counsel was in discussions with Ms. Gruenbaum and that this case was Stayed while the matrimonial action was pending with an eye to resolving this out of court.

11.     My New York counsel is not a New Jersey lawyer and I was unaware that this case had proceeded to an entry of default.

12.     I am not a lawyer and had no independent basis for me to find out how this case was proceeding and until I obtained New Jersey counsel, I was unaware that I was supposedly in "Default".

13.     I hope the Court will understand that it has always been my intention to defend this case in good faith.  The failure to respond was based on my understanding that the case was Stayed pending the outcome of the matrimonial action and that settlement discussions were ongoing.

14.     In addition, the allegations in the Complaint about my alleged wrongdoing are entirely untrue and I deny them completely.

15.     Thank you for your consideration of this Certification and with my lawyer's Memorandum of Law in Opposition to the Motion for Entry of a Default, I respectfully ask that the Court not enter a default and provide me the opportunity to respond to the Complaint.

16.     I remain available if the Court would want further information in any Proof Hearing on the issues raised in this Motion.

DATED:     **AUGUST 26, 2021**

**RESPECTFULLY SUBMITTED,**

By:     _____

**JOSH LEVINE**

**TAMAR GRUENBAUM**; and
**TAMAR GRUENBAUM DDS, LLC**,
*doing business as* **RIDGEWOOD VALLEY
PEDIATRIC DENTISTRY**,

                Plaintiffs,

      *~ versus ~*

**JOSH LEVINE, CPA**; and
**JOSH LEVINE CPA P.C.** *doing business as*
**LEVINE & ASSOCIATES**; and
**EHCM LLC**,

              Defendants.

**SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003840-2021

**CIVIL ACTION**

**[PROPOSED] ORDER**

        **THIS MATTER** having been opened to the Court by the Braverman, Kaskey, Garber P.C., counsel for the Plaintiffs **TAMAR GRUENBAUM**; and **TAMAR GRUENBAUM DDS, LLC**, *doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY** for entry of a Final Judgment by Default pursuant to R. 4:43-2 against Defendants **JOSH LEVINE, CPA**; and **JOSH LEVINE CPA P.C.** *doing business as* **LEVINE & ASSOCIATES**; and **EHCM LLC**, and the Court having considered the submissions by the Parties,

        It is on this ____th day of August 2021, **ORDERED** as follows:

1.  The Application for Entry of Default is Denied.

2.  A copy of this Order shall be served on the Defendants within seven (7) days of entry and receipt by the Plaintiffs through NJ eCourts.

3. Defendants shall have seven (7) days from the entry of this Order to file a Motion to Dismiss the Complaint and/or to otherwise respond to the Complaint.

_____
, J.S.C.

The Motion was Opposed

**BARUCH S. GOTTESMAN, ESQ.**
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

| | |
|---|---|
| **TAMAR GRUENBAUM**; and **TAMAR GRUENBAUM DDS, LLC**, *doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTR**Y, | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY** |

**SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003840-2021

**CIVIL ACTION**

**NOTICE OF MOTION**

**TAMAR GRUENBAUM**; and
**TAMAR GRUENBAUM DDS, LLC**,
*doing business as* **RIDGEWOOD VALLEY
PEDIATRIC DENTISTR**Y,

Plaintiffs,

~ *versus* ~

**JOSH LEVINE, CPA**; and
**JOSH LEVINE CPA P.C.** *doing business as*
**LEVINE & ASSOCIATES**; and
**EHCM LLC**,

Defendants.

**TO THE HONORABLE COURT AND COUNSEL FOR THE PLAINTIFFS:**

The Court via NJ eCourts            Counsel for the Plaintiffs via NJ eCourts
Superior Court of New Jersey        Braverman Kaskey Garber P.C.
Law Division                        Benjamin A. Garber, Esq.
10 Main Street                      One Liberty Place, 56th Floor
Hackensack, NJ 07601                1650 Market Street
                                    Philadelphia, PA 19103

       **PLEASE TAKE NOTICE** that the Undersigned counsel for the Defendants that

**JOSH LEVINE, CPA**; and **JOSH LEVINE CPA P.C.** *doing business as* **LEVINE &**

**ASSOCIATES**; and **EHCM LLC**, hereby respectfully apply to the Superior Court of New Jersey,

Law Division, Bergen County at 10 Main Street, Hackensack, NJ 07601 for an Order Vacating the

Default, Restoring this Matter to the Active Trial Calendar, Entering an Appearance by the

Undersigned as Counsel to the Defendants, and Consolidating this Action with the Matter of

Gruenbaum v. Ackerman, BER-L-003841-2021.

**PLEASE TAKE NOTICE** that in Support of their Application, the Defendants respectfully rely on the Attached Certification by Defendant Josh Levine, and the Memorandum of Law in Support by Baruch S. Gottesman, Esq.

> **NOTICE: IF YOU WANT TO RESPOND TO THIS MOTION YOU MUST DO SO IN WRITING.**
>
> Your written response must be in the form of a certification or affidavit. That means that the person signing it swears to the truth of the statements in the certification or affidavit and is aware that the court can punish him or her if the statements are knowingly false. You may ask for oral argument, which means you can ask to appear before the court to explain your position. If the court grants oral argument, you will be notified of the time, date, and place. Your response, if any, must be in writing even if you request oral argument. Any papers you send to the court must also be sent to the opposing party's attorney, or the opposing party if they are not represented by an attorney.

**PLEASE TAKE FURTHER NOTICE** that Defendants respectfully request oral argument if so allowed by the Honorable Court.

DATED:     **AUGUST 26, 2021**

                        **RESPECTFULLY SUBMITTED**,

        By:     _Baruch S. Gottesman_

                        BARUCH S. GOTTESMAN, ESQ.
                        New Jersey Attorney I.D. No. 02222-2006
                        185-12 Union Turnpike
                        Fresh Meadows, NY 11366*
                        Phone: (212) 401-6910
                        e-mail: bg@gottesmanlegal.com
                        *Attorney for Defendants*

# CERTIFICATION OF SERVICE

I, Baruch S. Gottesman, Esq. certify that on August 26, 2021, I sent a copy of this Notice of

Motion, [Proposed] Order, Affidavit in Support by Josh Levine, and the Memorandum of Law in

Support by counsel to the Defendant Baruch S. Gottesman, Esq., by electronic filing (New Jersey

e-courts online system):

DATED:          **AUGUST 26, 2021**

                              **RESPECTFULLY SUBMITTED**,

              By:   _____

                              BARUCH S. GOTTESMAN, ESQ.
                              New Jersey Attorney I.D. No. 02222-2006
                              185-12 Union Turnpike
                              Fresh Meadows, NY 11366*
                              Phone: (212) 401-6910
                              e-mail: bg@gottesmanlegal.com

TAMAR GRUENBAUM; and
TAMAR GRUENBAUM DDS, LLC,
*doing business as* RIDGEWOOD VALLEY
PEDIATRIC DENTISTRY,

Plaintiffs,

~ *versus* ~

JOSH LEVINE, CPA; and
JOSH LEVINE CPA P.C. *doing business as*
LEVINE & ASSOCIATES; and
EHCM LLC,

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

Docket No. BER-L -003840-2021

CIVIL ACTION

[PROPOSED] ORDER

THIS MATTER having been opened to the Court by the Baruch S. Gottesman, Esq., of the Law Offices of Baruch Gottesman, Esq., counsel for the Defendants JOSH LEVINE, CPA, JOSH LEVINE CPA P.C. *doing business as* LEVINE & ASSOCIATES and EHCM LLC, upon Notice of Motion for an Order to Vacate the Default, Restore the Case to the Active Trial Calendar, and to Consolidate this Action with Gruenbaum, et al. v. Ackerman, et al., Docket No. BER-L-003841-21;

THEREFORE, it is on this ___th day of September, 2021, that

IT IS NOW ORDERED pursuant to New Jersey Court Rules 4:43-2 and 4:50 and other relevant provisions of New Jersey law, that any default that has been entered against the Defendants JOSH LEVINE, CPA, JOSH LEVINE CPA P.C. *doing business as* LEVINE & ASSOCIATES and EHCM LLC, in this matter is hereby vacated; and the

within matter is hereby restored to the Active Trial Calendar, with an appearance on behalf of the Defendants is hereby entered by Baruch S. Gottesman, Esq.

**AND IT IS NOW FURTHER ORDERED** pursuant to New Jersey Court Rule 4:38-1 and other relevant provisions of New Jersey law, and for good cause shown, that this matter is consolidated with the matter of <u>Gruenbaum, et al. v. Ackerman, et al.</u>, Docket No. BER-L-003841-21; and that the Levine and Ackerman actions shall proceed on Track II under the following the Docket No. BER-L-004840-21 matter under the following amended caption:

<table>
<tr><td>

**TAMAR GRUENBAUM**; and
**TAMAR GRUENBAUM DDS, LLC**, *doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY**,

<div align="center">Plaintiffs,</div>

<div align="center">~ versus ~</div>

**SHANALEE ACKERMAN;**
**ACKERMAN PRACTICE MANAGEMENT, LLC; JOSH LEVINE, CPA**; and
**JOSH LEVINE CPA P.C.** *doing business as* **LEVINE & ASSOCIATES**; and
**EHCM LLC**,

<div align="center">Defendants.</div>

</td><td>

**SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003840-2021

<div align="center">**CIVIL ACTION**</div>

</td></tr>
</table>

       **IT IS NOW FURTHER ORDERED**, that _____

_____

_____

       IT IS NOW FURTHER ORDERED, that a copy of this Order be served via

New Jersey e-Courts on all Parties within Seven (7) days of its entry.

 

_____
                     , J.S.C.

The Motion was

_____ Opposed

_____ Not Opposed

**BARUCH S. GOTTESMAN, ESQ.**
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

| | |
|---|---|
| TAMAR GRUENBAUM; and<br>TAMAR GRUENBAUM DDS, LLC,<br>*doing business as* RIDGEWOOD VALLEY<br>PEDIATRIC DENTISTRY,<br><br>                    Plaintiffs,<br><br>        ~ *versus* ~<br><br>JOSH LEVINE, CPA; and<br>JOSH LEVINE CPA P.C. *doing business as*<br>LEVINE & ASSOCIATES; and<br>EHCM LLC,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>Docket No. BER-L -003840-2021<br><br><br><br>**CERTIFICATION** |

**STATE OF NEW YORK**      )
                                         ) *ss.*
**COUNTY OF**                   )

**A.    INTRODUCTION**

      1.    My name is Josh Levine, and I am a natural person above the age of

18 and resident at Richmond County in the State of New York.

      2.    I am named as a Defendant in this action, and I am the principal of

the two corporate entities also named as co-Defendants.

      3.    I Certify that the following statements are true.  I am aware that if

any of the following statements made by me are willfully false , I am subject to punishment.

4.      I respectfully submit this Affidavit in Opposition to the Plaintiffs'
Motion for Entry of Default, with which I was ambushed; and in Support of the Defendants'
Motion to Vacate the Default, to Restore the Case to the Active Trial Calendar, and to
Consolidate this case with the parallel action of <u>Gruenbaum, et al. v. Ackerman</u>, et al.,
Docket No. BER-L-003841-21, which is also pending before this Court.

5.      To the extent appropriate and if the Court so orders, I am ready to
personally testify at a Proof Hearing about the circumstances of this case and how the
Motion to Enter a Default was an ambush; and in further support of the Motion to Vacate
the Default, Restore the Case to the Active Trial Calendar and to Consolidate this case with
the parallel action.

**B.      <u>CONTEXT OF THIS LAWSUIT</u>**

6.      This Certification will not disclose discussions held in the context
of settlement negotiations; but it will generally describe the context of this lawsuit and the
Motion to Enter a Default, with which I was ambushed.

7.      For a number of years, I provided services to Mr. Greenspan and
Ms. Tamar Gruenbaum (who were then husband and wife) and to their companies.

8.      I understand that a divorce action between the couple is currently
pending in Bronx County, New York.

9.      I understood that this case here in New Jersey, arises from the
proceedings in the matrimonial action that is ongoing.

10.     I do recall seeing papers and that a lawsuit was started, but my understanding was that my New York Counsel was in discussions with Ms. Gruenbaum and that this case was Stayed while the matrimonial action was pending with an eye to resolving this out of court.

11.     My New York counsel is not a New Jersey lawyer and I was unaware that this case had proceeded to an entry of default.

12.     I am not a lawyer and had no independent basis for me to find out how this case was proceeding and until I obtained New Jersey counsel, I was unaware that I was supposedly in "Default".

13.     I hope the Court will understand that it has always been my intention to defend this case in good faith. The failure to respond was based on my understanding that the case was Stayed pending the outcome of the matrimonial action and that settlement discussions were ongoing.

14.     In addition, the allegations in the Complaint about my alleged wrongdoing are entirely untrue and I deny them completely.

15.     Thank you for your consideration of this Certification and with my lawyer's Memorandum of Law in Opposition to the Motion for Entry of a Default, I respectfully ask that the Court not enter a default and provide me the opportunity to respond to the Complaint.

16.    I remain available if the Court would want further information in any Proof Hearing on the issues raised in this Motion.

DATED:    **AUGUST 26, 2021**

**RESPECTFULLY SUBMITTED,**

By: _____

**JOSH LEVINE**

**BARUCH S. GOTTESMAN, ESQ.**
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

**TAMAR GRUENBAUM**; and
**TAMAR GRUENBAUM DDS, LLC**,
*doing business as* **RIDGEWOOD VALLEY
PEDIATRIC DENTISTR**Y,

              Plaintiffs,

    *~ versus ~*

**JOSH LEVINE, CPA**; and
**JOSH LEVINE CPA P.C.** *doing business as*
**LEVINE & ASSOCIATES**; and
**EHCM LLC**,

              Defendants.

**SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003840-2021

**CIVIL ACTION**

**NOTICE OF MOTION**

**TO THE HONORABLE COURT AND COUNSEL FOR THE PLAINTIFFS:**

The Court via NJ eCourts
Superior Court of New Jersey
Law Division
10 Main Street
Hackensack, NJ 07601

Counsel for the Plaintiffs via NJ eCourts
Braverman Kaskey Garber P.C.
Benjamin A. Garber, Esq.
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, PA 19103

        **PLEASE TAKE NOTICE** that the Undersigned counsel for the Defendants that

**JOSH LEVINE, CPA**; and **JOSH LEVINE CPA P.C.** *doing business as* **LEVINE &**

**ASSOCIATES**; and **EHCM LLC**, hereby respectfully apply to the Superior Court of New Jersey,

Law Division, Bergen County at 10 Main Street, Hackensack, NJ 07601 for an Order Vacating the

Default, Restoring this Matter to the Active Trial Calendar, Entering an Appearance by the

Undersigned as Counsel to the Defendants, and Consolidating this Action with the Matter of

Gruenbaum v. Ackerman, BER-L-003841-2021.

**PLEASE TAKE NOTICE** that in Support of their Application, the Defendants respectfully rely on the Attached Certification by Defendant Josh Levine, and the Memorandum of Law in Support by Baruch S. Gottesman, Esq.

### NOTICE: IF YOU WANT TO RESPOND TO THIS MOTION YOU MUST DO SO IN WRITING.

Your written response must be in the form of a certification or affidavit. That means that the person signing it swears to the truth of the statements in the certification or affidavit and is aware that the court can punish him or her if the statements are knowingly false. You may ask for oral argument, which means you can ask to appear before the court to explain your position. If the court grants oral argument, you will be notified of the time, date, and place. Your response, if any, must be in writing even if you request oral argument. Any papers you send to the court must also be sent to the opposing party's attorney, or the opposing party if they are not represented by an attorney.

**PLEASE TAKE FURTHER NOTICE** that Defendants respectfully request oral argument if so allowed by the Honorable Court.

DATED:     **AUGUST 26, 2021**

**RESPECTFULLY SUBMITTED**,

By:

BARUCH S. GOTTESMAN, ESQ.
New Jersey Attorney I.D. No. 02222-2006
185-12 Union Turnpike
Fresh Meadows, NY 11366*
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
*Attorney for Defendants*

# CERTIFICATION OF SERVICE

I, Baruch S. Gottesman, Esq. certify that on August 26, 2021, I sent a copy of this Notice of

Motion, [Proposed] Order, Affidavit in Support by Josh Levine, and the Memorandum of Law in

Support by counsel to the Defendant Baruch S. Gottesman, Esq., by electronic filing (New Jersey

e-courts online system):

DATED:          **AUGUST 26, 2021**

                                   **RESPECTFULLY SUBMITTED**,

                        By:        _____

                                   BARUCH S. GOTTESMAN, ESQ.
                                   New Jersey Attorney I.D. No. 02222-2006
                                   185-12 Union Turnpike
                                   Fresh Meadows, NY 11366*
                                   Phone: (212) 401-6910
                                   e-mail: bg@gottesmanlegal.com

Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
N.J. Attorney I.D. No. 02222-2006
*Counsel for Defendants*

**TAMAR GRUENBAUM**; and
**TAMAR GRUENBAUM DDS, LLC**,
*doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY**,

           Plaintiffs,

      *~ versus ~*

**JOSH LEVINE, CPA**; and
**JOSH LEVINE CPA P.C.** *doing business as* **LEVINE & ASSOCIATES**; and
**EHCM LLC**,

           Defendants.

**SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY**

Docket No. BER-L -003840-2021

**MEMORANDUM OF LAW BY DEFENDANTS
IN SUPPORT OF MOTION TO
VACATE DEFAULT AND OTHER RELIEF**

Respectfully Submitted August 26, 2021
by Baruch S. Gottesman, Esq.

1

# **Table of Contents**

I.      Introductory Statement: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     Factual and Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . 3 – 5

III.    Argument: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 – 12

       a.      **The Cases should be Consolidated** . . . . . . . . 6 – 7

       b.      **The Defendants' Excusable Neglect** . . . . . . . 8 – 10

       c.      **The Defendants' Meritorious Defense** . . . . 10 – 12

           i.      Fraud is Not Well-Plead

           ii.     Unjust Enrichment is Not Well Plead

           iii.    Conversion is Not Well Plead

           iv.     The Allegations in the
                of the Complaint are Denied in full

       d.      **The Plaintiffs Will not be Prejudiced** . . . . . 12 - 13

IV.     Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

## I.      INTRODUCTORY STATEMENT

The Defendants learned of the Motion for Default and immediately appeared through counsel to oppose the Motion.  If the Honorable Court found the opposition to Motion for Default to be untimely and it was entered, then for the reasons described in this Memorandum of Law, the Defendants respectfully request that the Honorable Vacate the Default and restore the case to the active Trial Calendar.

The arguments here largely mirror those in the Defendants opposition to the Motion for Entry of Default.  In addition, they may be moot if the no Entry of Default was entered.

Therefore, to avoid duplication, we begin with a discussion of the request to consolidate this case with the companion case of Gruenbaum v. Ackerman, et al., BER-L-3841-2021.  It would be consistent with the rules and help conserve judicial resources to consolidate these cases and have the same set of claims and nucleus of operative facts heard in a single case.  We then address the Default.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The Gruenbaum cases were filed seriatum.  They are docketed as 3840 (Gruenbaum v. Levine) and 3841 (Gruenbaum v. Ackerman).  They involve the same Plaintiffs and two sets of Defendants who will both be represented by the same counsel (the Undersigned).

Both cases involve the alleged provision of accounting services by the two sets of Defendants and identify the same causes of action.  Both cases are assigned to the same Justice.

And in substance, the cases arise from the same alleged factual issues.

The Ackerman Complaint alleges:

"One of the most egregious examples [of Ackerman's wrongdoing] being Ackerman's recommendation of an accounting firm, Levine & Associates LLC, whose services were deficient and have resulted in IRS scrutiny in connection with which plaintiffs have suffered financial losses, fees, costs, expenses, and penalties."

Ackerman Complaint, Docket No. 3851-2021, Complaint at ¶ 44.

The division of the single fact pattern into two cases may result in entirely inconsistent rulings. The "most egregious" example of the wrongdoing in the Ackerman case is the *same issue* in this case. If the cases are not consolidated, the same nucleus of operative facts will be adjudicated in two separate proceedings, with potential conflicting decisions and findings.

For this reason, consolidation is appropriate.

We turn now to the facts and circumstances that gave rise to the Defendants' default. To emphasize, these facts (and the argument below) on the issue mirror those in the opposition to the Motion for Entry of Default returnable on August 27, 2021. If this Court already restored this case to the Trial Calendar, then this section (and the relevant argument below) is moot.

As alleged in the Complaint (¶¶ 23, 25) and further explained in the Certification by Defendant Josh Levine (¶ 7), the Levine Defendants provided accounting services to the Plaintiff, her then-husband, and the couple's businesses. As described in

the Complaint (¶ 36) and further explained in the Certification by Defendant Josh Levine (¶¶ 8 and 9) the services provided by the Defendants became an issue in the Individual Plaintiff's divorce proceedings that remain ongoing in the State of New York.

Through no wrongdoing on the Defendants' part, they found themselves dragged into a contentious matrimonial action out of state across the Hudson.

This lawsuit filed.

The scattershot claims in this Complaint are self-contradictory (*Compare* Complaint ¶ 42 alleging that the Plaintiffs were induced into hiring the Defendants for payroll services; *with* Complaint ¶ 43 alleging Defendants referred the Plaintiff to a third-party payroll services provider); not actionable (*See, e.g.*, Complaint ¶ 49, Count I for Breach of Contract *and* Complaint ¶ 65, Count V seeking recovery for Unjust Enrichment where there is an adequate remedy at law), and otherwise cannot support the causes of action put forward in the Complaint.  If the case would move forward, the Defendants intended to move to Dismiss.  But that was put on hold.

Without disclosing the substance of settlement negotiations, the Defendants *thought* that they were in discussions about the resolution of this case and *understood* that this case would be or was Stayed pending the resolution of the Plaintiffs' matrimonial action in New York (Levine Certification ¶ 13).  The Defendants were blindsided.

The Defendants *just* become aware that a Motion for Entry of Default was filed against them and quickly appeared to respectfully but emphatically oppose the entry of Default and of a Final Judgment, as explained in this Memorandum.

III.    **ARGUMENT:**

   A.    <u>**THE CASES SHOULD BE CONSOLIDATED**</u>

   The Rules Provide:

> "When actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated."

   N.J. Court Rules, R. 4:38-1

   A key consideration is whether, "absent consolidation, two juries could reach inconsistent verdicts if the jury in the first action plaintiff's [damage] to the injuries sustained in the second accident, and jury in the second action attributes the plaintiff's [damage] to the injuries she sustained in the first accident". Moraes v. Wesler, 439 N.J. Super 375, 379, 109 A3d 218, 221 (App.Div. 2015). *See also* <u>Ajpacaja .v Pro-Line Bldrs.,</u> Docket No. A-3699-18T2, 2020 N.J. Super. Unpub. LEXIS 2022, at *6 (App.Div. Oct. 20, 2020)("Our court rules and case law strive to avoid piecemeal decisions.  For example, the entire controversy doctrine seeks to assure that all aspects of a legal dispute occur in a single lawsuit.  The goal is to promote judicial efficiency, assure fairness to all parties with a material interest in an action, and encourage the conclusive determination of a legal controversy." (*citations omitted*)).

   The Ackerman Complaint alleges that:

> "[o]ne of the most egregious examples [of Ackerman's wrongdoing] being Ackerman's recommendation of an accounting firm, Levine & Associates LLC, whose services were deficient and have resulted in IRS scrutiny in connection with which plaintiffs have suffered financial losses, fees, costs, expenses, and penalties."

   <u>Gruenbaum v. Ackerman</u>, Docket No. 3851-2021, Complaint at ¶ 44.

The allegation that Levine & Associates' services were deficient are also the basis for the claims in this case. *See, e.g.*, Complaint ¶¶ 39, 53, *et passim*.

Let's transport ourselves into the conference room as the Jury considers the trial they just observed in this case. Our Jury will naturally find that Levine & Associates did *not* act wrongly and their services were not deficient. Across the hallway, though, the Ackerman trial has concluded and the Ackerman Jury is considering the *same* factual questions. Let's imagine that the Ackerman jury reaches the opposite conclusion as their friends across the hall – the Ackerman jury concludes as a factual matter that Levine & Associates services *were* deficient.

The bell rings and the two juries return with their verdict.

The Levine jury finds as a factual matter that the services *were not* deficient. Their friends across the hall in the Ackerman jury find that the services *were* deficient. Where does that leave the parties?

Plainly, the two cases which are premised on the same nucleus of operative facts belong in the same Courtroom, before the same Judge, and in a single action where the two sets of Defendants can put forth a joint defense covering the same legal and factual questions. This will allow the legal conclusions during Motion practice, and factual conclusions of the factfinder will be consistent.

For these reasons, the Defendants with the consent of the Ackerman Defendants (who are represented by the undersigned counsel) respectfully move to consolidate the two actions under the 3841/21 Docket Number. A proposed Order is filed simultaneously with this Memo.

**B.     THE DEFENDANTS' EXCUSABLE NEGLECT**

The Default issues are moot if the Entry of Default did not occur.  Therefore, if this case has been restored to the trial calendar, the reader can jump to the conclusion on Page 13.

The Defendants understood – perhaps misunderstood – that the case was Stayed pending the resolution of the underlying matrimonial action.  Certification at ¶ 13.

The Rules Provide:

> "On motion, with briefs, and upon such terms as are just, the court may relief a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect."

Rule 4:50-1(a).

The Supreme Court explained that "[g]enerally, a defendant seeking to reopen a default judgment because of excusable neglect must show that the failure to answer was excusable under the circumstances and that a meritorious defense is available." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 284 (1994).  The standard for opening defaults, we are told, "should be viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Housing Authority of Morristown, *Id.* at 283-84 *citing* Marder v. Realty Constr. Co., 84 N.J.Super. 313, 318-319 (App. Div. 1964).

"An application to vacate a default, pursuant to the Rule 4:43-2, is indulged with even greater liberality." Paul Sciarra, LLC v. Freeman, Docket No. A-0559-16T1, 2017 N.J. Super.Unpub. LEXIS 359, at * 3 (App.Div. Feb. 15, 2017) *citing* U.S. Bank N.A. v. Guillaume, 209 N.J. 449 (2012).

We would go a step further and propose that if the opening of defaults are afforded liberal standards in the interest of justice, all the more so in this case where the Default as not been entered and there will be no prejudice to the Plaintiffs. There has been no Default entered, no reliance interest created, and no concern about springing a Defense on a complacent Plaintiff months or years after entry of a Default.

The excusable neglect in this case is the Defendants understanding with the Plaintiffs and with the Plaintiff's [ex-]husband that this matter was Stayed through the resolution of the underlying matrimonial action. Perhaps the Defendants misunderstood, but it was reasonable for a non-lawyer from out-of-state who had no knowledge of New Jersey process to rely on their layman's understanding that the case was on hold. Once the Defendants learned of the Motion for Entry of Default the Defendants immediately presented themselves to the Court and now oppose the entry of the Default.

Contrast this situation with the case of Akegan v. Fagans, Index. A-1477-15T3, 2017 N.J. Super. Unpub. LEXIS 2590 (App.Div. 2017). In Akegan, the Honorable Judge Wilson of this Court denied a Motion to Vacate where the Defendant was served in April 2014 and failed to come to court to vacate the default until July 2015 – more than fifteen months later.

We would propose that this case is more in line with the matter of Dori v. Shavit, Docket No. BER-L-007844-2019, where the Defendant appeared in Court six months after the entry of Default and after a motion to Enforce Litigants Rights was filed. The Defendant in Dori explained that they misunderstood whether they were represented by counsel and provided an Answer with a general denial of the allegations in the Complaint. In Dori, the Honorable Judge Wilson vacated the entry of default and

restored the case to the calendar (Order in <u>Dori v. Shavit</u>, Docket No. BER-L-007844-2019 (Super.Ct. Bergen Co. Sept. 11, 2020)).

### C.    <u>THE DEFENDANTS' MERITORIOUS DEFENSE</u>

If Granted Leave, the Defendants will move to Dismiss and otherwise put forth a Meritorious Defense.

This is not the place for the Defendants to argue their Motion to Dismiss, and as proposed in the Defendants' Proposed Order, they will move to Dismiss within seven (7) days of the entry of an Order denying the Motion to Enter Default.

That said, generally speaking and without prejudice to further and other arguments that the Defendants will put forth in full in their Memorandum of Support of their Motion to Dismiss; the causes of action for equitable relief (Unjust Enrichment) and the causes of action for Fraud and Conversion must be dismissed with prejudice.  The other claims are all denied in full.

### i.    <u>Fraud is Not Well Plead</u>

Rule 4:5-8(a) requires that: "in all allegations of misrepresentation, fraud . . . particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable."

In their Complaint, the Plaintiffs make only the vaguest allegations about Levine's supposed "misrepresentations" about his credentials, qualifications, and abilities (Complaint ¶ 31).  There are no allegations about what, when, where and how the statements were made.  There is no allegation in the Complaint of anything that rises above the level of "'puffery' or 'vague and ill-defined opinions' [which are] not assurances of fact and thus do not constitute misrepresentations."  <u>Alexander v. CIGNA Corp.</u>, 991 F

Supp 427, 435 (D.N.J. 1997) *affirmed* 172 F.3d 859 (3d Cir. 1998). Alexander also cites

the case of VT Investors v. R & D Funding Corp., 733 F.Supp. 823, 838 (D.N.J. 1990)

where statements of specific financial goals were found to be non-actionable "puffery".

        As will be fully argued in the Motion to Dismiss, the Cause of Action for

Fraud poisons the well without any factual basis and without even an attempt to fulfill the

heightened pleading requirements for such damning allegations. It is a breach of contract

claim dressed up as "fraud" and must be dismissed with prejudice.


        ii.    Unjust Enrichment is Not Well Plead

        Unjust enrichment is plainly inapplicable here because there is an adequate

remedy at law. *See, e.g.*, Bender, Inc. v. Jos. L. Muscarelle, Inc., 304 N.J. Super. 282, 285

(App.Div 1997) citing Callano v Oakwood Park Homes Corp., 91 N.J. Super 105

(App.Div. 1966)("Recovery on the theory of quasi-contract was developed under the law

to provide a remedy where none existed.").

        In this case, the Plaintiffs alleged causes of action for breach of contract and

other legal claims. Unjust Enrichment cannot lie and the Defendants respectfully submit

the claim of Unjust Enrichment cannot be proceed because it duplicates the legal claims.

Therefore the claim for Unjust Enrichment must be dismissed with prejudice.


        iii.    Conversion is Not Well Plead

        Under New Jersey law, for a claim of Conversion to lie: "there must be

some repudiation by the defendant of the owner's right, or some exercise of dominion over

them by him inconsistent with such right, or some act done which has the effect of

destroying or changing the quality of the chattel." Meisels v Fox Rothschild LLP, 240 N.J.

286, 304  (2020) *citing* <u>Mueller v. Tech. Devices Corp.,</u> 8 NJ 201, 207 (1951); <u>Farrow v.</u>
<u>Ocean</u> <u>County Trust Co.,</u> 121 N.J.L. 344 (S.Ct. 1938); *and other cases*.

No allegations in the Complaint establish any alleged dominion that the
Defendants exercised over the Plaintiffs' chattel and therefore the cause of action for
Conversion must be dismissed with prejudice.

        iv.     <u>The Substantive Claims of the Complaint are Denied</u>

The Defendants deny the substantive claims of the Complaint (Levine
Certification at ¶ 14).

## D.    <u>THE PLAINTIFFS WILL NOT BE PREJUDICED</u>

The cases described above address Defendants who appear and seek to re-
open Defaults months – <u>years</u>, in many situations described in the caselaw – after the
Formal Entry of Default and Entry of Judgment.

Not so, here.

The Defendants were misinformed about the progress of this case as they
awaited the outcome of the matrimonial action.  They were unable to obtain information
about the proceedings taking place out-of-state (from their perspective) and are alleged to
have erroneously failed to respond.  The Motion to Enter Default was a wake-up call for
the Defendants to obtain local New Jersey representation, which they have now done.  But
the short delay, which caused no prejudice to the Plaintiffs, should not be a death sentence
for the Defendants' defense.

If this Motion for Entry of Default is denied, the Defendants will promptly
file the Motion to Dismiss and the Honorable Court will have the opportunity to hear this
case on its merits without prejudice to the Plaintiffs who have <u>not</u> had to wait months/years.

Nor did the Plaintiffs have any reliance interest in the stability of the Entry of Default or Entry of Final Judgment because neither of those have yet happened.

## IV.    CONCLUSION

For the reasons described above, the Default should be Vacated and the case restored to the Trial Calendar.  In addition, this case should be consolidated with its sister action (the Ackerman case).  A proposed Order is submitted contemporaneously with the filing of this Motion.

DATED:    **AUGUST 26, 2021**

                                                           **RESPECTFULLY SUBMITTED**,

By:

BARUCH S. GOTTESMAN, ESQ.
New Jersey Attorney I.D. No. 02222-2006
185-12 Union Turnpike
Fresh Meadows, NY 11366*
Phone: (212) 401-6910
e-mail: bg@gottesmanlegal.com
*Attorney for Defendants*

FILED

AUG 27 2021

ROBERT C. WILSON,
J.S.C.

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com

UNOPPOSED

*Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**JOSH LEVINE, CPA** and **JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES,** and **EHCM LLC,**<br><br>*Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY**<br><br>Docket No. <u>BER-L-003840-21</u><br><br>**FINAL JUDGMENT BY DEFAULT** |

THIS MATTER having been presented to the Court by Braverman Kaskey

Garber PC, attorneys for plaintiffs, Tamar Gruenbaum, DDS and Tamar

Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry, for entry of

Final Judgment by Default pursuant to R. 4:43-2 against defendants Josh Levine,

CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC

(collectively, the "defendants"); and defendants having been served with the

Summons and Complaint in this action; and defendants having failed to properly

answer the Complaint or otherwise move as to the Complaint; and default having

been properly entered against defendants on July 27, 2021; and defendants having

been served with a copy of the default entered against them; and the Court having

considered the Certification of Amount Due and Non-Military Service of Tamar

Gruenbaum and Certification of Counsel; and it further appearing that good cause

has been shown for the entry of this Judgment,

It is on this **27** day of August 2021, ORDERED as follows:

1.      JUDGMENT by default as authorized by R. 4:43-2(b) is entered in

favor of plaintiffs, Tamar Gruenbaum, DDS and Tamar Gruenbaum DDS, LLC

d/b/a Ridgewood Valley Pediatric Dentistry, and against defendants Josh Levine,

CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC, in the

amount of $161,437.32, together with pre-judgment and post-judgment interest and

costs of suit.

2.      A copy of this Judgment shall be served on defendants by regular mail

within seven (7) days of receipt by plaintiffs' counsel in accordance with Rule 4:43-

2(c).

BY THE COURT:

_____
                            J.

This motion was:

OPPOSED: ____

UNOPPOSED: ✓

**ROBERT C. WILSON, J.S.C.**

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                    *Attorneys for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs*, | Docket No. BER-L -003840-2021 |
| v. | CIVIL ACTION |
| JOSH LEVINE, CPA; JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES; and EHCM LLC, | |
| *Defendants*. | |


# MEMORANDUM OF LAW BY PLAINTIFFS

# IN OPPOSITION TO MOTION TO

# VACATE DEFAULT AND OTHER RELIEF

# TABLE OF CONTENTS

I. INTRODUCTORY STATEMENT ........................................................................ 2

II. FACTUAL AND PROCEDRUAL BACKGROUND ........................................... 3

III. ARGUMENT ..................................................................................................... 5

    A. THE MOTION TO VACATE THE JUDGMENT SHOULD BE DENIED ..................... 5

        i. The Defendants Have Not Shown Excusable Neglect .................................................. 6

        ii. The Defendants Have No Meritorious Defenses .......................................................... 8

        iii. The Plaintiffs Will be Prejudiced if the Judgment is Vacated ................................... 9

    B. THE MOTION TO CONSOLIDATE SHOULD BE DENIED ........................................10

        i. The Case Should not Be Restored to the Trial Calendar .............................................10

        ii. In the Alternative, Consolidation is Not Proper because there are No Common

        Questions of Fact or Law………………………………………………… ...............11

    IV. CONCLUSION ...................................................................................................13

# I. INTRODUCTORY STATEMENT

Plaintiff Tamar Gruenbaum, DDS ("Dr. Gruenbaum") is the owner of a local pediatric dental practice known as Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry (the "Practice"; collectively, the "plaintiffs").  Dr. Gruenbaum hired defendants Josh Levine, CPA, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC (collectively, the "defendants") to provide accounting and tax related services.  Among other things, defendants agreed to handle all the Practice's accounting and tax needs, including, but not limited to, preparing, and timely filing all federal and state tax returns, handling its payroll taxes, maintaining its QuickBooks, and preparing quarterly profit and loss statements. Defendants were also engaged as Dr. Gruenbaum's personal accountant.  However, defendants' services were utterly deficient.  Defendants failed to act in plaintiffs' best interests, and their services were procured through defendants' misrepresentations as to their qualifications and abilities.

Plaintiffs brought suit against defendants by filing a complaint in this Court which contains a variety of claims (the "Complaint").  When defendants failed to timely respond or otherwise move as to the Complaint, plaintiffs filed a default against each of the defendants.  When defendants *again* failed to timely respond or otherwise move as to the default, plaintiffs filed a Motion for Final Judgment by Default against each defendant.

On August 27, 2021, this Court granted plaintiffs' motion and entered a final judgment by default. Defendants have now filed a Motion to Vacate the Judgment and Other Relief, such other relief being a request to consolidate this case with a separate action (the "Motion"). Defendants' Motion must be denied because defendants fail to show that: (1) their failure to respond was excusable under the circumstances; (2) they have any meritorious defenses; and (3) consolidation would be proper.

## II. FACTUAL AND PROCEDRUAL BACKGROUND

Dr. Gruenbaum grew up in Teaneck, New Jersey and earned her D.D.S. from Columbia University College of Dental Medicine. Compl. ¶ 14. She completed a general practice residency at Montefiore Medical Center in Bronx, New York and then completed her post-graduate training in pediatric dentistry at Maimonides Medical Center in Brooklyn, New York, where she served as chief resident during her second year. *Id.* ¶¶ 15-16. Now, Dr. Gruenbaum owns the Practice, which provides comprehensive dental care to children from infancy through their teenage years. *Id.* ¶ 18. In December 2017, Dr. Gruenbaum retained defendants as the Practice's accountant and tax professionals. *Id.* ¶ 19. Defendants were also engaged as Dr. Gruenbaum's personal accountants. *Id.* ¶ 23.

Pursuant to the parties' agreement, defendants agreed to handle all the Practice's accounting and tax needs, including, but not limited to, preparing, and timely filing all federal and state tax returns, handling its payroll taxes, maintaining its QuickBooks, and preparing quarterly profit and loss statements.

3

Defendants also agreed to provide accounting and tax services to Dr. Gruenbaum, individually. *Id.* ¶¶ 24-25.

For purposes of inducing Dr. Gruenbaum to retain his services, Levine misrepresented that he was experienced and competent in providing accounting and tax advice to dentists and oral surgeons. *Id.* ¶ 29. Defendants also misrepresented Levine's successes improving dental practices like Dr. Gruenbaum's practice, as well as the credentials, qualifications, and abilities of the company. *Id.* ¶¶ 30-31. For purposes of inducing Dr. Gruenbaum to retain his services, Levine mispresented that he was experienced and competent in providing personal tax advice in connection with divorce proceedings. *Id.* ¶ 32.

Throughout defendants' engagement, however, defendants failed to perform the agreed-upon and above-referenced services. *Id.* ¶ 33. Any services that were provided were deficient and of no value to plaintiffs. *Id.* ¶ 34. As a result of defendants' failings, plaintiffs incurred substantial fees, costs, and expenses as well as became the subject of an investigation by the IRS. *Id.* ¶¶ 36-39.

Plaintiffs brought suit against defendants in this Court on June 14, 2021 asserting claims for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, conversion, unjust enrichment, fraud, and negligence. The Summons and Complaint were served on defendants on June 21, 2021. After defendants failed to timely respond or move as to the Complaint, plaintiffs filed a default against each of the defendants. The default was served by regular mail and certified mail on July 27, 2021; the certified mail was delivered on

4

July 31, 2021. After Defendants again failed to respond or otherwise move as to the default, on August 10, 2021, plaintiffs filed a Motion for Final Judgment by Default against each of the defendants.

On August 26, 2021, defendants filed an untimely response to the Motion for Final Judgment which was not accepted by the Court until August 27, 2021. On August 27, 2021, the Court entered final judgment. Defendants filed a Motion to Vacate the Judgment and Other Relief, which plaintiffs now respond to, and oppose.

## III. ARGUMENT

### A. THE MOTION TO VACATE THE JUDGMENT SHOULD BE DENIED

N.J. Court Rule 4:50-1 states that "the court may relieve a party or the party's legal representative from a final judgment" where there is "mistake, inadvertence, surprise, or excusable neglect." A defendant moving to vacate a judgment by default must show that: (1) its failure to timely respond to the relevant pleading was the result of excusable neglect; and (2) a meritorious defense is available. *Hous. Auth. of Morristown v. Little*, 135 N.J. 274, 284 (1994) (internal citations omitted). Neglect is "excusable" where the default was "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." *U.S. Bank Nat'l Ass'n v. Guillaume*, 209 N.J. 449, 468 (2012). Excusable neglect has also been described as "something the parties could not have protected themselves from during the litigation." *Romero v. Gold Star Distrib., LLC*, 2021 N.J. Super. LEXIS 83, at *27 (N.J. Super. 2021) (internal citation omitted). "The party seeking to vacate a default judgment has the 'overall burden of demonstrating that its failure

5

to answer or otherwise appear and defend should be excused.'" *Id.* (quoting *Jameson v. Great Atl. and Pac. Tea Co.*, 363 N.J. Super. 419, 425-26, 833 A.2d 626 (App. Div. 2003)).

### i. The Defendants Have Not Shown Excusable Neglect

Defendants contend that their failure to respond to the Complaint was the result of excusable neglect because:

- "Without disclosing the substance of settlement negotiations, the Defendants *thought* that they were in discussions about the resolution of the case and *understood* that this case would be or was Stayed pending the resolution of the Plaintiffs' matrimonial action." Memorandum of Law at 5 (emphasis in original).

- "The Defendants were blindsided" by the Motion for Entry of Default and "*just* become (sic) aware" that the Motion was filed against them. *Id.* (emphasis in original).

- "[I]t was reasonable for a non-lawyer from out-of-state who had no knowledge of New Jersey process to rely on their layman's understanding that the case was on hold." *Id.* at 9.

- "Once the Defendants learned of the Motion for Entry of Default the Defendants immediately presented themselves to the Court." *Id.*

These arguments on their face do not show that defendants' neglect was excusable. The undersigned counsel <u>has never spoken with defendants or their attorney</u> so it is unfathomable how they could have reasonably believed there were ongoing settlement discussions or any basis for staying the case. Moreover, defendants <u>do not provide a single</u>

6

detail about these purported settlement discussions such as who was involved or when they allegedly took place. The argument that defendants "thought" they were engaged in settlement discussion and "understood" that this case was stayed is completely bogus and wholly unsupported. As such, it does not show that defendants' neglect was excusable.

Defendants' second argument, that they were "blindsided" by the Motion for Entry of Default and "immediately" presented themselves to the Court is likewise unbelievable. Plaintiffs' motion was filed on August 10, 2021. If defendants had truly "immediately presented themselves to the Court," they would have filed a timely response by the deadline set forth in the notice of plaintiffs' motion—August 17, 2021, eight days before the return date of the motion. Additionally, plaintiffs' Motion for Entry of Judgement by Default was filed more than a month after the Complaint was served and only after defendants were served with the Summons, Complaint, and notice of default. Defendants were undeniably on notice of the case against them. That it took the Motion for Entry of Judgment by Default to be a "wake-up call for the Defendants to obtain local New Jersey representation" in no way excuses defendants' neglect. Memorandum of Law at 12. The situation that defendants find themselves in is one of their own making, and is certainly something that defendants could have protected themselves from by promptly hiring an attorney after being served with the Complaint. *See Romero*, 2021 N.J. Super. LEXIS 83, at *27.

In sum, it is clear that there was no excusable neglect here and defendants have failed to meet their "overall burden of demonstrating that [their] failure to answer or otherwise appear and defend should be excused." *Jameson*, 363 N.J. Super. at 425-26. For this reason, defendants' Motion must be denied.

### ii. The Defendants Have No Meritorious Defenses

As stated above In addition to failing to show that the failure to timely respond was the result of excusable neglect, defendants have likewise failed to show that they have any meritorious defenses to plaintiffs' claims. The Complaint asserts claims for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, conversion, unjust enrichment, fraud, and negligence. In their Motion, defendants do nothing more than make boilerplate challenges to plaintiffs' claims for fraud, unjust enrichment and conversion. Memorandum of Law at 10-12. *Defendants do not even attempt to argue that they have meritorious defenses to any of the other claims*.

The purported "meritorious defenses" are simply not enough to warrant the requested relief. First, plaintiffs' fraud claim is well pled. Second, it is well settled that while a plaintiff cannot ultimately recover for both a breach of contract claim and an unjust enrichment claim, it may litigate both claims as alternative theories. *See Caputo v. Nice-Pak Products, Inc.*, 300 N.J. Super. 498, 693 A.2d 494, 497 (App. Div. 1997) (holding that a plaintiff could submit a claim for breach of contract and a claim for unjust enrichment to the jury to decide "which of the two was proved"). Third, the Complaint plainly states a claim for conversion. By way of example only, the Complaint alleges the defendants exercised dominion and control over plaintiffs' electronic chattel by denying Dr. Gruenbaum access to the Practice's QuickBooks records. Compl. ¶ 46.

Plaintiffs reiterate again that in this situation *it is defendants' burden to show that they have meritorious defenses to plaintiffs' claims*. The arguments in defendants' Motion fall far short of meeting that burden because they: (1) fail to show that defendants have any meritorious defenses to plaintiffs' claims for fraud, unjust enrichment, and conversion; and (2) fail to even suggest defendants have any meritorious defenses to plaintiffs' other claims.

Further, it is clear from the Motion that defendants are requesting that the Court vacate both the entry of default and final judgment. *See* Memorandum of Law at 5 (stating that defendants oppose "the entry of Default and of a Final Judgment); 8 (citing N.J. Court Rule 4:50-1 applicable to vacating final judgments and Rule 4:43-2 applicable to vacating an entry of default); 9 (mistakenly arguing that no default had been entered); 13 (requesting that "the Default" be vacated and the case restored to the Trial Calendar). Defendants state that their Motion is "not the place for the Defendants to argue [a] Motion to Dismiss," *id.* at 10, but the Court Rules require that all motions for the vacation of an entry of default be accompanied by either an answer to the complaint or a dispositive motion. N.J. Court Rule 4:43-3. Therefore, further compounding the flaws in defendants' Motion, defendants failed to comply with the applicable rule. As such, the Motion must be denied.

### iii. The Plaintiffs Will be Prejudiced if the Judgment is Vacated

Defendants argue that the judgment should be vacated because doing so will not prejudice plaintiffs. This argument fails for two reasons. First, while prejudice is a factor that may be considered by the Court when deciding whether to vacate a

judgment, it should only be considered *after* the defendant has demonstrated that it is entitled to have the judgment vacated. *See Hous. Auth. of Morristown*, 135 N.J. at 284 (holding that a judgment may only be vacated where the defendant shows that its failure to timely respond to the relevant pleadings was the result of excusable neglect and it has a meritorious defense to the lawsuit).

Because defendants failed to show that they are entitled to have the judgment vacated—because their negligence was not excused, they have not demonstrated that they have any meritorious defenses, and they failed to attach a dispositive motion—the Court need not reach the issue of prejudice.

However, plaintiffs note that they spent time and money obtaining the judgment. Additionally, they have a reliance interest in the stability of the judgment since it was already entered. As such, vacating the judgment will prejudice plaintiffs.

## B. THE MOTION TO CONSOLIDATE SHOULD BE DENIED

In their Motion, defendants request that the Court restore the case to the active Trial Calendar and consolidate it with a separate action that plaintiffs brought *against different defendants*. This portion of the Motion should be denied for the reasons set forth below.

### i. The Case Should not Be Restored to the Trial Calendar

As discussed at length above, defendants have not come close to meeting their burden for showing that they are entitled to have the judgment vacated.

10

Accordingly, the default judgment should stand.  Because the judgment should not

be vacated, the case should not be reopened and there is nothing to restore to the

Trial Calendar.

### ii. In the Alternative, Consolidation is Not Proper because there are No Common Questions of Fact or Law

In the event that the Court finds it would be proper to vacate the judgment—

which it should not—consolidation is still not proper.  Consolidation is proper only

where two or more actions "involving a common question of law or fact arising out of

the same transaction or series of transactions are pending in the Superior Court."

N.J. Court Rules, R. 4:38-1.  Here, the two actions—the present case and

Gruenbaum v. Ackerman, docket no. BER-L-003841-21[1]—do not involve common

questions of law or fact and do not arise out of the same transaction.

In the present case, plaintiffs hired defendants to "handle all the Practice's

accounting and tax needs, including, but not limited to, preparing, and timely filing

all federal and state tax returns, handling its payroll taxes, maintaining its

QuickBooks, and preparing quarterly profit and loss statements."  Compl. ¶¶ 19, 24.

In Gruenbaum v. Ackerman, plaintiffs assert claims against *entirely different*

*defendants* who were hired to provide business management consulting services,

including "provid[ing] plaintiffs with expert guidance on a variety of issues,

including finances and marketing, team structure, clinical protocols, business

decisions and protocols, insurance billing and practices, and case acceptance

---

[1] A true and correct copy of the Ackerman complaint is attached hereto as Exhibit "A".

systems." Ackerman Compl. ¶ 20, 29.  The defendants in each case, thus, were hired to provide entirely different services and take entirely different actions.

Moreover, the wrongful conduct of the defendants, and accordingly the damages flowing therefrom, occurred in separate and distinct transactions.  In the present case, the Levine defendants, among other things, botched Dr. Gruenbaum's personal 2019 tax returns, made egregious mistakes in connection with the Practice's 2019 taxes, failed to file IRS Form 941s, and failed to accurately report the Practice's employment tax liability to the State of New Jersey.  Compl. ¶¶ 35, 37, 38, 40.  In the Ackerman case, the Ackerman defendants, among other things, botched the Practices' insurance participation, retroactively modified insurance billing entries, deleted the Practice's insurance billing archive, harassed and abused employees of the Practice, and caused significant patient attrition by communicating with patients in an aggressive manner.  Ackerman Compl. ¶¶ 31, 33, 36, 47, 52.  In short, the Levine defendants' wrongful conduct is irrelevant to the Ackerman defendants' wrongful conduct and vice versa.

Defendants' assertion—without explanation—that that the two cases are "premised on the same nucleus of operative facts" is simply untrue.  The only overlap between the cases, which defendants place undue emphasis on, is that Ms. Ackerman is the individual who recommended that plaintiffs retain Mr. Levine.  This single fact is simply insufficient to support consolidating the cases in light of the myriad of factual differences.

In sum, there is no basis for consolidating the cases as there are no common issues of law or fact and the actions giving rise to the respective lawsuits were not part of the same transaction or occurrence. Consolidating the cases would serve no purpose and would unduly confuse a jury. *See Castro v. Guerra*, 2018 N.J. Super. Unpub. LEXIS 7033, at *11 (Bergen Cty. Super. Sept. 15, 2018) (denying a motion to consolidate where doing so would unduly confuse the jury and the matters did not involve common questions of fact and law). As such, defendants' request for "other relief" in the form of consolidating the cases should be denied.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Motion to Vacate Default and Other Relief be denied. Defendants have not met their burden for showing that their neglect was excusable under the circumstances or that they have any meritorious defenses. Because the question of prejudice is only reached after a showing of entitlement to have the judgment vacated, the Court need not consider whether plaintiffs will be prejudiced if the Motion is granted.

The portion of the Motion which requests the Court consolidate this case with an unrelated matter fails because the default judgment should not be vacated and, thus, there is nothing to consolidate. In the alternative, if the Court decides to vacate the judgment, consolidation is still not proper because the cases involve entirely different parties and are premised on entirely different facts.

13

Respectfully submitted,

Dated: September 15, 2021                             **BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_
       BENJAMIN A. GARBER, ESQUIRE
       One Liberty Place- 56th Floor
       1650 Market Street
       Philadelphia, Pennsylvania 19103
       Telephone: (215) 575-3800
       Facsimile: (215) 575-3801
       *Attorneys for Plaintiffs*

# Exhibit A

**SUMMONS**

Attorney(s) __Benjamin A. Garber, Esq. / ID#011382009__

Office Address __Braverman Kaskey Garber PC__

Town, State, Zip Code __One Liberty Place, 56th Floor__

__Philadelphia, PA 19103__

Telephone Number __215-575-3800__

Attorney(s) for Plaintiff __Tamar Gruenbaum et al__

__Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC__

__d/b/a Ridgewood Valley Pediatric Dentistry,__

Plaintiff(s)

vs.

__Shanalee Ackerman and__

__Ackerman Practice Management, LLC__

Defendant(s)

# Superior Court of New Jersey

__Bergen__ County

__Law__ Division

Docket No: _____

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

__/s/ Michelle M. Smith__

Clerk of the Superior Court

DATED: __June 14, 2021__

Name of Defendant to Be Served: __Shanalee Ackerman__

Address of Defendant to Be Served: __1775 York Ave., #32A, New York, NY 10128__

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

## SUMMONS

Attorney(s)   Benjamin A. Garber, Esq. / ID#011382009

Office Address   Braverman Kaskey Garber PC

Town, State, Zip Code   One Liberty Place, 56th Floor

  Philadelphia, PA 19103

Telephone Number   215-575-3800

Attorney(s) for Plaintiff   Tamar Gruenbaum et al

  Tamar Gruenbaum and Tamar Gruenbaum DDS, LLC

  d/b/a Ridgewood Valley Pediatric Dentistry,
      Plaintiff(s)

    vs.

  Shanalee Ackerman and

  Ackerman Practice Management, LLC
      Defendant(s)

# Superior Court of New Jersey

    Bergen   County

    Law    Division

Docket No: _____

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                   /s/ Michelle M. Smith
                                Clerk of the Superior Court

DATED:   June 14, 2021

Name of Defendant to Be Served:    Ackerman Practice Management LLC c/o Shanalee Ackerman

Address of Defendant to Be Served:   1775 York Ave., #32A, New York, NY 10128

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003841-21

**Case Caption:** GRUENBAUM TAMAR  VS ACKERMAN SHANALEE

**Case Initiation Date:** 06/14/2021

**Attorney Name:** BENJAMIN ALEX GARBER

**Firm Name:** BRAVERMAN KASKEY PC

**Address:** 1650 MARKET STREET 56TH FL ONE LIBERTY PLACE

PHILADELPHIA PA 191037334

**Phone:** 2155753800

**Name of Party:** PLAINTIFF : Gruenbaum, Tamar

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** NJ eCourts Case Initiation Confirmation

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Tamar Gruenbaum? NO**

**Are sexual abuse claims alleged by: Tamar Gruenbaum DDS, LLC? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/14/2021
Dated

/s/ BENJAMIN ALEX GARBER
Signed

**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                    *Attorney for Plaintiffs*

| | |
|---|---|
| **TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY,** 385 S Maple Ave, #107 Glen Rock, NJ 07452 *Plaintiffs,* <br><br> v. <br><br> **SHANALEE ACKERMAN** 1775 York Avenue, #32A New York, NY 10128; and <br><br> **ACKERMAN PRACTICE MANAGEMENT, LLC,** 13867 Jeremiah Road Jacksonville, FL 32224, *Defendants.* | **SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY** <br><br> **Docket No. _____** <br><br> **COMPLAINT AND JURY DEMAND DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATIONS UNDER RULES 1:38-7(b) and 4:5-1** |

Plaintiffs Tamar Gruenbaum, DDS ("Dr. Gruenbaum") and Tamar Gruenbaum DDS, LLC d/b/a Ridgewood Valley Pediatric Dentistry (the "Practice"), by and through their undersigned counsel, brings this Complaint against defendants Shanalee Ackerman ("Ackerman") and Ackerman Practice Management, LLC ("APM"), as follows:

## PRELIMINARY STATEMENT

1.      Dr. Gruenbaum is the owner of a local pediatric dental practice.  This action arises from defendants' fraud, breaches of contract, and other unlawful conduct perpetrated against plaintiffs in connection with a services contract (the "Agreement"), pursuant to which, *inter alia*, defendants agreed to provide management and consulting related services to plaintiffs.

2.      Specifically, pursuant to the Agreement and otherwise, defendants were required to provide expert guidance on a variety of issues including, without limitation, Practice finances and marketing, team structure, clinical protocols, business decisions and protocols, insurance billing and practices, and case acceptance systems.

3.      As alleged herein, Ackerman first procured the Agreement through fraud by misrepresenting her and APM's credentials and expertise to Dr. Gruenbaum, and then failed to provide the services required under the Agreement and breached their common law obligations owed to plaintiffs.

4.      Defendants' acts and omissions, as alleged herein, have, and continue to cause substantial financial harm to plaintiffs and give rise to the claims asserted herein for breach of contract, breach of fiduciary duty, fraud, conversion, and unjust enrichment, among others.

## PARTIES

5.     Dr. Gruenbaum is an adult individual with a business address of 385

S. Maple Avenue, #107, Glen Rock, New Jersey 07452.

6.     Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric

Dentistry is a New Jersey limited liability company with an address of 385 S. Maple

Avenue, #107, Glen Rock, New Jersey 07452.

7.     Ackerman is an adult individual with an address at 1775 York Avenue,

#32A, New York, New York 10128.

8.     Upon information and belief, Ackerman also has an address of 104

West Oak Highway, Westminster, Fl 29697.

9.     APM is a Florida corporation with a registered address of 13867

Jeremiah Road, Jacksonville, FL 32224.

10.    At all times material hereto, Ackerman has been a shareholder, officer,

director, principal, and agent of APM.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to

N.J. Const. Art. VI § III.

12.    This Court has personal jurisdiction over all of the parties, as each

party resides in, conducts business in or has its principal place of business in New

Jersey, and the actions described herein occurred in New Jersey.

13.    Venue is appropriate in this Court pursuant to NJ Court Rules 4:3-

1(a)(5) and 4:3-2(a).

## FACTS

### Background

14.     Dr. Gruenbaum grew up in Teaneck, New Jersey and earned her D.D.S. from Columbia University College of Dental Medicine.

15.     Dr. Gruenbaum completed a general practice residency at Montefiore Medical Center in Bronx, New York.

16.     Dr. Gruenbaum did her post-graduate training in pediatric dentistry at Maimonides Medical Center in Brooklyn, New York, where she served as chief resident during her second year.

17.     Dr. Gruenbaum is a member of the AAPD and is board certified by the American Board of Pediatric Dentistry.

18.     Dr. Gruenbaum is the owner of the Practice, which provides comprehensive dental care to children from infancy through their teenage years.

19.     Dr. Tamar Gruenbaum, DDS, owns dental practice Tamar Gruenbaum DDS, LLC, d/b/a Ridgewood Valley Pediatric Dentistry.

20.     Ackerman holds herself out as an expert business consultant in the healthcare arena.

21.     Ackerman is believed to be the Founder and CEO of APM.

22.     In 2017, plaintiffs retained defendants to provide management and consulting related services.

23.     As part of plaintiffs' retention of defendants' services, the parties

entered into a services contract—i.e., the Agreement.[1]

<div align="center"><u>Defendants' Fraud and Unlawful Conduct</u></div>

24.     Plaintiff retained defendants based upon Ackerman's representations touting her skills, acumen, credentials, qualifications, and abilities as an expert business consultant in the healthcare arena.

25.     Ackerman also misrepresented the credentials, qualifications, and abilities of APM.

26.     Ackerman represented that APM was a successful ongoing business when, in reality, it was not even registered as an active company with the State of New York during her engagement with the Practice.

27.     Ackerman misrepresented to Dr. Gruenbaum her successes improving dental practices like Dr. Gruenbaum's practice.

28.     The Agreement required defendants to provide services to plaintiffs in exchange for compensation.

29.     Among other things, pursuant to the Agreement, defendants were required to, *inter alia*, provide plaintiffs with expert guidance on a variety of issues, including finances and marketing, team structure, clinical protocols, business decisions and protocols, insurance billing and practices, and case acceptance systems.

---

[1] Despite diligent inquiry, plaintiffs are not presently in possession of an executed copy of the Agreement.  By letter dated May 13, 2021, plaintiffs made demand upon defendants for a copy of the same.  As of the filing of this Complaint, defendants have not responded to plaintiffs' letter or demand for the Agreement.

<div align="center">5</div>

30.     Defendants, however, failed to provide the services required under the Agreement and to act in accordance with their common law obligations to plaintiffs.

31.     Ackerman exceeded the scope of her engagement by botching the Practice's insurance participation and insurance billing protocols.

32.     Ackerman indicated in insurance billing entries, and instructed others to also indicate, that the Practice was in-network with Delta Dental PPO.

33.     Ackerman retroactively modified numerous insurance billing entries dated between February 2018 and March 2018 to reflect Delta Dental PPO coverage.

34.     Ackerman knew, should have known, or recklessly ignored that the Practice's contract was with Delta Dental's Premier coverage only—not PPO.

35.     Ackerman also incorrectly entered Aetna insurance billing codes.

36.     Realizing her mistake and attempting to cover it up, Ackerman gained access to the Practice's billing software without authorization and deleted the entire archive.

37.     As a result of her insurance and billing related indiscretions, Ackerman caused the practice to incur substantial monetary losses.

38.     Ackerman was required to collaborate with Dr. Gruenbaum and guide her in decision-making pertaining to the Practice.  However, Ackerman failed to do so.

39.     Instead, Ackerman took actions that were beyond the scope of the Agreement and/or without Dr. Gruenbaum's authorization.

6

40.     Ackerman duped Dr. Gruenbaum into changing the Practice's third-party vendors to those of her recommendation claiming that the Practice would gain additional value by switching to her recommended vendors.

41.     Based on Ackerman's recommendations and false representations, Dr. Gruenbaum agreed to change vendors for accounting and tax services, technology services, and insurance negotiation services.

42.     Ackerman recommended these vendors despite having knowledge of their incompetence.

43.     Ackerman recommended these vendors for the purposes of her own financial benefit.

44.     One of the most egregious examples being Ackerman's recommendation of an accounting firm, Levine & Associates LLC, whose services were deficient and have resulted in IRS scrutiny and in connection with which plaintiffs have suffered financial losses, fees, costs, expenses, and penalties.

45.     Ackerman was required to engage in an appropriate level of interaction with Practice staff for training and team building purposes.  Ackerman entirely failed to interact with them appropriately.

46.     During onsite visits, Ackerman did not make herself available to Practice staff and instead did work for and took phone calls from other clients.

47.     Ackerman also harassed and abused staff, exposing the Practice to employment related claims.

48.     Ackerman exaggerated her position of authority in the Practice to third parties.  This included representing herself as "Practice Manager".

49.     Ackerman illicitly gained access to confidential information of the Practice.

50.     She established herself as a provider in the Practice's insurance billing system, obtained access to business and personal credit cards and bank accounts, and obtained keys to the office and to the security camera system.  Ackerman had no authority to undertake any such action.

51.     Ackerman failed to appropriately monitor billing and to timely collect outstanding balances.

52.     When Ackerman did set out to collect outstanding balances, her conduct was aggressive and off-putting, causing significant patient attrition.

53.     Ackerman caused Dr. Gruenbaum to sign up for the review system "BirdEye" which Dr. Gruenbaum paid for only to subsequently learn that the Practice had never actually been signed up by Ackerman and instead she had been paying for the service for one of Ackerman's other clients.

54.     Because of defendants' actions, the Practice's performance declined substantially, revenues decreased, overheard and other costs increased, and plaintiffs incurred unnecessary financial losses.

55.     Defendants failed to enhance the Practice's business and did nothing to help market the Practice.

8

56.     As a result of defendants' acts and omissions, plaintiffs have suffered emotional distress and substantial monetary harm, including lost profits, loss of goodwill, and out-of-pocket expenses, fees, and costs.

57.     Defendants have been unjustly enriched, having received not less than approximately $70,000 in connection with the Agreement.

## COUNT I
## BREACH OF CONTRACT

58.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

59.     Plaintiffs and defendants are parties to a valid and enforceable contract, i.e., the Agreement.

60.     Plaintiffs have performed under the Agreement.

61.     By doing the things alleged herein, defendants have materially breached his Agreement.

62.     As a direct, proximate, and foreseeable result of defendants' breaches of contract, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT II
## BREACH OF GOOD FAITH AND FAIR DEALING

63.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

64.     By doing the things alleged herein, defendants have breached the duty of good faith and fair dealing owed to plaintiffs.

65.     As a direct, proximate, and foreseeable result of defendants' breaches of good faith and fair dealing, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT III
## BREACH OF FIDUCIARY DUTY

66.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

67.     Under New Jersey law, a fiduciary relationship exists when one party is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.

68.     By virtue of the parties' relationship, defendants owed fiduciary duties to the plaintiffs.

69.     By doing the things alleged herein, defendants have breached their fiduciary duties of care and loyalty to plaintiffs.

70.     As a direct, proximate, and foreseeable result of defendants' breaches of fiduciary duty, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT IV
## CONVERSION

71.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

72.     By doing the things alleged herein, defendants converted the time, money, resources, and other assets of the plaintiffs without privilege or authorization and for their own improper purposes.

73.     As a direct, proximate, and foreseeable result of defendants' conversion, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT V
## UNJUST ENRICHMENT

74.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

75.     Defendants have and continue to benefit from their receipt of the benefits and other compensation paid to them by the plaintiffs.

76.     Defendants' retention of said benefits constitutes unjust enrichment.

77.     Accordingly, the Court should require defendants to return the benefits bestowed upon them by the plaintiffs to the plaintiffs.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## COUNT VI
## FRAUD/FRAUDULENT CONCEALMENT

78.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

79.     Defendants knowingly misrepresented the truth and/or concealed material facts to induce plaintiffs to act to their detriment.

80.     As alleged herein, defendants misrepresented to Dr. Gruenbaum that Ackerman was a qualified, experienced, competent, and diligent professional.

81.     Reasonably relying on these misrepresentations, plaintiffs retained defendants' services.

82.     Reasonably relying on these misrepresentations, plaintiffs retained entered into the Agreement.

83.     Additionally, defendants knowingly and intentionally concealed their misconduct from plaintiffs for purposes of preventing them from uncovering the truth of the same and continuing to reap the benefits that plaintiffs bestowed upon them.

84.     As a direct, proximate, and foreseeable result of defendants' fraud and fraudulent concealment, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

12

## COUNT VII
## NEGLIGENCE

85.     Plaintiffs hereby incorporate by reference herein all of the foregoing allegations of the Complaint.

86.     Defendants owed plaintiffs a duty of care as an alleged healthcare consultant.

87.     By doing the things alleged herein, defendants breached their duty of care, acted negligently, and otherwise deviated from the acceptable professional standards attendant to an alleged healthcare consultant.

88.     As a direct, proximate, and foreseeable result of defendants' negligence, plaintiffs have suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

WHEREFORE, plaintiffs pray for relief as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants as follows:

(i)     compensatory and consequential damages in an amount to be determined at trial, against defendants, individually and/or jointly and severally as appropriate;

(ii)    punitive damages;

(iii)   reasonable attorney's fees and costs;

(iv)    pre- and post-judgment interest at the highest legal rate; and

13

(v)     for such other and further relief as the Court may deem equitable, just, and proper, including the award of costs and expenses incurred by plaintiffs in this action.

## <u>JURY DEMAND</u>

Plaintiffs demand trial by a jury of twelve on all of the triable issues of this Complaint, pursuant to NJ Court Rules 1:8-2(b) and 4:35-1(a).

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to NJ Court Rule 4:25-4, plaintiffs hereby designate Benjamin A. Garber, Esq. as trial counsel in this matter.

14

## CERTIFICATIONS

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding and no other Court action or arbitration proceeding is contemplated.  There is presently pending one other action, at Docket No. C-154-19, in which one or more of the parties to this action assert matters other than the matter in controversy herein.

Other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit.  I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Respectfully submitted,

Dated: June 14, 2021

**BRAVERMAN KASKEY GARBER PC**

BY:  */s/ Benjamin A. Garber*
BENJAMIN A. GARBER, ESQUIRE
One Liberty Place- 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

15

| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
|---|---|
| *Plaintiffs*, | Docket No. BER-L -003840-2021 |
| v. | CIVIL ACTION |
| JOSH LEVINE, CPA; JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES; and EHCM LLC, | |
| *Defendants.* | |

## ORDER

AND NOW, this ____ day of _____, 2021, upon consideration of the Motion to Vacate Judgment Default and Other Relief and the response in opposition thereto, it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

_____

_____, J.

BRAVERMAN KASKEY GARBER PC
BENJAMIN A. GARBER, ESQ.
I.D. No. 011382009
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                   *Attorneys for Plaintiffs*

| | |
|---|---|
| TAMAR GRUENBAUM; and TAMAR GRUENBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, | SUPERIOR COURT OF NEW JERSEY, LAW DIVISION BERGEN COUNTY |
| *Plaintiffs*, | Docket No. <u>BER-L-003840-21</u> |
| v. | |
| JOSH LEVINE, CPA and JOSH LEVINE CPA P.C. d/b/a LEVINE & ASSOCIATES, and EHCM LLC, | |
| *Defendants*. | |

### <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on the date below, a true and correct copy of the

foregoing Memorandum of Law by Plaintiffs in Response to Defendants' Motion To

Vacate Default and Other Relief was electronically filed and served via the Court's ,

electronic filing system upon the following:

<div align="center">

Baruch S. Gottesman, Esquire
185-12 Union Turnpike
Fresh Meadows, New York 11366
bg@gottesmanlegal.com
*Attorneys for Defendants*

</div>

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Dated: September 15, 2021

**BRAVERMAN KASKEY GARBER PC**

BY: _/s/ Benjamin A. Garber_

BENJAMIN A. GARBER, ESQUIRE
One Liberty Place· 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
*Attorneys for Plaintiffs*

2

| | |
|---|---|
| **TAMAR GRUENBAUM**; and **TAMAR GRUENBAUM DDS, LLC**, *doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY**,<br><br>Plaintiffs,<br><br>~ *versus* ~<br><br>**JOSH LEVINE, CPA**; and **JOSH LEVINE CPA P.C.** *doing business as* **LEVINE & ASSOCIATES**; and **EHCM LLC**,<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY**<br><br>Docket No. BER-L -003840-2021<br><br>**CIVIL ACTION**<br><br>**[PROPOSED] ORDER** |

THIS MATTER having been opened to the Court by the Baruch S. Gottesman, Esq., of the Law Offices of Baruch Gottesman, Esq., counsel for the Defendants **JOSH LEVINE, CPA, JOSH LEVINE CPA P.C.** *doing business as* **LEVINE & ASSOCIATES** and **EHCM LLC**, upon Notice of Motion for an Order to Vacate the Default, Restore the Case to the Active Trial Calendar, and to Consolidate this Action with <u>Gruenbaum, et al. v. Ackerman</u>, et al., Docket No. BER-L-003841-21;

THEREFORE, it is on this 8 th day of October, 2021, that

IT IS NOW ORDERED pursuant to New Jersey Court Rules 4:43-2 and 4:50 and other relevant provisions of New Jersey law, that any default that has been entered against the Defendants JOSH LEVINE, CPA, JOSH LEVINE CPA P.C. *doing business as* LEVINE & ASSOCIATES and EHCM LLC, in this matter is hereby vacated; and the

within matter is hereby restored to the Active Trial Calendar, with an appearance on behalf of the Defendants is hereby entered by Baruch S. Gottesman, Esq.

        **AND IT IS NOW FURTHER ORDERED** pursuant to New Jersey Court Rule 4:38-1 and other relevant provisions of New Jersey law, and for good cause shown, that this matter is consolidated with the matter of <u>Gruenbaum, et al. v. Ackerman, et al.,</u> Docket No. BER-L-003841-21; and that the Levine and Ackerman actions shall proceed on Track II under the following the Docket No. BER-L-004840-21 matter under the following amended caption:

| | |
|---|---|
| **TAMAR GRUENBAUM**; and <br> **TAMAR GRUENBAUM DDS, LLC**, <br> *doing business as* **RIDGEWOOD VALLEY PEDIATRIC DENTISTRY**, <br><br>            Plaintiffs, <br><br>     ~ *versus* ~ <br><br> **SHANALEE ACKERMAN**; <br> **ACKERMAN PRACTICE MANAGEMENT, LLC**; **JOSH LEVINE, CPA**; and <br> **JOSH LEVINE CPA P.C.** *doing business as* **LEVINE & ASSOCIATES**; and **EHCM LLC**, <br><br>          Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY** <br><br> Docket No. BER-L -003840-2021 <br><br><br>         **CIVIL ACTION** |

**IT IS NOW FURTHER ORDERED**, that _Defendant shall file an answer within twenty (20) days of this order_

IT IS NOW FURTHER ORDERED, that a copy of this Order be served via New Jersey e-Courts on all Parties within Seven (7) days of its entry.

ROBERT C. WILSON, J.S.C.

The Motion was

_____ Opposed

_____ Not Opposed