**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMAR GRUENBAUM and TAMAR GRUENDBAUM DDS, LLC, d/b/a RIDGEWOOD VALLEY PEDIATRIC DENTISTRY, <br><br> *Plaintiffs*, <br><br> v. <br><br> SHANALEE ACKERMAN, ACKERMAN PRACTICE MANAGEMENT, LLC, JOSH LEVINE, CPA, JOSH LEVIN CPA P.C. d/b/a LEVINE & ASSOCIATES and EHCM LLC, <br><br> *Defendants*. | Civil Action No. 21-18714 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Plaintiffs' motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c). D.E. 8. Also pending before the Court are Defendants' motions to transfer the case to the Southern District of New York or, in the alternative, to dismiss the action. D.E. 5, 7. The Court reviewed the submissions in support and in opposition of Plaintiffs' motion to remand,[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiffs' motion to remand is **GRANTED**, and Defendants' motions are **DENIED as moot**.

---

[1] Plaintiffs' brief in support of their motion to remand, D.E. 8-3 ("Br.") and Defendants' opposition brief, D.E. 11 ("Opp."). Additionally, Defendants' opposition brief references arguments set forth in their reply brief in further support of the motion to transfer or, in the alternative, to dismiss, D.E. 10, which the Court has also reviewed.

## I.     BACKGROUND[2]

Plaintiff Tamar Gruenbaum is the owner of a pediatric dental practice located in New Jersey.  Compl. ¶¶ 1, 5.  She currently resides in New York, as do her minor children.  Gruenbaum Decl. ¶¶ 5, 6.  Gruenbaum files her personal income tax returns in New York, considers New York her home, and intends to remain in New York.  *Id.* ¶¶ 7-9.  Plaintiff Tamar Gruenbaum DDS, LLC, d/b/a Ridgwood Valley Pediatric Dentistry ("Tamar Gruenbaum DDS") is a limited liability company with a New Jersey address.  Compl. ¶ 6.  Gruenbaum is the sole member of Tamar Gruenbaum DDS.  Gruenbaum Decl. ¶ 2.

Defendant Shanalee Ackerman is a resident of New York.  Compl. ¶ 7; *see also* D.E. 8-6.  Ackerman is a member of Ackerman Practice Management, LLC.  Notice ¶ 13.  Defendant Josh Levine is also a resident of New York.  *Id.* ¶ 15.  Levine is a member of EHCM, LLC.  *Id.* ¶¶ 19-20.  Defendant Josh Levine CPA P.C. is a corporation incorporated in New York with a principal place of business in New York.  *Id.* ¶ 17.

On June 14, 2021, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Bergen County bringing claims for breach of contract; breach of good faith and fair dealing; breach of fiduciary duty; conversion; unjust enrichment; fraud and fraudulent concealment; and negligence.  *See* Compl.  On October 15, 2021, Defendants removed the matter to this Court, arguing that the Court has diversity jurisdiction under 28 U.S.C. 1332(a)(1).  D.E. 1.  On October 19, 2021, Defendants Shanalee Ackerman and Ackerman Practice Management, LLC filed a motion to

---

[2] The factual background is taken from Plaintiffs' Complaint, D.E. 5-3 (Compl."). In ruling on a motion to remand, "the district court must assume as true all factual allegations of the complaint." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The Court also relies on the Notice of Removal, D.E. 1 ("Notice") and the Declaration of Tamar Gruenbaum, D.E. 8-5 ("Gruenbaum Decl."). *See Caggiano v. Prudential Ins. Co. of Am.*, Civ. No. 20-7979, 2021 WL 1050166, at *1 n.3 (D.N.J. Mar. 19, 2021) ("In deciding a [m]otion to [r]emand, a district court may rely on material outside of the complaint.").

transfer the case to the Southern District of New York or, in the alternative, to dismiss. D.E. 5. Shortly thereafter, Defendants Josh Levine, Josh Levine CPA P.C. d/b/a Levine & Associates, and EHCM LLC also filed a motion to transfer the case to the Southern District of New York or, in the alternative, to dismiss. D.E. 7. Plaintiff subsequently filed the present motion to remand. D.E. 8.

## II.     LEGAL STANDARD

Because Plaintiffs' motion to remand concerns the Court's subject matter jurisdiction, the Court must consider the motion to remand before Defendants' motions to transfer or, in the alternative, to dismiss. *See Newton v. S. Jersey Paper Prods. Co.*, Civ. No. 19-17289, 2020 WL 2059954, at *2 (D.N.J. Apr. 29, 2020) ("Though Defendant's motion to dismiss came earlier in time than Plaintiff's motion to remand, the Court is obligated to consider Plaintiff's motion to remand first."); *Christ Hosp. v. Loc. 1102 Health & Benefit Fund*, Civ. No. 11-5081, 2011 WL 5042062, at *2 (D.N.J. Oct. 24, 2011) ("As the motion to remand affects this Court's subject matter jurisdiction, the Court will treat this motion first.")

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Initially when a case is filed in state court, a defendant may remove any action over which the federal courts have jurisdiction. 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "A

district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). In short, any doubts regarding whether removal is proper should be resolved against federal jurisdiction.

To remove a case based on diversity jurisdiction, diversity between the parties must exist at the time the claim was filed and when removal is sought. *See Am. Dredging Co. v. Atl. Sea Con. Ltd.*, 637 F. Supp. 179, 181 (D.N.J. 1986). Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). "Citizenship is synonymous with domicile," which is an individual's "true, fixed and permanent home" and place where the individual "has the intention of returning." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (internal quotation omitted). "In determining an individual's domicile, a court considers several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *Id.* (internal quotation omitted). "Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *Id.* To determine the citizenship of a limited liability company, a court must look to its members because "a limited liability company is a citizen of all the states of its members." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). A corporation is deemed to be a citizen of both the state where it has its principal place of business and the state in which it is incorporated. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (holding that a corporation is "considered a citizen of its State of incorporation" and "a citizen of the State where

it has its principal place of business"); *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (holding the same).

### III. ANALYSIS

Here, Plaintiffs argue that complete diversity is lacking because all Plaintiffs and Defendants are citizens of New York. Br. at 4-6. The Court agrees. Plaintiffs represent that Gruenbaum and her minor children reside in New York, that Gruenbaum files her income tax returns in New York, that she considers New York her home, and that she intends to remain there. Br. at 4; Gruenbaum Decl. These factors all weigh in favor of finding that Gruenbaum is a citizen of New York. *See McCann*, 458 F.3d at 286. Defendants express doubt that Gruenbaum is domiciled in New York, pointing to Plaintiffs' choice to file suit in New Jersey and the fact that Gruenbaum's dental practice is located in New Jersey. Opp. at 7-8. Defendants also posit that Gruenbaum "is currently going through or has recently gone through a divorce and changes in residence are common." *Id.* at 8. Though an individual's place of business is one factor to be considered in determining citizenship, the fact that Gruenbaum's dental practice is located in New Jersey is insufficient to meet Defendants' burden of establishing that diversity jurisdiction exists. Nor do Defendants' speculations as to Plaintiffs' choice to file suit in New Jersey and Gruenbuam's recent divorce demonstrate that Gruenbaum is not a citizen of New York. The Court therefore finds that Gruenbaum is a citizen of New York for purposes of diversity jurisdiction. Because Gruenbaum is a member of Tamar Gruenbaum DDS, and "a limited liability company is a citizen of all the states of its members," *GBForefront, L.P.*, 888 F.3d at 34, Tamar Gruenbaum DDS is likewise a citizen of New York.

The Court also finds that Defendants are all citizens of New York. The parties do not dispute that Josh Levine resides in New York. Br. at 5; Notice ¶ 15. Because Levine is a member

of EHCM, LLC, that entity is also a citizen of New York. Br. at 5; D.E. 8-8. Additionally, because Josh Levine CPA P.C. is a corporation incorporated in New York with a principal place of business in New York, it too is a citizen of New York for purposes of diversity jurisdiction. Br. at 5; Notice ¶ 17. However, the parties dispute whether Shanalee Ackerman is a citizen of New York. In arguing that Ackerman is domiciled in New York, Plaintiffs point to documents filed by Ackerman in state court certifying that she has a New York address. Br. at 5; D.E. 8-6. Defendants contend that Ackerman maintains an address in New York but does not live there. Opp. at 8. However, Defendants point to no other evidence indicating that Ackerman is not domiciled in New York. Defendants again fail to meet their burden to establish that the Court can exercise federal jurisdiction over the current matter. Even if the Court were to find that Ackerman is not a citizen of New York, the result would be the same. Diversity jurisdiction requires complete diversity between the plaintiffs and the defendants. *See* 28 U.S.C. § 1332(a); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Because Levine; EHCM, LLC; and Josh Levine CPA P.C. are all citizens of New York, there is not complete diversity regardless of Ackerman's citizenship.

In sum, the parties in this matter are not completely diverse; thus, the Court does not have subject matter jurisdiction. Because the Court finds that remand is proper on the basis that diversity jurisdiction is lacking, it does not reach the issue of whether removal was timely.

### IV.   CONCLUSION

For the reasons stated above, and for good cause shown, Plaintiffs' motion to remand (D.E. 8) is **GRANTED**, and Defendants' motions to transfer or, in the alternative, to dismiss (D.E. 5, 7) are **DENIED as moot**. Therefore, this matter is remanded to the Superior Court of New Jersey, Bergen County, Law Division. An appropriate Order accompanies this Opinion.

Dated: March 24, 2022

John Michael Vazquez, U.S.D.J.